# **Exhibit E**

**Lefkowitz Affirmation**

FILED: NEW YORK COUNTY CLERK 12/23/2013
NYSCEF DOC. NO. 10

14-12057-scc    Doc 15-5    Filed 09/04/14    Entered 09/04/14 16:07:03    Exhibit E -
                Lefkowitz Affirmation    Pg 2 of 9

INDEX NO. 652844/2013
RECEIVED NYSCEF: 12/23/2013

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

MONTY ONE, LLC,

                      Plaintiff,

- against -

D.A.B GROUP, LLC and 77-79 RIVINGTON REALTY, LLC,
                      Defendant.

Index No.: 652844/2013

**AFFIRMATION IN SUPPORT**

JON ARI LEFKOWITZ, an attorney duly licensed in the State of New York, under penalty of perjury affirms and says:

1. I am the attorney for Defendants D.A.B GROUP, LLC and 77-79 RIVINGTON REALTY, LLC, and I make this affirmation in support of the instant order to show cause seeking omnibus relief.

### BACKGROUND

2. The Agreement of Purchase and Sale contract ("Agreement") on which this action centers was entered into by the parties on May 9, 2013. See Agreement attached as **EXHIBIT "A."** The pleadings are annexed hereto as **EXHIBIT "B."**

3. In relevant part, the Agreement specifies in paragraph 4 (d)(iv) that in the event that the "Seller has not delivered to Purchaser a subordination, non-disturbance and attornment agreement," then "Purchaser may terminate this Agreement, for any reason or no reason, by notice to Seller given on or before 5:00 p.m. on the Due Diligence Expiration Date." The Due Diligence expiration date was August 6, 2013, 90 days from the execution of the contract.

4. On August 2, 2013, Plaintiff's attorneys sent a letter ("Letter") to Defendants asking for an extension of the Due Diligence Expiration Date. See Letter attached as **EXHIBIT "C."**

5. The Letter further states that if this letter is not acknowledged by Defendants' signature, and delivered to the attorneys before 5:00 p.m. on August 5, 2013, the Agreement is terminated. No such acknowledgement was sent by Defendants or any of his agents. Pursuant to the Agreement and the Letter written by plaintiff itself, the Agreement was therefore terminated as of 4:59 p.m. on August 5, 2013. Plaintiff even admits this in paragraph 25 of its Verified Complaint.

**PURSUANT TO CPLR § 3211 DISMISSING THE CAUSE OF ACTION AGAINST THE DEFENDANTS**

6. Pursuant to CPLR § 3212 (, the present action against the Defendants must be dismissed in its entirety.

7. The documentary evidence is clear that the Agreement was terminated, and as such, Plaintiff is not accorded any rights to the subject property, including the right to purchase real property, pursuant to CPLR § 3211(a)(1). The cause of action must also be dismissed for failure of Plaintiff's pleadings to state a cause of action for which relief can be granted, pursuant to CPLR § 3211(a)(7).

8. When a motion to dismiss is made pursuant to CPLR § 3211(a)(7), as a general rule we assume the truthfulness of the factual allegations of the pleading and determine simply whether the allegations make out any cognizable cause of action. See Matter of Law Barbera v. Town of Woodstock, 29 A.D.3d 1054 (3d Dept 2006). However, when such a motion is supported by evidence extrinsic to the petition/complaint, the inquiry becomes whether the plaintiff indeed has a cause of action, not simply whether he or she has stated

one in the complaint, and the plaintiff no longer can rely only on the unsupported factual allegations of the pleading, but must submit evidence demonstrating the existence of a cause of action. Id.; see also Hotel Capital, LLC v. Wells Fargo Bank, 35 Misc. 3d 1218A (Sup. Kings County 2012).

9. As is clear from Exhibit C, the Agreement was terminated, and terminated *by Plaintiff*. As such, Plaintiff has no right to specific performance or action for breach of contract. Plaintiff is not entitled to conduct any due diligence on the subject premises, because no such sale will take place, due to *Plaintiff's* termination of the Agreement.

## THE NOTICE OF PENDENCY MUST BE CANCELLED.

10. CPLR § 6501 provides, in pertinent part, that "[a] notice of pendency may be filed in any action in a Court of this State or of the United States in which the judgment demanded would affect the **title to, or the possession, use or enjoyment of, real property**, except in a summary proceeding brought to recover the possession of real property (emphasis added). Plaintiff has not stated any claim to an interest in defendant's property, nor can it state such a claim, as Plaintiff itself is the one who terminated the Agreement.

