UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                                                                    Chapter 11

D.A.B. GROUP LLC,                                                          Case No. 14-12057 (SCC)

                                        Debtor.
-----------------------------------------------------------x

## ORDER (A) APPROVING (i) BIDDING PROCEDURES (ii) THE TIME, DATE PLACE AND FORM OF NOTICE FOR THE AUCTION AND SALE HEARING, AND (iii) BREAK-UP FEE AND (B) ESTABLISHING THE DATE AND TIME FOR A SALE HEARING WITH RESPECT TO THE DEBTOR'S REAL PROPERTY AND RELATED ASSETS

Upon the motion of D.A.B. Group LLC, (the "Bidding Procedures Motion") dated December 8, 2014, as debtor and debtor in possession herein, for entry of an order pursuant to §§105 and 363 and 365 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002(a)(2) and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") (i) approving the proposed bidding procedures as annexed hereto as Exhibit "A" (the "Bidding Procedures") to be used in connection with the proposed sale (the "Sale") of the Debtor's real property at 139-141 Orchard Street, New York, New York and related assets (collectively, the "Assets") to Arcade Orchard Street LLC ("Arcade") or to any competing bidder or bidders (the "Successful Bidder(s)") that submits or collectively submit a higher or better offer or offers for the Assets, (ii) approving payment of a Break-Up Fee of $990,000 (iii) scheduling an auction (the "Auction") for the Assets and a hearing thereon (the "Sale Hearing") to consider approval of the Sale, and (iv) approving the form and manner of notice of the Auction and the Sale Hearing; and this Court having reviewed the Bidding Procedures Motion;  and this Court having held a hearing on the Bidding Procedures Motion on December 17, 2014 (the "Procedures Hearing"); and no objections having been heard; and, based on the Bidding Procedures Motion and the

record of the Procedures Hearing, it now appearing that the relief requested in the Bidding Procedures Motion is in the best interest of the Debtor, its estate, and all parties in interest; and after due deliberation thereon and good cause appearing therefor, it is hereby[1]:

### FOUND AND DETERMINED THAT:[2]

A.  This Court has jurisdiction over the Bidding Procedures Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334.  Consideration of the Bidding Procedures Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B.  Good and sufficient notice of the relief sought in the Bidding Procedures Motion has been given in compliance with the December 9, 2014 Order Shortening Notice of Hearing (ECF #68), and no further notice is required.  A reasonable opportunity to object or be heard regarding the relief requested in the Bidding Procedures Motion has been afforded to all interested persons and entities, including (i) all creditors of the Debtor and parties which have filed liens, mortgages and Notices of Pendency; (ii) all parties who are known to have liens on or other interests in the Assets;  (iii) the Internal Revenue Service;  (iv) New York City Department of Finance, and (v) New York State Department of Taxation; (vi) the Office of the U.S. Trustee;  and (vii) all other parties that requested service by filing notices of appearance in this Chapter 11 case ((i)-(vii) shall be collectively referred to herein as the "Notice Parties").

C.  The proposed notice of the Sale (including, without limitation, the sale of any Designated Contracts, if any, as referenced in the Asset Purchase Agreement and the

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Asset Purchase Agreement (defined herein).

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact, when appropriate.  See Fed. R. Bankr. P. 7052.

Bidding Procedures, as set forth in the Bidding Procedures Motion and the Asset Purchase Agreement, is good, appropriate, adequate, and sufficient, and is reasonably calculated to provide all interested parties with timely and proper notice of the Sale and the Bidding Procedures, and no other or further notice of the Sale of the Assets, the assumption and assignment of any Designated Contract, or the Bidding Procedures, as set forth herein and in the Bidding Procedures Motion, is required.

        D.      The Debtor has articulated good and sufficient reasons for this Court to grant the relief requested in the Bidding Procedures Motion, including this Court's (i) approval of the Bidding Procedures, attached hereto as Exhibit "A," (ii) approval of payment of the Break-Up Fee of $990,000 (as defined in the Asset Purchase Agreement and described below) and (iii) approval of the form and manner of service of the notice of the Auction, the Motion and Sale Hearing, attached hereto (the "Notice of Auction and Sale Hearing").

