UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                      Chapter 11

D.A.B. GROUP LLC,                                           Case No. 14-12057 (SCC)

                        Debtor.
------------------------------------------------------------x

### DECLARATION OF KEVIN J. NASH, ESQ. IN SUPPORT OF ORDER APPROVING THE SALE OF THE DEBTOR'S REAL PROPERTY AT 139-141 ORCHARD STREET, NEW YORK, NY AND RELATED ASSETS TO ARCADE ORCHARD STREET LLC

Kevin J. Nash, Esq. declares the following under penalties of perjury pursuant to 28 U.S.C. § 1746:

1.   I am a member of the firm of Goldberg Weprin Finkel Goldstein LLP attorneys for D.A.B. Group LLC (the "Debtor"). I submit this Declaration in support of the entry of an Order approving the sale of the Debtor's real property located at 139-141 Orchard Street, New York, NY [designated as Block 415, Lots 66 and 67] and related assets to Arcade Orchard Street LLC ("Arcade") for the sum of $33,000,000.

2.   Arcade, the stalking-horse bidder, was the only person or entity to submit a formal written bid for the property in accordance with the bidding procedures established by the Bankruptcy Court. Accordingly, the Debtor designated Arcade as the successful purchaser of the property on February 3, 2015, and the auction scheduled for February 4, 2015 was cancelled.

3.   The bidding procedures used by the Debtor were approved following motion dated December 8, 2014 (the "Sale Motion") (ECF #66). The motion was granted by an Amended Order dated December 18, 2014 (the "Bidding Procedures Order") (ECF #79), which, *inter alia*, (i) approved the stalking horse contract with Arcade to purchase the property for $33,000,000 pursuant to an agreement of sale annexed to the Sale Motion (the "Contract"), and

(ii) established bidding procedures, including scheduling a bid deadline of January 30, 2015 for the submission of higher and better offers, and scheduling an auction on February 4, 2015 (ECF #79).

4. The Debtor filed a Notice of Bidding Results (ECF #93) on February 3, 2015 indicating that no other bids were received, and designated Arcade as the high bidder for $33.0 million.

5. As set forth in the Declaration of James Nelson of Massey Knakal, the proposed sale was marketed both before and after the entry of the Bidding Procedures Order, with notice of the sale published twice in the *New York Times* and the *Wall Street Journal* prior to the deadline for submitting qualified bids.

6. In light of the foregoing, it is the Debtor's business judgment that the stalking horse bid of Arcade in the sum of $33.0 million is the highest and best, and should be approved.

7. The stalking horse contract was negotiated at arms-length by the parties' respective principals and counsel. I was personally involved in the drafting of the Contract. There are no agreements or promises involving the Debtor, its members and Arcade regarding the property not set forth in the Contract.

8. Under the terms of the Sale Motion, the property is to be sold free and clear of all liens, claims, taxes, notice of pendency, and all other non-permitted encumbrances, with the same attaching to the proceeds of the sale. In accordance with section 363(f) of the Bankruptcy Code, the Debtor may sell estate property "free and clear of any interest in such property of an entity other than the estate" if any one of the following conditions is satisfied:

> i. applicable nonbankruptcy law permits sale of such property free and clear of such interest;

      ii. such entity consents;
     iii. such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
     iv. such interest is in *bona fide* dispute; or
      v. such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

9. In this instance, the Debtor respectfully submits that it meets the requirements of Section 363(f). First, under the provisions of the Bidding Procedures Order, objections to the proposed sale were required to be filed and served no later than February 6, 2015, and no objections were timely submitted, so that all mortgage holders, mechanic's lien holders and parties which previously filed a lis pendis (Monty One LLC and 81-83 Rivington Corp.) should be deemed to have consented to the sale.

10. Second, the mortgage debt held by Orchard Hotel LLC is the subject of an objection relating to default interest and attorneys' fees (*See*, ECF #86). Moreover, certain other mechanic's liens will likely come under objection prior to confirmation.

11. While a hearing to approve the sale is scheduled on February 10, 2015, it is intended that the actual closing will occur after confirmation of the Debtor's amended Chapter 11 plan of reorganization so that the sale will qualify for a transfer tax exemption under 11 U.S.C. §1146(a), with an outside date of May 15, 2015.

12. Besides the publication notice referenced above, all creditors and parties in interest received a notice of the sale, together with a copy of the Bidding Procedures Order and the approved bidding procedures, by mail, as evidenced by the Affidavit of Service filed on December 22, 2014 (ECF #81).

WHEREFORE, for all of the reasons set forth herein, I respectfully request that the sale to Arcade be approved.

Dated: New York, New York
February 9, 2015

_____
Kevin J. Nash, Esq.

X:\GWFG\New Data\Yen\Word\DAB Group LLC - ZHABE.34146\Declaration In Support Of Entry Of Order Confirming Sale 02-09-15 (v2).Doc