UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

In re:

D.A.B. GROUP LLC,                           Chapter 11

    Debtor.                              Case No. 14-12057 (SCC)

---

### AFFIDAVIT OF WILLIAM OBEID IN SUPPORT OF DEBTOR'S MOTION FOR AN ORDER AUTHORIZING THE SALE OF THE DEBTOR'S ASSETS, FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES

**WILLIAM OBEID**, being duly sworn, deposes, declares and says the following under penalty of perjury, pursuant to 28 U.S. C. §1746:

1. I am the manager and owner of Arcade Orchard Street LLC ("Arcade"), the purchaser under the asset purchase agreement (the "Sale Agreement") with the Debtor filed with the Court on December 8, 2014. I am the businessperson who was involved in the negotiation of this transaction on behalf of Arcade, and all statements in this Affidavit are based upon my firsthand knowledge unless I specifically state otherwise.

2. Arcade is partnering with an affiliate of Western Heritable Investment Company (U.S.) Ltd. ("Western") to purchase the Debtor's assets. Arcade and Western jointly paid the Deposit under the Sale Agreement. Arcade and Western are hereinafter referred to collectively as the "Buyer".

3. The owners of the Buyer are financially able to and are prepared to pay the balance of the purchase price under the Sale Agreement in cash at Closing. However, the Buyer intends to close this transaction with bank mortgage financing.

4.      The Sale Agreement and the term sheet that preceded it were negotiated at arms' length between Arcade and the Debtor during the Debtor's Chapter 11 case. The negotiations concerning the Sale Agreement took place over the course of several weeks. At all times during the negotiations of the term sheet and the Sale Agreement, Arcade and the Debtor were represented by separate counsel.

5.      To the best of my knowledge, after due inquiry, there is no connection between the Debtor, on one hand, and any of Arcade or its owners, on the other. The sole relationship between the Debtor and Arcade is that of seller and buyer, respectively, under the Sale Agreement.

6.      After the bid deadline established by the Court passed, Arcade's counsel was notified by the Debtor's counsel that neither the Debtor nor its real estate broker, Massey Knakel, had received any bids for the Debtor's assets other than the bid of Arcade. That information was communicated to me by Arcade's counsel.

7.      Based on the foregoing, I respectfully submit that Arcade acted in good faith in connection with all facets of this proposed sale. I respectfully request on behalf of Arcade that the Court find that Arcade has acted in good faith within the meaning of Section 363(m) of the Bankruptcy Code and that Arcade is entitled to the protections of Sections 363(m) and 363(n) of the Bankruptcy Code. I understand that Arcade's counsel and the Debtor's counsel have negotiated a proposed form of order that includes those findings, and that the proposed order will be submitted to the Court for consideration by Debtor's counsel.

_____
William Obeid