# EXHIBIT 3

B 10 (Modified Form 10) (4/10)

| UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

| Name of Debtor <br><br> D.A.B. Group LLC | Case Number <br><br> 14-12057 (SCC) |
|---|---|

**NOTE:** *This form should not be used to make a claim for an administrative expense arising after the commencement of the case.
A "request" for payment of an administrative expense arising after the commencement of the case may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):

Orchard Construction LLC

☐ Check this box to indicate that this claim amends a previously filed claim.

Name and address where notices should be sent:
Orchard Construction LLC, c/o WCP Orchard Hotel, LLC
40 Danbury Rd.
Wilton, CT 06897

Morrison Cohen LLP
909 Third Ave., Attn: Joseph T. Moldovan
New York, NY 10022-4784

Telephone No. (212) 753-8600     email: bankruptcy@morrisoncohen.com

**Court Claim Number:** _____
*(if known)*

Filed on: _____

Name and address where payment should be sent (if different from above):
Orchard Construction LLC, c/o WCP Orchard Hotel, LLC
40 Danbury Rd.
Wilton, CT 06897

Telephone No. (646) 450-0065     email: jsocaransky@wesportcp.com

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. **Amount of Claim as of Date Case Filed:**     $ 1,410,646.40.  See attached Rider.

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☑ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or charges

2. **Basis for Claim:** Non-Payment Claim and Mechanic's Lien formerly held by Cava Construction and Development, Inc. ("Cava"). (See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** _____

   3a. **Debtor may have scheduled account as:** _____
   (See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

   **Nature of property or right of setoff:**   ☑ Real Estate   ☐ Motor Vehicle   ☐ Other
   Describe: _____
   Approximately
   **Value of Property:** $ 33,000,000 with amount to be adduced at auction.  **Annual Interest Rate:** _____9_____ %

   **Amount of arrearage and other charges as of time case filed included in secured claim,**
   Filed Notice of Mechanic's Lien
   **if any:** $ 1,410,646.40         **Basis for Perfection:** other documents, and pleadings.  See attached Rider.

   **Amount of Secured Claim:** $1,410,646.40         **Amount Unsecured:** $_____0_____

5. **Amount of claim Entitled to Priority under 11 U.S.C. § 507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

   Specify the priority of the claim.

   ☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
   ☐ Wages, salaries, or commission (up to $11,725*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, which ever is earlier – 11 U.S.C. § 507(a)(4).
   ☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).
   ☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7).
   ☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8).
   ☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

   **Amount entitled to priority:**

   $_____

   *Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

6. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See instruction 7 and definition of "redacted" on reverse side.)*

DO NOT SEND ORIGINAL DOCUMENTS.  ATTACHED DOCUMENT MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

FOR COURT USE ONLY

| Date: | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. |
|---|---|

_____ 12/10/14
Jordan Socaransky, Vice President (Date)

_____ 12/10/14
Marc Porosoff, Esq., Vice President and Secretary (Date)

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

B10 (Official Form 10) (04/13)

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

### INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest and documents required by FRBP 3001(c) for claims based on an open-end or revolving consumer credit agreement or secured by a security interest in the debtor's principal residence. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

B10 (Official Form 10) (04/13)

## _____ DEFINITIONS _____

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is a person, corporation, or other entity to whom debtor owes a debt that was incurred before the date of the bankruptcy filing. See 11 U.S.C. §101 (10).

**Claim**
A claim is the creditor's right to receive payment for a debt owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. § 506 (a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien.

A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. § 507 (a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

## _____ INFORMATION _____

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the court's PACER system (www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

In re:                                                    Case No. 14-12057-(SCC)
                                                          Chapter 11

D.A.B. GROUP LLC

                                                          **RIDER TO**
                                                          **PROOF OF CLAIM**

                          Debtor.
-------------------------------------------------------------X

1.     Claimant. Jordan Socaransky, whose business and mailing address is c/o WCP Orchard

Hotel, LLC, 40 Danbury Road, Wilton, CT 06897, is a Vice President of WCP Orchard Hotel,

LLC ("WCP Orchard"), the sole managing member of Orchard Hotel, LLC, the sole member of

Orchard Construction, LLC ("Orchard Construction"). Marc Porosoff is a Vice President and

Secretary of WCP Orchard.  Messrs. Socaransky and Porosoff are authorized to sign the proof of

claim. Orchard Construction files this proof of claim seeking amounts owed (i) arising under

and/or related to a contract by and between Cava Construction and Development, Inc. ("Cava")

and the Debtor to provide general contracting services to the Debtor (the "Non-payment Claim")

for the construction of a hotel at the Debtor's real property located at 139-141 Orchard Street,

New York, New York (the "Premises"); and (ii) secured by a Mechanic's lien filed on February

23, 2010 at 9:45 a.m. in the amount of $959,229.00. On or around August 23, 2011, Cava

assigned all its right, title, and interest in the Non-payment Claim reduced by Cava's collection

of the sum of $19,900, the Mechanic's lien, an arbitration award, judgments enforcing the Non-

payment Claim and the Mechanic's lien, and all rights granted therein or related thereto to

Orchard Construction (collectively, the "Construction Claim").

#5454709 v4 \022022 \0004

1

2. <u>Indebtedness</u>.

On or about August 2008, Cava entered into a contract with D.A.B. Group LLC (the "Debtor"), pursuant to which Cava was to provide general contracting services to the Debtor for the construction of a hotel at the Premises. From about October 2008 until about December 2009, Cava provided such general contracting services to the Debtor, but the Debtor failed to pay Cava in full for Cava's services and material, giving rise to a claim by Cava against the Debtor for non-payment (the "Non-Payment Claim").

