# EXHIBIT 6

**FAVATA & WALLACE LLP**
ATTORNEYS AT LAW
229 SEVENTH STREET
GARDEN CITY, NEW YORK 11530

(516) 742-9494
FAX NO. (516) 742-7088

ROBERT FAVATA
WILLIAM G. WALLACE

OF COUNSEL
MAUREEN A. CARROLL

NEW YORK OFFICE:
228 EAST 45TH STREET
17TH FLOOR
NEW YORK, N.Y. 10017

May 24, 2011

*via e-mail: dkriss@kandfllp.com; regular mail & certified - return/receipt*

**DAVID KRISS, ESQ.**
**KRISS & FEUERSTEIN, LLP**
360 Lexington Avenue
New York, New York 10017

*Re: Our Client:   DAB Group, LLC*
*Premises:    139-141 Orchard Street*
*a/k/a 138-140 Allen Street*
*New York, New York*
*Your Client: Brooklyn Federal Savings Bank*

Dear Mr. Kriss:

The undersigned represents DAB Group, LLC, the borrower, with respect to a certain project loan note, mortgage, building loan note and building loan mortgage dated August 21, 2008 (collectively the "Loan"). As you know, the purpose of the Loan was for the acquisition and construction of a hotel on premises known as 139-141 Orchard Street, New York, New York.

I understand that the Loan termed out pursuant to the original Loan documents on March 1, 2011 and that our respective clients have been discussing an extension of that term so that the project may continue and the hotel built. The purpose of this letter is to provide you with certain information which may be helpful to you and your client in making a determination as to whether or not the Loan term should be extended. Of course, this letter is being sent to you without prejudice and for the sole purpose of assisting your client in making its final determination as to the extension of this Loan. By forwarding this letter my client is not waiving, relinquishing, nor shall it be estopped from raising any defenses it may have to any attempted enforcement of the Loan.

OH-001138

FAVATA & WALLACE LLP

First, this hotel project was "grandfathered" in and the BSA approval for the completion and issuance of the Certificate of Occupancy has been extended up to March 15, 2013. Failure of the owner to complete the planned hotel would result in a down zoning of approximately 40 % of the super-structure which is now in place. Second, your client, in or about May 2010, approved the general contract between DAB and Flintlock Construction which contract contained a completion provision of sixteen months from the date of contract. Notwithstanding the fact that your client was aware that the Loan termed out on March 1, 2011, it went ahead and approved a general contract which provided for a completion date in or about September 2011. Implicit in your client's approval of the Flintlock Contract was an extension of the Loan term at least to that date.

In addition, notwithstanding the fact that the general contractor's payment requisition numbers 8 and 9 were approved by your client's engineer and the project architect and notwithstanding the fact that the work performed under those requisitions was completed before the Loan termed, your client failed and refused to fund those requisitions and is witholding the retainage. Based on your client's failure to fund, the general contractor and its subcontractors have filed mechanics' liens and the general contractor is threatening to remove its equipment and abandon the project.

It has come to my client's attention that your client is attempting to sell the Loan. In that regard your client made a misrepresentation to my client's architect and requested that the architect forward plans to your client's attorney when in fact those plans were directed to the prospective purchaser's attorney.

My client stands ready, willing and able to proceed with this project and anticipates that with your client's assistance and a written extension of the term of the Loan the project will be finished by the end of this calendar year.

Accordingly, I respectfully request that your client consider the requested extension forthwith as time is of the essence.

Very truly yours,

FAVATA & WALLACE, LLP

William G. Wallace

WGW: / g

cc: DAB Group, LLC