# EXHIBIT 10

# MorrisonCohen LLP

Y. David Scharf
Partner
(212) 735-8604
dscharf@morrisoncohen.com

June 20, 2014

**BY CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
D.A.B. Group LLC
154 Acres Road
Monroe, New York 10950

85 W. Hawthorne Ave.
Valley Stream, New York 11580

   Re:  NOTICE OF DEFAULT
      139-141 Orchard Street, New York, New York (the "Mortgaged Property")

Gentlemen:

   Reference is hereby m ade to that certain Consolidated Secured Prom issory Note dated November 8, 2007 ("P roject Loan Note"), by D.A.B. Gr oup LLC ("Borrower") to Brooklyn Federal Savings Bank ("Lender"); Mortgage Consolidation, Extension, Modification and Security Agreement dated November 8, 2007 ("Project Loan Mortgage"), between Borrower, as Mortgagor, and Lender, as Mort gagee; Secured Building L oan Promissory Note dated August 21, 2008 ("Building Loan Note"), by Borrower to Le nder; Building Loan Mortgage and Security Agreement dated August 21, 2008 ("Building L oan Mortgage"), from Borrower, as Mortgagor, to Lender, as Mortgagee; Building Loan Agre ement dated August 21, 2008 ("Building Loan Agreement") between Borrower and Lender; and all guarantees and other documents executed in connection with the aforementioned documents (collectively, the "Loan Documents").[1]

   We are counsel to Orchard Hotel, LLC (" Mortgagee"), the assignee of all of Lender's right, title and interest under the Loan Documents.

   We have recently been infor med that as of July 1, 2014, the New York City Departm ent of Buildings will be withdrawing th e building permits for the Mortgaged Property. The Stalled Sites Program, which had protected the perm its even though construction was halted, form ally ended on July 1, 2013, and we have been inform ed that projects that are not m oving forward with construction as of July 1, 2014 will have th eir permits revoked. It is our unders tanding that the loss of the Mortgaged Property's building pe rmits would require the exis ting structure to comply with the m ore-recent version of the Building Code, poten tially imposing millions of dollars in additional costs. We also understand that loss of the building perm its would seriously jeopardize the Mortgaged Propert y's zoning entitlements, potentially requiring substantial demolition of the existing structure.

---

[1] Capitalized terms used in this letter but not defined herein shall have the respective meanings provided in the Loan Documents.

D.A.B. Group LLC
June 20, 2014

Please be advised that "the actual or threatened alteration, improvement, demolition or removal of any of the Improvements without the prior consent of Mortgagee" is an Event of Default under the Section 20(k) of the Project Loan Mortgage and Section 3.24 of the Building Loan Mortgage.

Furthermore, Borrower's failure to adequately protect the Mortgaged Property is a material breach of Borrower's covenants under Section 10 of the Project Loan Mortgage and Section 1.12 of the Building Loan Mortgage and a material breach of the Personal Guarantees of Ben Zhavian dated November 2, 2007 and August 21, 2008.

Given the seriousness of this matter and Borrower's neglect of the Mortgaged Property, Mortgagee will be taking all appropriate action, in coordination with the Receiver where appropriate, to protect the Mortgaged Property from further harm.

All of Mortgagee's rights under the Loan Documents and applicable law, in equity or otherwise, are hereby reserved and may be enforced at any time. No delay on the part of the Mortgagee in exercising any of its respective rights, powers or remedies shall operate as a waiver thereof or otherwise prejudice any of such rights, powers and remedies. Mortgagee has not waived, and does not hereby waive, any default or Event of Default.

Sincerely yours,

Y. David Scharf

cc:  Ben Zhavian
     William Wallace, Esq.