# EXHIBIT 14

Sweeny, J.P., Acosta, Saxe, Moskowitz, Clark, JJ.

11439  Orchard Hotel, LLC,        Index 850044/11
     Plaintiff-Appellant,

      -against-

   D.A.B. Group, LLC,
     Defendant-Respondent,

   Brooklyn Federal Savings Bank, et al.,
     Defendants-Appellants,

   Ochard Construction, LLC, et al.,
     Defendants.

---

Morrison Cohen LLP, New York (Y. David Scharf of counsel), for Orchard Hotel, LLC, appellant.

O'Reilly, Marsh & Corteselli P.C., Mineola (James G. Marsh of counsel), for Brooklyn Federal Savings Bank and State Bank of Texas, appellants.

Law Offices of Everett N. Nimetz, Kew Gardens (Everett N. Nimetz of counsel), for respondent.

---

   Order, Supreme Court, New York County (Charles E. Ramos, J.), entered August 28, 2013, which, to the extent appealed from as limited by the briefs, granted defendant D.A.B. Group, LLC's (DAB) motion to renew, and, upon renewal, vacated a prior order of the same court (Bernard J. Fried, J.), entered March 30, 2012, dismissing said defendant's counterclaims, reinstated DAB's counterclaims, and sua sponte granted DAB leave to serve an amended answer, unanimously reversed, on the law and the facts, without costs, the motion to renew denied, and the grant of leave

25

to serve an amended answer vacated.

In July 2011, plaintiff successor mortgagee Orchard Hotel, LLC (Orchard) commenced this action to foreclose on two commercial construction loans. DAB's answer asserted counterclaims against Orchard and against additional counterclaim defendants Brooklyn Federal Savings Bank (Brooklyn Federal) and State Bank of Texas (together, Bank defendants), the original mortgagees. DAB alleged that the Bank defendants misrepresented that the banks would extend the maturity date of the loans.

We find that the motion court erred in granting DAB renewal of Orchard and the Bank defendants' motions to dismiss DAB's counterclaims, thereby vacating an order that this Court had affirmed (see Orchard Hotel, LLC v DAB Group, LLC, 35 Misc 3d 1206[A], 2012 NY Slip Op 40476[U] [Sup Ct, NY County 2012], affd 106 AD3d 628 [1st Dept 2013]).

CPLR 2221(e)(2) provides in pertinent part that a motion to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination." The record indicates that the document on which DAB relied to change the prior determination, an Action Plan, dated February 15, 2011, was unenforceable because it was an internal bank document that the Office of Thrift Supervision (OTS), the federal oversight agency, never approved--an unfulfilled condition precedent. In addition,

26

Brooklyn Federal ultimately rescinded the Action Plan pursuant to a March 22, 2011 memorandum that it issued prior to OTS's consideration of an extension. Thus, the Action Plan provides no basis to find that there was reasonable reliance on a writing that extended the loans' maturity date. Further, even if this Court were to consider this document an indication of misrepresentation, DAB cannot establish that it reasonably relied upon the Action Plan--a document it was unaware of until May 2013--because it was an internal document that was not communicated, delivered or presented to DAB (see *Waterways Ltd. v Barclays Bank PLC*, 202 AD2d 64, 74 [1st Dept 1994], *lv denied* 85 NY2d 803 [1995]).

Moreover, under CPLR 2221(e)(3), a motion to renew "shall contain reasonable justification for the failure to present such facts on the prior motion." Here, DAB made the discovery request that yielded the Action Plan only upon the motion court's suggestion, and only after this Court affirmed the order dismissing DAB's counterclaims. The Action Plan was available at the time of the original motion--indeed, numerous witnesses alluded to it during their depositions. Even so, DAB did not provide a reasonable justification for its failure to serve a more exacting discovery demand that specifically requested Brooklyn Federal's internal documents related to the loan

27

extension issue.  Thus, we find that DAB failed to show that it exercised due diligence in obtaining the documentary evidence, and the motion court erred in granting leave to renew (*see Rosado v Edmundo Castillo Inc.*, 54 AD3d 278, 279 [1st Dept 2008]; *Chelsea Piers Mgt. v Forest Elec. Corp.*, 281 AD2d 252 [1st Dept 2001]).

The motion court also erred in granting DAB's motion to renew and vacate based on "newly-discovered evidence" pursuant to CPLR 5015(a)(2).  As the record demonstrates, had DAB exercised due diligence during discovery, it could have obtained the Action Plan through discovery well over a year earlier than it did (*see Weinstock v Handler*, 251 AD2d 184 [1st Dept 1998], *lv dismissed* 92 NY2d 946 [1998]).

Any vacatur pursuant to CPLR 5015(a)(3) is also erroneous because the findings of "fraud, misrepresentation, or other misconduct" are predicated on DAB's assertions that the Bank defendants failed to turn over the Action Plan.  To the contrary, the record reveals that DAB's initial discovery demands did not specifically request Brooklyn Federal's documents in connection with an extension of the maturity date and DAB did not present evidence to establish misconduct.

Accordingly, because the motion court improvidently considered the Action Plan as new evidence, its sua sponte grant

28

to D.A.B. of leave to amend its answer was erroneous. Moreover, the proposed amendment lacks merit (see *Bishop v Maurer*, 83 AD3d 483, 485 [1st Dept 2011]; *360 West 11th LLC v ACG Credit Company II, LLC*, 90 AD3d 552 [1st Dept 2011]).

We have considered the parties' remaining arguments and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED:    FEBRUARY 18, 2014

_____
CLERK

NEW YORK STATE SUPREME COURT
COUNTY OF NEW YORK
----------------------------------------------------------------------x
ORCHARD HOTEL, LLC,

                Plaintiff,

-against-

D.A.B. GROUP, LLC; ORCHARD CONSTRUCTION, LLC; FLINTLOCK CONSTRUCTION SERVICES LLC; JJ K MECHANICAL INC.; EDWARD MILLS & ASSOCIATES, ARCHITECTS PC; CASINO DEVELOPMENT GROUP, INC.; CITYWIDE CONSTRUCTION WORKS INC.; EMPIRE TRANSIT MIX INC.; MARJAM SUPPLY CO., INC.; ROTAVELE ELEVATOR INC.; SMK ASSOCIATES INC.; FJF ELECTRICAL CO. INC.; CITY OF NEW YORK; NEW YORK STATE DEPARTMENT OF TAXATION & FINANCE; LEONARD B. JOHNSON; CITY OF NEW YORK ENVIRONMENTAL CONTROL BOARD; BROOKLYN FEDERAL SAVINGS BANK; STATE BANK OF TEXAS and JOHN DOE #1 through JOHN DOE #100, the last 100 names being fictitious, their true identities unknown to plaintiffs, and intended to be the tenants, occupants, persons or corporations, if any, having or claiming an interest in or lien upon the premises described in the complaint,

                Defendants.
----------------------------------------------------------------------x

Index No. 850044/2011

**NOTICE OF ENTRY**

**PLEASE TAKE NOTICE**, that the within is a true and correct copy of the Decision and Order of the Supreme Court, Appellate Division, First Department, dated and entered in the Office of the Clerk of the Appellate Division, First Department, on February 18, 2014.

Dated: New York, New York
        February 18, 2014

MORRISON COHEN LLP

By: _____
    Y. David Scharf
    Danielle C. Lesser
    Brett D. Dockwell
909 Third Avenue
New York, New York 10022
(212) 735-8600
*Attorneys for Orchard Hotel LLC*

#4931830 v1 \022022 \0004