11. Plaintiff's notice of pendency is an improper attempt to cloud title to defendants' real property. Plaintiff's Complaint seeks specific performance of the production of Due Diligence Materials to Plaintiff. This is not the same thing as a claim to any right, title, or interest in the property.

12. In fact, Plaintiff does not make any claim to **title** of Defendants' real property. Plaintiff does not make any claim to **possession** of defendants' real property. Plaintiff does not make any claim to **use or enjoyment** of defendants' real property. Therefore, Plaintiff has no right to any notice of pendency.

13. Having itself terminated the Agreement to purchase the subject property, Plaintiff is no longer entitled to a *lis pendens* on the property since it *voluntarily* relinquished its interest in that property. See <u>5303 Realty Corp. v. O&Y Equity Corp.</u>, 64 N.Y.S.2d 313 (1984), and <u>Eisele v. Eisele</u>, 37 A.D.3d 376 (NY App Div 1st Dept 2007).

14. Courts have consistently held that to file a Notice of Pendency is an extraordinary privilege and that the statute conferring this privilege, CPRL § 6501, should be strictly and narrowly construed. As the Court of Appeals recognized in <u>5303 Realty Copy. v. O & Y Equity Corp.</u>, 64 N.Y.2d 313, 315-16, 486 N.Y.S.2d 877, 879 (1984):

    A notice of pendency can be a potent shield to protect litigants claiming an interest in real property. The powerful impact that this device has on the alienability of property, when conjoined with the facility with which it may be obtained, calls for its narrow application to **only those lawsuits directly affecting title to, or the possession, use or enjoyment of, real property.** (Emphasis added). See also, <u>Israelson v. Bradley</u>, 308 N.Y. 511, 516 (1995); <u>Chambi v. Navarro, Vives & Cia, Ltd.</u>, 95 A.D.2d 667, 646 N.Y.S.2d 218 (1st Dep't 1983). Moreover, the Court in <u>5305 Realty</u> defined the purpose of a Notice of Pendency as protecting some right, title or interest claimed by a plaintiff in the lands of a defendant which might be lost...in the event of a transfer of the subject property..." <u>5303 Realty, supra</u> 64 N.Y.2d at 322. It is clear that, in this action, Plaintiff have claimed no right, title, or interest in defendants' real property.

15. A *lis pendens* may not be filed where no claim is made in the complaint against the defendants' real property. <u>Starkie v. Nib Const. Corp., 235 App.Div., 699, 255 N.Y.S. 401</u>. An action based upon a personal obligation, unrelated to the real property described in the complaint, does not justify the filing of a notice of pendency. <u>Mt. Vernon Co. Silversmiths, Inc., v. Mt. Vernon Metal Products Co., Inc., 202 App.Div., 753, 195 N.Y.S. 21</u>.

16. In the present action the Plaintiff does not have a claim to warrant a *lis pendens*, nor does Plaintiff have any judgment against Defendants. No claim is made against the

Defendants' real property.  Perhaps because plaintiff is aware of this, plaintiff has HINTED at what can only be described as a metaphysical possibility of a right to purchase the property. In both paragraph 34 and 44(iii) (*ad damnum* clause) of the verified complaint, plaintiff reveals that it seeks that, "the PSA is reinstated, including all of plaintiffs rights and defendants' obligations thereunder, and the due diligence period and Exclusive period are both **reset** for a period of 60 business days … such that plaintiff be afforded the opportunity to exercise all of its rights under the PSA, including its right to purchase the real property…" (emphasis added).  A complaint seeking an order that defendants specifically perform an agreement other than to convey real property is not a basis for a notice of pendency. See <u>Zanfardino v. Newberg</u>, 145 N.Y.S.2d 15, 17 (1955).