        E.      The Debtor has articulated good and sufficient reasons for, and the best interests of its estate will be served by, this Court scheduling a subsequent hearing to consider whether to grant approval of the proposed Sale in accordance with either (i) the APA by and between the Debtor and Arcade, attached to the Bidding Procedures Motion as Exhibit "B", as clarified on the record of the Procedures Hearing (together with all exhibits, schedules and agreements attached thereto, the "Purchase Agreement"), or (ii) such other agreement or agreements by and between the Debtor and the Successful Bidder or Successful Bidders, if Arcade is not the successful Bidder (the "Purchase Agreement"), free and clear of, among other things, all liens, claims, taxes, judgments, notices of pendency and non-permitted encumbrances and interests, (collectively, "Liens") (with the same to attach to the proceeds therefrom), other than the Permitted Exceptions, pursuant to section 363 of the Bankruptcy Code.

3

F.  The Break-Up Fee of $990,000 to be paid to Arcade under the circumstances as set forth in the Purchase Agreement is (i) an actual and necessary cost and expense of preserving the Debtor's estate, (ii) commensurate with the overall benefit conferred upon the Debtor's estate by Arcade, (iii) determined to be reasonable and appropriate in light of the size and nature of the proposed Sale and comparable transactions, the commitments that have been made, and the efforts that have been and will be expended by Arcade, and (iv) necessary to induce Arcade to continue to pursue the Sale and to continue to be bound by the Purchase Agreement in light of competitive bidding.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.  The Bidding Procedures Motion is GRANTED to the extent provided in this Order.

2.  No objections to entry of this Order or to the relief provided herein and requested in the Bidding Procedures Motion have been filed or received.

**The Bidding Procedures**

3.  The Bidding Procedures, as set forth in <u>Exhibit</u> "A" hereto and incorporated herein by reference as if fully set forth herein, are hereby approved in all respects and shall govern all bids and bid proceedings relating to the Assets. Notwithstanding the above, any party in interest may object at the Sale Hearing to the criteria used by the Debtor to select the highest or otherwise best offer for the Assets, and this Order shall not be construed as approving or disapproving of the criteria set forth in the Bidding Procedures.

4.  The deadline for submitting bids for the Assets (the "Bid Deadline") shall be January 30, 2015 at 12:00 noon, unless otherwise extended by Court Order. In the event the

4

Bid Deadline is extended, the Court shall establish new dates for: (i) the Auction; (ii) the Sale Hearing; and (iii) the deadline for objections to the Sale.

       5.      The Debtor is authorized to take any and all actions necessary or appropriate to implement the Bidding Procedures.

## The Auction

       6.      The Auction shall commence at 10:00 a.m. on February 4, 2015 at the offices of Goldberg Weprin Finkel Goldstein LLP, 1501 Broadway, 22nd Floor, New York, New York 10036, or such later time or other place as decided by the Debtor, and the Debtor shall notify all Qualified Bidders of such later time or place; *provided*, *however*, in the event that no Qualified Bids (other than that submitted by Arcade) are received by the Bid Deadline of at least $34,150,000, the Debtor shall not be required to conduct an Auction, and in such event the Debtor shall proceed with the approval of the Purchase Agreement.

       a)      The Debtor shall file a notice of the winning bid and the results of the Auction on the Court's docket by February 4, 2015 at 5:00 p.m. unless the Auction is still ongoing in which event the event the results shall be filed on February 5, 2015.

## Break-Up Fee

       7.      Payment of the Break-Up Fee in the amount of $990,000 payable at such times and under the circumstances set forth in and in accordance with the terms of the Purchase Agreement, is hereby approved. The Break-Up Fee shall be paid out of the proceeds of any sale of the Assets.

       8.      The terms of the Purchase Agreement shall govern (i) the terms and conditions under which Arcade is obligated to purchase the Property; and (ii) the Break-Up Fee.