To secure the Non-Payment Claim, on February 23, 2010 at 9:45 a.m., Cava filed a Notice of Mechanic's Lien (the "Lien") in the New York County Clerk's Office in the amount of $959,229 against the Debtor's interest in Lot 67 of the Premises. A true and accurate copy of the Lien is annexed hereto as Exhibit A.

On January 31, 2011 at 11:22 a.m., Cava extended, continued and re-docketed the Lien by filing an Extension of Lien on Private Property in the New York County Clerk's Office. A true and accurate copy of the Extension of Lien is annexed hereto as Exhibit B.

Cava and the Debtor arbitrated the Non-Payment Claim, and, by Award of Arbitrator dated as of February 23, 2011, Cava was awarded the sum of $1,015,687.00, with interest at the rate of 9% per annum from January 1, 2010 against the Debtor. A true and accurate copy of the Arbitrator's Award is annexed hereto as Exhibit C.

The Arbitrator's Award was confirmed by the Supreme Court of the State of New York, Westchester County, in a Decision and Order entered April 12, 2011 in a case styled as *Cava Construction & Development, Inc. v. DAB Group LLC*, Index No. 5785/11 (the "Confirmation Proceeding"), and on April 14, 2011, Judgment was entered in the amount of $1,133,341.61 in

#5454709 v4 \022022 \0004

2

favor of Cava and against the Debtor (the "Judgment") in the Confirmation Proceeding. True and accurate copies of the April 12, 2011 Decision and Order, and the April 14, 2011 Judgment are annexed hereto as Exhibits D, and E, respectively.

The Debtor filed a Petition in the Supreme Court of the State of New York, Westchester County on July 29, 2011 at Index No. 11355/11, to modify the Arbitrator's Award. Cava opposed the Debtor's Petition. A Decision and Order dismissing the Debtor's Petition was filed and entered on August 10, 2011. A true and accurate copy of the August 10, 2011 Decision and Order is annexed hereto as Exhibit F.

On March 23, 2011, Cava filed a Summons and Verified Complaint captioned *Cava Construction & Development, Inc. v. DAB Group LLC, et al.*, Index No. 650775/11, in the Supreme Court of the State of New York, New York County, to foreclose the Lien (the "Foreclosure Action.").

3.  <u>Amount Owed As Of The Petition Date</u>. As of the Petition Date, Debtor owes to Orchard Construction the following amounts on account of the Construction Claim:

| ITEM | PRINCIPAL | 9% INTEREST FROM 1/1/10 TO 7/14/14 | AMOUNTS PREVIOUSLY COLLECTED | TOTAL |
|---|---|---|---|---|
| Arbitration Award and Judgment (Principal + 9% Interest from 1/1/10) | $1,015,687.00 | $414,859.40 | ($19,900.00) | $1,410,646.40 |

Orchard Construction reserves the right to supplement this proof of claim to include additional amounts that may have been incurred prior to the Petition Date or in the event that Orchard is oversecured by virtue of the value of its collateral, interest and other charges incurring post-petition.

3.      Collateral. The indebtedness of the Debtor to Orchard Construction is secured.

4.      Supporting Documents. The writings on which this claim is founded include, among other things, the following documents:

- the Lien;

- the Arbitrator's Award;

- all other documents upon which the Construction Claim is based;

- A number of the documents are also available upon review of the case dockets for the Mechanic's Lien and Arbitration Award litigations.

5.      Open Account. The Construction Claim was not founded on an open account.

6.      Judgments. Certain judgments have been rendered on the Construction Claim, as recited previously herein.

7.      Credits and Set-Offs. The amount of all payments made or collections received on the Construction Claim have been credited and deducted for the purpose of making this proof of claim. The Construction Claim is not subject to any setoffs, valid defenses or counterclaims by the Debtor.

8.      Security Interest and Priority Status. The Construction Claim is filed as a secured claim. This is not a priority claim.

#5454709 v4 \022022 \0004

9.      <u>Execution and Waiver</u>. The execution and filing of this proof of claim is not and shall not

be deemed: (a) a waiver or release of Orchard Construction's rights against any other entity or

person liable for all or any part of the claim asserted herein; (b) consent by Orchard Construction

to the jurisdiction of this Court with respect to any proceeding commenced in this case against or

otherwise involving Orchard Construction; (c) a waiver of the right to withdraw the reference

with respect to the subject matter of the claim, any objection or other proceedings commenced

with respect thereto or any other proceedings commenced in this case against or otherwise

involving Orchard Construction; (d) a waiver of any right to the subordination, in favor of

Orchard Construction, of indebtedness or liens held by any other creditors of the Debtor; or (e)

an election of remedies which waives or otherwise affects any other remedy. Orchard

Construction, respectfully, expressly reserves its right to file any separate or additional proof of

claim with respect to the claim set forth herein or otherwise (which proof of claim, if so filed,

shall not be deemed to supersede this proof of claim, unless otherwise expressly stated therein),

to amend or supplement this proof of claim in any respect, including with respect to the filing of

additional or amended claims for the purpose of fixing and liquidating any contingent or

unliquidated claim set forth herein, or to file additional proofs of claim in respect of additional

claims or for any other reason.

#5454709 v4 \022022 \0004

10.    <u>Notices</u>. All notices with respect to this proof of claim should be sent to:

Orchard Construction, LLC
c/o WCP Orchard, LLC
40 Danbury Road
Wilton, CT 06897
Attn:  Jordan Socaransky and Marc Porosoff, Esq.

       and

Maverick Real Estate Partners
14 East 38th Street, 12th Floor,
New York, NY 10016
Attn: David Aviram

       and

Morrison Cohen LLP
909 Third Avenue
New York, NY 10022
Attn:   Joseph T. Moldovan, Esq. and Robert Dakis, Esq.