17. But a demand to "reset" the contract and create NEW obligations is not the same thing as a demand for title to, or the possession, use or enjoyment of, real property. Moreover, it is an acknowledgment that the contract is no longer in effect, inasmuch as it has been terminated by plaintiff. The plaintiff is asking for reinstatement of the contract; but right now, the contract is terminated. Therefore, plaintiff cannot claim that there is any <u>**extant**</u> contract whose terms defendant must "specifically perform."  It thus follows that the claim in the Notice of Pendency (**EXHIBIT "D"**) that the plaintiff seeks a "judgment directing that the defendants specifically perform their obligations under a contract of sale" is a reference to a contract that has already been terminated, and terminated by plaintiff. A terminated contract is, of course, of no force or effect, and cannot be a basis for a lawsuit or a notice of pendency. Since plaintiff has no claim against defendants, it can have no notice of pendency either, <u>Sorenson v 257/117 Realty, LLC</u>, 62 A.D.3d 618; 881 N.Y.S.2d 43 (1st Dep't 2009).

18. In entertaining a motion to cancel a Notice of Pendency, the Court is essentially limited to a review of the pleadings, to ascertain whether the action falls within the ambit of CPLR § 6501. Shibab v. 215-217 West 108th Street Assoc., 506 N.Y.S.2d 651 (Civil Court, New York County 1986); Interboro Operating Corp. v. Commonwealth Security & Mortgage Corp., 269 N.Y. 56 (1935).

19. Since the Complaint and *lis pendens* are completely devoid of any claim to the title, use, possession, or enjoyment of the property of defendants, there is no basis for the Notice of Pendency, and it must therefore be vacated. When an action, such as this one, does not have a direct bearing on title to or use and occupancy or possession of the defendants' property, the Notice of Pendency must be canceled. 5303 Realty Corp. v. O & Y Equity Corp., supra (application of CPLR §6501 is restricted to cases where relief requested directly affects title to or possession of real property); Village Park Associates v. City of New York, 156 A.D.2d 446, 548 N.Y.S.2d 563 (2d Dep't. 1989).

### LEAVE TO FILE A COUNTERCLAIM AGAINST THE PLAINTIFF

20. If the case is not dismissed, Defendants request leave to amend the answer by adding an affirmative defense and a counterclaim in the form annexed hereto.

21. Pursuant to CPLR § 3025(b) "[a] party may amend his or her pleading, or supplement it by setting forth additional or subsequent transactions or occurrences, at any time by leave of court . . . Leave shall be freely given upon such terms as may be just."

22. Defendants seek to amend their Answer to reflect the counterclaim of tortious interference with business relations and abuse of process.

23. Under New York law such a claim may be asserted based upon the following four conditions:

    i.    the defendants had business relations with a third party;

    ii.    the plaintiff interfered with those business relations;

    iii.    the plaintiffs acted for a wrongful purpose or used dishonest, unfair, or improper means; and

    iv.    the plaintiffs injured the relationship. Lombard v. Booz-Allen & Hamilton, Inc., 280 F.3d 209, 214 (2d Cir.2002); see also Goldhirsh Group, Inc. v. Alpert, 107 F.3d 105, 108-09 (2d Cir.1997).

24. Plaintiffs' improper attachment of the notice of pendency on the premises interfered with business relations the Defendants have with a third party, and the defendants' plan to sell the premises to a third party. Defendants were injured to the extent that the property remains unsold, and is a drain ON DEFENDANTS because defendants are being on foreclosed and the lenders are charging interest which increases every day. Without clean title, Defendants are not able to sell their property, make any profit, or even pay off their loans.

25. A claim for abuse of process has three essential elements:

    i.    regularly issued process, either civil or criminal;

    ii.    an intent to do harm without excuse or justification; and

    iii.    use of the process in a perverted manner to obtain a collateral objective (Board of Educ. v Farmingdale Classroom Teachers Assn., 38 NY2d 397 [1975]).

26. Here the Plaintiff did not have a claim to any right, title or interest in the property but nonetheless improperly used the regularly issued process of a complaint plus a notice of attachment to obtain the objective of clouding title to the Defendants' real property. There is no excuse or justification for this action, which contradicts Plaintiff's own

*choice* to terminate the Agreement with the Defendants, except to do harm to the Defendants. The perverted objective is, upon information and belief, to force defendants to lower the purchase price from that which was agreed in the contract.

27. Due to the foregoing, Defendants should be allowed to assert these counterclaims against the Plaintiff.

28. No prior request for this relief has been made.

WHEREFORE, Defendants respectfully request that the court grant the motion and dismiss the complaint and vacate the notice of pendency, or in the alternative, vacate the notice of pendency, and allow defendant to amend the answer by adding the counterclaim.

Dated: December 19, 2013
Brooklyn, NY                                    Jon Ari Lefkowitz, Esq.