9. Arcade shall not be entitled to the Break-Up Fee if the Sale closes with Arcade as the purchaser.

**Sale Hearing**

10. The Sale Hearing shall be held before the Honorable Shelley C. Chapman, United States Bankruptcy Judge, on February 10, 2015 at 2:00 p.m. at the United States Bankruptcy Court, Courtroom 623, One Bowling Green, New York, New York 10004, at which time this Court shall (i) consider approval of the Sale to Arcade or other Successful Bidder(s); (ii) consider the entry of a proposed sale order, in form and substance reasonably acceptable to the Debtor and Arcade or such other Successful Bidder (the "Sale Order"); (iii) consider any issues or objections that are timely interposed by any parties; and (iv) grant such other or further relief as this Court may deem just or proper.

11. Except as may be limited by the Purchase Agreement, the Sale Hearing may be adjourned by the Debtor, after consultation with Arcade or other Successful Bidder(s), as applicable, from time to time without further order of this Court, by filing a notice with this Court and serving such notice on all Qualified Bidders provided, however, that pursuant to the Purchase Agreement, the closing on the sale shall occur pursuant to a confirmed plan of reorganization within the time prescribed thereby.

**Notice**

12. The Notice of Auction and Sale Hearing substantially in the form attached hereto as Exhibit "B" is hereby approved as clarified on the record of the hearing.

13. Within seven (7) business days after the entry of this Order, the Debtor shall have caused a copy of the Bidding Procedures, the Notice of Auction and Sale Hearing, and this Order to be served upon the Notice Parties via first class mail. Notice of possible

assumption and assignment of executory contracts, if any, with corresponding cure amounts will also be served by the Debtor within seven (7) business days of entry of this Order on non-debtor counterparties to such executory contracts. All counterparties to such executory contracts shall file objections to the proposed cure amounts on or before February 6, 2015 at 5:00pm.

14. Within seven (7) business days after the entry of this Order, the Debtor shall have caused a copy of the Notice of Auction and Sale Hearing on all other known creditors and parties in interest.

15. The notice as set forth in the preceding paragraphs shall constitute good and sufficient notice of the Motion, the Auction and the Sale Hearing, and no other or further notice of the Motion, the Auction and the Sale Hearing shall be necessary or required.

**Objections to Sale of Assets**

16. Objections, if any, to the sale of the Assets pursuant to the Order and the Purchase Agreement shall be filed with this Court and served so as to be **received** no later than 5:00 p.m. prevailing Eastern Time on February 6, 2015 (the "Objection Deadline"), by: (i) Goldberg Weprin Finkel Goldstein LLP, attorneys for the Debtor and Debtor in Possession, 1501 Broadway, 22nd Floor, New York, New York 10036, Attention: Kevin J. Nash, Esq.; (ii) Halperin Battaglia Raicht, LLC, 40 Wall Street, 37th Floor, New York, New York 10005, Counsel to Arcade Attention: Alan Halperin, Esq.; (iii) the Office of the United States Trustee for the Southern District of New York, 201 Varick Street – Suite 1006, New York, New York 10014 Attention: Serene K. Nakano, Esq.; and (iv) all other parties that requested notice by filing notices of appearance in this Chapter 11 case. Only timely filed and served responses, objections, and other pleadings will be considered by this Court at the Sale Hearing.

7

17. The failure of any person or entity to timely file its objection to the proposed sale shall be a bar to the assertion, at the Sale Hearing or thereafter, of any objection to relief requested therein, or to the consummation of the Sale contemplated by the Purchase Agreement or agreement with the Successful Bidder(s), if any (including the transfer of the Assets free and clear of Liens).

### Additional Provisions

18. The Debtor is authorized and empowered to take such steps, incur and pay such costs and expenses, and do such things as may be reasonably necessary to fulfill the notice requirements established by this Order.

19. Nothing contained in this Order precludes any party in interest from objecting to the Sale in accordance with the objections procedures set forth herein and no party shall be deemed to have consented to the Sale by virtue of not having objected to the Bidding Procedures Motion.

20. This Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Order, including jurisdiction to allocate the consideration paid for some or all of the Assets to each individual asset, as necessary, to determine the proceeds to which a Lien attached.

DATED:   New York, New York
         December 18, 2014

                                    /S/ Shelley C. Chapman
                                    HONORABLE SHELLEY C. CHAPMAN
                                    UNITED STATES BANKRUPTCY JUDGE