# EXHIBIT A

# NOTICE OF MECHANIC'S LIEN

FILED
COUNTY CLERK
N.Y. COUNTY

2010 FEB 23 AM 9:45

To the Clerk of the County of New York and all others whom it may concern:

**Please Take Notice**, that Cava Construction & Development Inc.
as lienor(s) have and claim a lien on the real property hereinafter described as follows:

(1)     The names and residences of the lienor(s) are Cava Construction & Development Inc.
being a New York corporation whose business address is at 15 South MacQuesten Parkway, Mount Vernon, New York 10550 and whose principal place of business is at 15 South MacQuesten Parkway, Mount Vernon, New York 10550.

(1a)    The name and address of lienor's attorney is Tarshis, Catania, Liberth, Mahon & Milligram, PLLC, One Corwin Court, Newburgh, New York 12550

(2)     The owner of the real property is DAB Group LLC with an address at 85 West Hawthorne Avenue, Valley Stream, New York 11580 and the interest of the owner as far as known to the lienor is fee simple.

(3)     The name of the person by whom the lienor was employed is DAB Group LLC
The name of the person to whom the lienor furnished or is to furnish materials or for whom the lienor performed or is to perform professional services is DAB Group LLC
The name of the person with whom the contract was made is DAB Group LLC
The name of the person for whom professional services were rendered is N/A

(4)     The labor performed was general contracting services for construction of a hotel, including electrical, plumbing, concrete and foundation work.
The material furnished included plumbing, electrical, concrete and foundation materials for construction of a hotel.
The materials actually manufactured for but not delivered to the real property are N/A
The agreed price and value of the labor performed is     $1,484,766.00
The agreed price and value of the materials furnished is     $742,384.00
The agreed price and value of the material actually mfd. for but not delivered to the real prop. is     $N/A
Total agreed price and value     $2,227,150.00

(5)     The amount unpaid to the lienor(s) for said labor performed is     $ 639,486.00
The amount unpaid to the lienor(s) for said material furnished is     $319,743.00
The amount unpaid to lienor(s) for material actually mfd. for but not delivered to the real prop. is     $N/A
Total amount unpaid     $959,229.00
The total amount claimed for which this lien is filed is $959,229.00

(6)     The time when the first item of work was performed was     10/07/08
The time when the first item of material was furnished was    10/07/08
The time when the last item of work was performed was     12/29/09
The time when the last item of material was furnished was     12/29/09

(7)     The property subject to the lien is situated at

139-141 Orchard Street, New York, New York 10002
Block 415, Lot 67

That said labor and materials were performed and furnished for and used, and that the professional services rendered were used, in the improvement of the real property hereinbefore described. That 8 months (4 months if a single family dwelling) have not elapsed dating from the last item of work performed, or from the last items of materials furnished, or since the completion of the contract, or since the final performance of the work, or since the final furnishing of the materials for which this lien is claimed.

Dated: February 19, 2010

ARYEH LAZARUS, ESQ.
Attorney for lienor,
CAVA CONSTRUCTION &
DEVELOPMENT INC.

# VERIFICATION

STATE OF NEW YORK, COUNTY OF ORANGE              ss.:              AGENT

ARYEH LAZARUS, being duly sworn, says that deponent is the attorney and agent for CAVA CONSTRUCTION & DEVELOPMENT INC., the lienor mentioned in the foregoing notice of lien; that deponent has read the said notice and knows the contents thereof, and that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters deponent believes it to be true. The reason deponent makes this verification instead of lienor is that said lienor's place of business is not located in the county in which I maintain my office. I affirm that the foregoing statements are true under penalties of perjury.

Sworn to before me this
19th day of February, 2010.

_____
Notary Public

ELIZABETH A. MURRAY
NOTARY PUBLIC, State of New York
No. 01MU6055204
Qualified in Orange County
Commission Expires February 20, 20 11

_____
ARYEH LAZARUS

2010 FEB 23  AM 9: 45
FILED
COUNTY CLERK
N.Y. COUNTY

**Editor's note:** Notice of Mechanic's Lien may be filed at any time during the progress of the work and the furnishing of the materials, or, within eight months (four months if a single family dwelling) after the completion of the contract, or the final performance of the work, or the final furnishing of the materials. The Notice of Mechanic's Lien must be filed in the Clerk's office of the county where the property is situated. If such property is situated in two or more counties, file the Notice of Mechanic's Lien in the office of the Clerk of each county. See Lien Law §10.

## Affidavit of Service by Certified Mail*

STATE OF NEW YORK, COUNTY OF ORANGE       ss.:

The undersigned, being duly sworn, deposes and says that deponent is over 18 years of age and

On February 19, 2010, the undersigned served the within Notice of Lien on DAB GROUP LLC

the *OWNER* herein, at 85 West Hawthorne Avenue, Valley Stream, New York 11580

by depositing a true copy of same, enclosed in a *certified mail, return receipt requested* postpaid, properly addressed wrapper, in an official depository of the United States Postal Service in New York State.

*Elizabeth A. Murray*
(ELIZABETH A. MURRAY)

Sworn to before me this
19th day of February, 2010

*Maria Stampone*
Notary Public

MARIA STAMPONE
Notary Public State of New York
No. 01ST5082387
Qualified in Orange County
Commission Expires July 28, 20 13

**\*Editor's note:**  Serve a copy of Notice of Mechanic's Lien on contractor or subcontractor simultaneously or within 30 days after filing Notice of Mechanic's Lien.  File proof of service with County Clerk within 35 days after Notice of Mechanic's Lien is filed.  See Lien Law §11-b.

2010 FEB 23  AM 9: 45
FILED
COUNTY CLERK
N.Y. COUNTY

### Affidavit of Service of Notice of Mechanic's Lien on Owner, Agent or Attorney*

STATE OF NEW YORK, COUNTY OF ORANGE ss.:

The undersigned, being duly sworn, deposes and says that deponent is over 18 years of age and

On February 19, 2010, served the within Notice of Mechanic's Lien, on DAB GROUP, L.L.C.
the **OWNER** herein, at 85 West Hawthorne Avenue, Valley Stream, New York 11580

☐ by delivering a true copy to said owner personally. Deponent knew the person so served to be the owner.

☐ as the owner could not be found, by delivering a true copy to the *agent attorney* of the owner.

☐ by leaving it at the last known place of residence of the owner in the city or town in which the real property or some part thereof is situated, with

a person of suitable age and discretion

**X** by depositing a true copy of same, enclosed in a *certified mail, return receipt requested,* postpaid, properly addressed wrapper, in an official depository of the United States Postal Service in New York State.

☐ as the owner has no last known place of residence in the city or town in which the real property or some part thereof is situated, or the owner could not be found and has no agent or attorney, by affixing a true copy thereof conspicuously on such property, at          m. (between the hours of nine o'clock in the forenoon and four o'clock in the afternoon).

☐ as the owner is a corporation, by personally delivering a true copy and leaving it with the *president vice-president secretary clerk cashier treasurer director managing agent* of the corporation.

☐ as the owner is a corporation, and no officer of the corporation could be found within the state, by affixing a true copy conspicuously on such property at          m. (between the hours of nine o'clock in the forenoon and four o'clock in the afternoon).

☐ as the owner is a corporation, by depositing a true copy of same, enclosed in a *certified registered* mail, postpaid, properly addressed wrapper, in an official; depository of the United States Postal Service in New York State

*Elizabeth A. Murray*
ELIZABETH A. MURRAY

Sworn to before me this
19th day of February, 2010.

*Maria Stampone*
Notary Public

MARIA STAMPONE
Notary Public State of New York
No. 01ST5082387
Qualified in Orange County
Commission Expires July 28, 20 13

**\*Editor's note:** Serve five (5) days before or thirty (30) days after filing the Notice of Mechanic's Lien. See Lien Law §11.

537028

9191-0-58726

## Mechanic's Lien

Cava Construction & Development Inc.
**Claimant**

Residence

Business Address

*against*

DAB GROUP, L.L.C.
**Owner**

Tarshis, Catania, Liberth, Mahon &
Milligram, PLLC
One Corwin Court, Newburgh, New York
12550

*Attorney(s) of Lienor*

*Post Office Address and Telephone Number*

FILED
COUNTY CLERK
N.Y. COUNTY
2010 FEB 23 AM 9: 45

# EXHIBIT B

SCANNED ON 2/1/2011

# EXTENSION OF LIEN ON PRIVATE PROPERTY

TO: County Clerk, County of New York
New York County Courthouse
60 Centre Street
New York, New York 10007

TAKE NOTICE THE UNDERSIGNED LIENOR, CAVA CONSTRUCTION & DEVELOPMENT, INC., whose business address is 15 South MacQuesten Parkway, Mount Vernon, New York 10550, duly filed a mechanic's lien under the Mechanic's Lien Law of the State of New York on the 23rd day of February 2010, and hereby requests that pursuant to Lien Law § 17 said lien be duly extended, continued and redocketed as of the date of the filing of this extension for one year.

1. The lienor herein is: CAVA CONSTRUCTION & DEVELOPMENT, INC.
   Address: 15 South MacQuesten Parkway, Mount Vernon, New York 10550

2. This extension does not involve a lien on private property improved for a single-family dwelling.

3. The Owner of the real property against whose interest such lien is claimed is:

   DAB Group, LLC
   85 West Hawthorne Avenue
   Valley Stream, New York 11580

4. A brief description of the property affected by said extension is:

   Premises located at Block 415, Lot 67, known as 139-141 Orchard Street, New York, New York, County of New York, State of New York

5. The amount of the lien when initially filed: $959,229.00

6. The date of filing of the Notice of Lien: February 23, 2010

7. A copy of the original lien is Exhibit "A" hereto.

8. Upon information and belief, no action has been commenced to foreclose said lien.

Dated: Newburgh, NY
January 24, 2011

TARSHIS, CATANIA, LIBERTH,
MAHON & MILLIGRAM, PLLC

By: _____
ARYEH LAZARUS, ESQ.
Attorneys for Lienor, CAVA CONSTRUCTION
AND DEVELOPMENT, INC.
One Corwin Court, P.O. Box 1479
Newburgh, New York 12550
Tel. No. (845) 565-1100

FILED COUNTY CLERK N.Y. COUNTY
2011 JAN 31 AM 11:22
273

VERIFICATION

STATE OF NEW YORK   :
                    : ss.:
COUNTY OF ORANGE    :

I, ARYEH LAZARUS, the undersigned, am an attorney admitted to practice in the courts of New York

State, and I am the attorney of record or of counsel with the attorneys of record for liener, CAVA

CONSTRUCTION AND DEVELOPMENT, INC. I have read the foregoing **Extension of Lien on Private**

**Property** and know the contents thereof and the same are true to my knowledge, except those matters therein

which are stated to be alleged on information and belief, and as to those matters I believe them to be true. My

belief, as to those matters therein not stated upon knowledge, is based upon the following: Investigative material

contained in my file.

The reason I make this affirmation instead of lienor is that said lienor's place of business is not located

in the county in which I maintain my office. I affirm that the foregoing statements are true under penalties of

perjury.

Dated: Newburgh, New York
       January 24, 2011

_____
ARYEH LAZARUS, ESQ.

## Affidavit of Service of Extension of Mechanic's Lien on Owner, Agent or Attorney*

STATE OF NEW YORK, COUNTY OF ORANGE            ss.:

The undersigned, being duly sworn, deposes and says that deponent is over 18 years of age and on January 26, 2011, Ann Hoornbeck served the within Extension of Mechanic's Lien on Private Property on owner herein DAB GROUP, L.L.C., Attn: Z. Ben Zhavian at: 85 West Hawthorne Avenue, Valley Stream, New York 11580

☐   by delivering a true copy to said owner personally.  Deponent knew the person so served to be the owner.

☐   as the owner could not be found, by delivering a true copy to the  *agent  attorney*  of the owner.

☐   by leaving it at the last known place of residence of the owner in the city or town in which the real property or some part thereof is situated, with

     a person of suitable age and discretion

X   by depositing a true copy of same, enclosed in a  *certified*  mail, postpaid, properly addressed wrapper, in an official depository of the United States Postal Service in New York State.

☐   as the owner has no last known place of residence in the city or town in which the real property or some part thereof is situated, or the owner could not be found and has no agent or attorney, by affixing a true copy thereof conspicuously on such property, at            m. (between the hours of nine o'clock in the forenoon and four o'clock in the afternoon).

☐   as the owner is a corporation, by personally delivering a true copy and leaving it with the  *president  vice-president  secretary  clerk  cashier  treasurer  director  managing agent*  of the corporation.

☐   as the owner is a corporation, and no officer of the corporation could be found within the state, by affixing a true copy conspicuously on such property at            m. (between the hours of nine o'clock in the forenoon and four o'clock in the afternoon).

☐   as the owner is a corporation, by depositing a true copy of same, enclosed in a  *certified  registered*  mail, postpaid, properly addressed wrapper, in an official; depository of the United States Postal Service in New York State

_____
Ann Hoornbeck

Sworn to before me on
26 day of January, 2011

_____
Notary Public

CAROL M. GRANT
Notary Public, State of New York
No. 01GR4937597
Qualified in Ulster County
Commission Expires July 25, 20___

Affidavit of Service by Certified Mail*

STATE OF NEW YORK, COUNTY OF ORANGE          ss.:

The undersigned, being duly sworn, deposes and says that deponent is over 18 years of age and

On January 26 2011, Ann Hoornbeck the undersigned served the within Extension of Lien on Private Property on the *contractor, subcontractor assignee legal representative at*

  1. LEO SALZMAN, ESQ., Attorney for DAB GROUP, LLC, 2116 Avenue J, Brooklyn, NY 11210
  2. WILLIAM G. WALLACE, ESQ., FAVATA & WALLACE, LLP, Attorney for DAB GROUP, LLC,
     229 Seventh Street, Garden City, NY 11530

by depositing a true copy of same, enclosed in a certified mail, postpaid, properly addressed wrapper, in an official depository of the United States Postal Service in New York State.

_____
Ann Hoornbeck

Sworn to before me on
26 day of January, 2011.

_____
Notary Public

CAROL M. GRANT
Notary Public, State of New York
No. 01GR4937597
Qualified in Ulster County
Commission Expires July 25, 20__

# EXHIBIT C

# AMERICAN ARBITRATION ASSOCIATION
## Construction Arbitration Tribunal

In the Matter of the Arbitration between:

Re: 13 110 Y 01675 10
   Cava Construction & Development, Inc. ("Claimant")
   and
   Dab Group, LLC ("Respondent")

## AWARD OF ARBITRATOR

I, THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the arbitration agreement entered into between the above-named parties and dated August 11, 2008, and having been duly sworn, and having duly heard the proofs and allegations of the Parties, do hereby, FIND, as follows:

This claim arises from the alleged breach of a construction contract for a hotel in Manhattan. The Claimant was engaged as the general contractor. The project went through a series of extensive stop work orders issued by the NYC Department of Buildings. Nevertheless, Claimant was successful in timely completing the foundation work required to "grandfather" the project to obtain favorable tax concessions.

Thereafter, the Owner sought to restructure the contractual arrangement by engaging Claimant as the construction manager, by seeking bids from third-parties to take over the work and by asking Claimant to release Respondent from any further liability and finally by offering Claimant $100,000.00 in full satisfaction of all claims. When Claimant refused, the owner locked Claimant out of the site. Following further stop work orders and an increasing degree of acrimony between the parties, and while the owner's contract with Claimant was in full force and effect, owner signed a contract with Flintlock Construction for the same scope of work.

Accordingly, I find that owner materially breached its contract with Claimant and its termination of the contract must be treated as a termination for convenience pursuant to Article 14 of the AIA A201.

I, AWARD, as follows:

A. In favor of Claimant, for contract work performed and unpaid, the sum of $775,175.00;
B. In favor of Claimant, for change order work performed an unpaid, the sum of $190,512.00;
C. In favor of Claimant, for work performed between October 15, 2009 and mid-December, the sum of $50,000.00.

Claimant's claim for lost profit is denied for lack of proof.

Respondent's counterclaims are denied both for lack of proof and in many cases contrary to the terms of the parties' agreement

Accordingly, I AWARD as follows:

Within 30 days of the delivery of this Award, Respondent shall pay Claimant the sum of One Million Fifteen Thousand Six Hundred Eighty Seven Dollars and No Cents ($1,015,687.00), with interest at the rate of 9% per annum from January 1, 2010.

In the Matter of the Arbitration between:

Re: 13 110 Y 01675 10
   Cava Construction & Development, Inc. ("Claimant")
   and
   Dab Group, LLC ("Respondent")

## AWARD OF ARBITRATOR CONTINUED

The administrative fees of the American Arbitration Association totaling $22,500.00 and the compensation of the arbitrator totaling $4,450.00 shall be borne as incurred.

This Award is in full settlement of all claims and counterclaims submitted to this Arbitration. All claims not expressly granted herein are hereby, denied.

_02-23-11_
Date

_____
Ira M. Schulman

I, Ira M. Schulman, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument, which is my Award.

_02-23-11_
Date

_____
Ira M. Schulman

# EXHIBIT D

# DECISION AND ORDER

FILED & ENTERED
4/12/11

To commence the statutory
period of appeals as of right
(CPLR 5513[a]), you are advised
to serve a copy of this Order,
with notice of entry, upon all
parties.

SUPREME COURT OF THE STATE OF NEW YORK
IAS PART, WESTCHESTER COUNTY

Present:  HON. MARY H. SMITH
          Supreme Court Justice

-------------------------------------------------X

CAVA CONSTRUCTION & DEVELOPMENT, INC.,

                                    MOTION DATE:3/25/11
                     Plaintiff,     INDEX NO.: 5785/11

          -against-

DAB GROUP LLC,

                     Defendant.
-------------------------------------------------X

The following papers numbered 1 to 7 were read on this petition for an Order confirming an arbitration award.

                                         Papers Numbered

Notice of Petition - Petition - Exh. .......................... 1-3
Answering Affirmation (Wallace) - Exhs. (A-B) .............. 4-5
Replying Affirmation (Lazarus) - Exh. ..................... 6-7

Upon the foregoing papers, it is Ordered and adjudged that this petition for an Order confirming an arbitration award is granted. The Clerk is directed to enter judgment in petitioner's favor as against respondent in the sum of $1,015,687.00, together with interest at the rate of 9% from January 1, 2010, together with

-1-

the costs of this special proceeding.

Petitioner properly has moved by way of the instant special proceeding within one year from delivery of the arbitrator's award for an Order confirming said award. See CPLR 7510. Notwithstanding that respondent timely has made an application to the arbitrator pursuant to CPLR 7509 to modify said award based upon what respondent perceives to have been a miscalculation of the sum owed, see CPLR 7511, subdivision (c), paragraph 1, respondent cites no case law, and this Court's own research has not revealed any case law, establishing that the mere pendency of respondent's application necessarily precludes petitioner from moving before this Court to confirm the award.

Further, while respondent has not properly formally cross-moved for relief before this Court setting aside or modifying the arbitrator's award, see McKinney's Consolidated Laws Of New York, CPLR 7502, C7502:3, Alexander Practice Commentaries, p. 429; CPLR 7510; CPLR 7511, Professor Siegel states that it is not mandatory that the losing party make an affirmative application to vacate or modify; "[t]he loser, by way of opposing a motion to confirm, which can be made any time within a year, can interpose whatever vacature or modification grounds he may have ..." New York Practice, 4th ed., 2005, Siegel, p. 1062.

Here, the Court necessarily finds based upon respondent's bare

-2-

bones submission of only respondent's attorney's "Application to Arbitrator for Modification of Award," which sets forth in conclusory form, without any evidentiary support, in 3 pages the various errors allegedly made by the arbitrator, fails as a matter of law to establish entitlement to modification of the arbitration award under CPLR 7511.

If warranted, respondent may at a later date seek to modify the amended arbitration award. <u>See</u> CPLR 7510.

Dated: April  /2  , 2011
      White Plains, New York

                          MARY H. SMITH
                             J.S.C.

Tarshis, Catania, Liberth, Mahon & Milligram, PLLC
Attys. For Pet.
One Corwin Court
P.O. Box 1479
Newburgh, New York 12550

Favata & Wallace, LLP
Attys. For Resp.
229 Seventh Street
Garden City, New York 11530

-3-

# EXHIBIT E

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
------------------------------------------------------------------X
CAVA CONSTRUCTION & DEVELOPMENT, INC.,
*15. S. Macquesten Parkway*
*Mount Vernon, NY 10550*                    Petitioner,

-against-

DAB GROUP LLC,
*85 West Hawthorne Ave*
*Valley Stream, NY 11580*    Respondent.
------------------------------------------------------------------X

**JUDGMENT**

Index No. 5785/11



WHEREAS, Petitioner commenced this special proceeding to confirm an arbitration award

rendered in Petitioner's favor against Respondent;

WHEREAS, a Decision an Order was filed and entered on April 12, 2011, granting Petitioner's

petition for an Order confirming the arbitration award (Exhibit "A"); and

WHEREAS, the Decision and Order directs the Clerk to enter judgment in Petitioner's favor as

against Respondent in the sum of $1,015,687.00, together with interest at the rate of 9% from January 1,

2010, together with the costs of the special proceeding.

NOW, THEREFORE, on the motion of Tarshis, Catania, Liberth, Mahon & Milligram, PLLC,

attorneys for Petitioner, CAVA CONSTRUCTION & DEVELOPMENT, INC., it is hereby,

ADJUDGED that judgment in the principal amount of $1,015,687.00 is awarded to the

Petitioner, CAVA CONSTRUCTION & DEVELOPMENT, INC., against Respondent, DAB GROUP,

LLC, plus interest at the rate of 9% from January 1, 2010; and it is further

ADJUDGED, that Petitioner, CAVA CONSTRUCTION & DEVELOPMENT, INC., does

recover from and against Respondent, DAB GROUP, LLC, the following:

The principal sum of $1,015,687.00, as awarded in the Decision and Order dated April 12, 2011;

The sum of $117,199.61, as and for prejudgment interest calculated at the rates set forth above.

TARSHIS, CATANIA, LIBERTH, MAHON & MILLIGRAM, PLLC

The sum of $455.00, as taxed by the Clerk in the Bill of Costs enclosed herewith.

Making for a TOTAL JUDGMENT in the sum of $1,133,341.61

LET ISSUE EXECUTION ACCORDINGLY.

Dated:  White Plains, New York
        April 14, 2011

ENTER:

EXHIBIT "A"

RECEIVED APR 1 3 2011

# DECISION AND ORDER

FILED & ENTERED
4 1/2/11

To commence the statutory
period of appeals as of right
(CPLR 5513[a]), you are advised
to serve a copy of this Order,
with notice of entry, upon all
parties.

SUPREME COURT OF THE STATE OF NEW YORK
IAS PART, WESTCHESTER COUNTY

Present:  HON. MARY H. SMITH
          Supreme Court Justice

----------------------------------------------X

CAVA CONSTRUCTION & DEVELOPMENT, INC.,

                        Plaintiff,

       -against-

DAB GROUP LLC,

                       Defendant.

MOTION DATE:3/25/11
INDEX NO.: 5785/11

----------------------------------------------X

The following papers numbered 1 to 7 were read on this
petition for an Order confirming an arbitration award.

**Papers Numbered**

Notice of Petition - Petition - Exh. ......................... 1-3
Answering Affirmation (Wallace) - Exhs. (A-B) .............. 4-5
Replying Affirmation (Lazarus) - Exh. ..................... 6-7

Upon the foregoing papers, it is Ordered and adjudged that

this petition for an Order confirming an arbitration award is

granted.  The Clerk is directed to enter judgment in petitioner's

favor as against respondent in the sum of $1,015,687.00, together

with interest at the rate of 9% from January 1, 2010, together with

-1-

the costs of this special proceeding.

Petitioner properly has moved by way of the instant special proceeding within one year from delivery of the arbitrator's award for an Order confirming said award. <u>See</u> CPLR 7510. Notwithstanding that respondent timely has made an application to the arbitrator pursuant to CPLR 7509 to modify said award based upon what respondent perceives to have been a miscalculation of the sum owed, <u>see</u> CPLR 7511, subdivision (c), paragraph 1, respondent cites no case law, and this Court's own research has not revealed any case law, establishing that the mere pendency of respondent's application necessarily precludes petitioner from moving before this Court to confirm the award.

Further, while respondent has not properly formally cross-moved for relief before this Court setting aside or modifying the arbitrator's award, <u>see</u> McKinney's Consolidated Laws Of New York, CPLR 7502, C7502:3, Alexander Practice Commentaries, p. 429; CPLR 7510; CPLR 7511, Professor Siegel states that it is not mandatory that the losing party make an affirmative application to vacate or modify; "[t]he loser, by way of opposing a motion to confirm, which can be made any time within a year, can interpose whatever vacature or modification grounds he may have ..." New York Practice, 4th ed., 2005, Siegel, p. 1062.

Here, the Court necessarily finds based upon respondent's bare

bones submission of only respondent's attorney's "Application to Arbitrator for Modification of Award," which sets forth in conclusory form, without any evidentiary support, in 3 pages the various errors allegedly made by the arbitrator, fails as a matter of law to establish entitlement to modification of the arbitration award under CPLR 7511.

If warranted, respondent may at a later date seek to modify the amended arbitration award. See CPLR 7510.

Dated: April 12 , 2011
White Plains, New York

MARY H. SMITH
J.S.C.

Tarshis, Catania, Liberth, Mahon & Milligram, PLLC
Attys. For Pet.
One Corwin Court
P.O. Box 1479
Newburgh, New York 12550

Favata & Wallace, LLP
Attys. For Resp.
229 Seventh Street
Garden City, New York 11530

# EXHIBIT F

# DECISION AND ORDER

FILED & ENTERED
8/10/11

To commence the statutory
period of appeals as of right
(CPLR 5513[a]), you are advised
to serve a copy of this Order,
with notice of entry, upon all
parties.

SUPREME COURT OF THE STATE OF NEW YORK
IAS PART, WESTCHESTER COUNTY

Present:  HON. MARY H. SMITH
          Supreme Court Justice

-------------------------------------------------X
DAB GROUP LLC,

                            Petitioner,          MOTION DATE:7/29/11
                                                 INDEX NO.:11355/11
          -against-

CAVA CONSTRUCTION & DEVELOPMENT, INC.,

                            Respondent.
-------------------------------------------------X

The following papers numbered 1 to 9 were read on this
petition for an Order pursuant to CPLR 7511, subdivision (c),
paragraph 1, modifying an arbitration award, and on this motion
pursuant to CPLR 404, subdivision (a), seeking an Order dismissing
said petition.

                                              **Papers Numbered**

Notice of Petition - Petition - Affidavit (Zhavian) -
  Exhs. (A-E) .................................................. 1 - 4
Motion of Motion[1] - Affirmation (Jayson) - Exhs. (A-F) ..... 5 - 7
Answering Affirmation (Wallace) .............................. 8
Replying Affirmation (Jayson) ................................ 9

---

[1]DAB's objection to CAVA's Notice of Motion is rejected.
See Blauman-Spindler v. Blauman, 68 A.D.3d 1105 (2nd Dept. 2009);
Frankel v. Stavsky, 40 A.D.3d 918 (2nd Dept. 2007)

-1-

Upon the foregoing papers, it is Ordered and adjudged that this petition and motion are disposed of as follows:

This matter arises out of a written construction contract entered into between petitioner DAB Group, LLC ("DAB") and respondent CAVA Construction & Development, Inc. ("CAVA"), and which allegedly thereafter had been breached by DAB. Pursuant to a mandatory arbitration clause, CAVA thereupon had filed a demand for arbitration in the approximate sum of $2.1 million; DAB had filed a counterclaim in the approximate sum of $1 million. On February 23, 2011, the arbitrator had issued his award in favor of CAVA and against DAB in the sum of $1,015,687.00, plus interest from January 1, 2010, for work that had been performed and remained unpaid for. On March 2, 2011, CAVA had filed a special proceeding pursuant to CPLR 7510, 7511 and 7514 to confirm the arbitrator's award and to have judgment entered thereon; DAB had filed an affirmative defense thereto seeking to vacate or modify the arbitrator's award on the grounds that the arbitrator had miscalculated figures. On March 15, 2011, pursuant to CPLR 7509, DAB had applied to the arbitrator to modify the afore award.

On April 2, 2011, the undersigned had entered her Decision and Order granting the petition seeking confirmation of the arbitration

-2-

award and directing the entry of judgment in accordance therewith.[2]
In said Decision and Order, the undersigned had rejected DAB's
contention that the mere pendency of its application to the
arbitrator to modify the award required denial of CAVA's petition
to confirm the award.   This Court further summarily had denied
DAB's request in that proceeding to vacate or modify the award,
having found that DAB's "bare bones submission," which had been
unaccompanied by any evidentiary support, was insufficient to
demonstrate entitlement to relief.[3]

Following entry of this Court's April 12, 2011, Decision and
Order, the arbitrator, on April 13, 2011, had delivered his
Decision adhering to his original award determination and denying
DAB's application for modification thereof.

Thereafter, on July 22, 2011, DAB had filed its instant
petition seeking an Order pursuant to CPLR 7511, subdivision (c),
paragraph 1, modifying the arbitration award based upon an alleged
miscalculation fo figures and reducing same to the sum of

---

[2]Said Judgment was entered on April 14, 2011.

[3]The Court specifically had stated that it "necessarily
finds based upon respondent's bare bones submission of only
respondent's attorney's "Application to Arbitrator for
Modification of Award," which sets forth in conclusory form,
without any evidentiary support, in 3 pages the various errors
allegedly made by the arbitrator, [that respondent had] fail[ed]
as a matter of law to establish entitlement to modification of
the arbitration award under CPLR 7511."

-3-

$402,929.00. According to petitioner DAB, the arbitrator had failed to credit DAB for amounts paid directly to a sub-contractor of CAVA in the amount of $715,950.00 and included those payments in CAVA's award of damages, had wrongly awarded CAVA $100,000.00 as reimbursement for a "material hoist" which DAB contends it had purchased and paid for, and further mistakenly had miscalculated the amount of damages by including twice the amount of approved change orders. In response thereto, CAVA is moving pursuant to CPLR 404, subdivision (a), for an Order dismissing the petition, arguing that same is barred by the doctrines of res judicata and collateral estoppel since DAB already had sought said relief from this Court and same had been denied.

CAVA's motion is hereby granted and DAB's petition is dismissed.

Petitioner DAB is mistaken to the extent that it argues herein that this Court previously had confirmed the award without prejudice to its right to seek the instant modification pursuant to CPLR 7511. The closing statement set forth in the Court's April 2, 2011, Decision and Order, and upon which DAB relies, had been set forth only as reminder to DAB of its statutory right to Court review in the event that it remained dissatisfied with any "amended judgment" which possibly would be entered pursuant to its then pending review by the arbitrator.

Further, DAB disingenuously argues that "there was no request for affirmative relief in any fashion previously submitted to Justice Smith." In fact, as herein above noted, DAB had interposed its answer to CAVA's petition seeking to confirm the award, and therein it had stated as an affirmative defense that the "Award should be vacated and/or modified on the grounds that the Arbitrator miscalculated figures." Annexed as an exhibit in support thereof was a copy of DAB's "Application to Arbitrator For Modification of Award Pursuant to CPLR 7509." Additionally, DAB's answer's Wherefore Clause states, "Respondent [DAB] demands judgment dismissing the Petition herein in its entirety ..." This Court necessarily finds that DAB thus previously did seek affirmative relief, notwithstanding its claim herein to the contrary, cf. Shaw v. RPA Associates, LLC, 75 A.D.3d 634, 635 (2nd Dept. 2010), and that it also had sought dismissal of CAVA's petition based upon its affirmative defense that the arbitrator had miscalculated the sums owing.

> The doctrine of collateral estoppel bars relitigation of
> an issue which has necessarily been decided in a prior
> action and is determinative of the issues disputed
> in the present action, provided that there was a full
> and fair opportunity to contest the decision now alleged
> to be controlling. (Citations omitted).

Mahler v. Campagna, 60 A.D.3d 1009 (2nd Dept. 2009). The two

elements that must be satisfied to invoke collateral estoppel are that the identical issue was decided in the prior action and is decisive in the present action, and the party sought to be precluded from relitigating the issue had a full and fair opportunity to contest the prior issue. See Nachum v. Ezagui, 83 A.D.3d 1017, 1018 (2nd Dept. 2011).

Based upon the record at bar and otherwise notwithstanding CPLR 7511, subdivision (c), paragraph 1, this Court agrees with CAVA that DAB presently is collaterally estopped from once again seeking this Court's review of the arbitrator's award based upon the asserted miscalculations set forth in its instant petition.

Dated: August 10 , 2011
White Plains, New York

MARY H. SMITH
J.S.C.

Favata & Wallace, LLP
Attys. For Pet.
229 Seventh Street
Garden City, New York 11530

Tarshis, Catania, Liberth, Mahon & Milligram, PLLC
Attys. For Resp.
One Corwin Court
P.O. Box 1479
Newburgh, New York 12550

-6-