**BLANK ROME LLP**
The Chrysler Building
405 Lexington Avenue
New York, NY  10174-0208
Phone:  (212) 885-5000
Facsimile:  (212) 885-5001
Andrew B. Eckstein

*Counsel to Simon J. K. Miller, as Receiver*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| D.A.B. GROUP LLC, | : | Case No.: 14-12057 (SCC) |
| Debtor | : | |

**OBJECTION OF SIMON J. K. MILLER, AS RECEIVER,**
**TO DEBTOR'S AMENDED DISCLOSURE STATEMENT**

Simon J. K. Miller, as Receiver (the "Receiver"), by and through his undersigned counsel, hereby submits this objection to the Amended Disclosure Statement (the "Disclosure Statement") for the Amended Plan of Reorganization (the "Plan") filed by D.A.B. Group LLC (the "Debtor"), and respectfully states:

**PRELIMINARY STATEMENT**

The Receiver has had, and has expressed to the Debtor's counsel, several concerns regarding certain critical flaws, inaccuracies and omissions in the  Disclosure Statement that should be corrected and elaborated on to ensure that creditors and parties in interest affected by the Plan receive adequate information to enable them to understand and evaluate the impact of the Plan on them.  The Disclosure Statement needs to be amended to adequately reflect the history and relationships of the parties to one another in the context of the case, the Receiver

1

Stipulation[1] regarding the continuance of the Receiver and his role, the accrual of unpaid expenses of administration incurred upon behalf of the Debtor and Orchard but not paid because of disagreements as to the meaning and/or implementation of the Receiver Stipulation and the parties' failure to agree upon payment of budgeted expenses and what will need to be done to ensure that payment of these obligations is forthcoming.

## OBJECTION TO DISCLOSURE STATEMENT

Specifically, *inter alia*, the Receiver believes that the following supplemental factual and corrective information should be provided and that the Disclosures Statement should be amended to reflect that:

- the Receiver was put into place in 2011 by order of the State Supreme Court; with the accompanying court-ordered authorizations and mandates, and that he has been in control of the Property, and has engaged contractors and service vendors since;

- the Debtor and the Property have generated, no revenue since the Receiver's appointment, and funding for the maintenance and protection of the Property, prior to the commencement of the chapter 11 case, had been provided by Orchard;

- contrary to the Debtor's assertion in the Disclosure Statement that the Receiver Stipulation (as defined in the Disclosure Statement") limited to $250,000 the amount that could be advanced post-petition by Orchard in payment of expenses of administration, paragraph 6 of the Receiver Stipulation granted the Receiver authority to make payment of the "Petition Date Invoices" and the "Post-Petition Date Invoices" and paragraph 9 of the Receiver Stipulation provided that Post-Petition Date Invoices were to be paid pursuant to a 'budget' to be proposed by the Receiver and approved by Orchard and the Debtor and approved within 5 days (subject to Orchard's right to disapprove of additional expenditures beyond $250,000). This was a critical point in the Receiver's decision to continue in his role and continue to incur expenses in connection with the Property, however, to date, despite numerous requests by the Receiver, and representations by the Debtor's counsel to the contrary, the Debtor has declined to authorize any budget for

---

[1] Capitalized terms not expressly defined herein shall have the meanings ascribed to them in the Disclosure Statement.

2

      the Post-Petition Date Invoices other than agreeing to the Receiver's legal fees, and, only recently, has it agreed to certain other nominal expenses, but no agreement has been reached between Orchard and the Debtor to fund these expenses.

- By virtue of the foregoing, during the past six or seven months, and in reliance upon the assurances that a budget would be agreed to, the Receiver, on behalf of the Debtor and Orchard, has incurred administrative expenses relative to the maintenance and protection of the Property and the carrying out of his duties as Receiver to the extent of in excess of $100,000, and will continue to incur administrative expenses in the projected amount of approximately $50,000 or more through projected confirmation of the Plan and closing of the sale of the Property.

- A formal process needs to be adopted under the Plan such that holders of any claims for payment of accrued and unpaid administrative expenses have clear notice of any conditions to their being paid and the deadline for the submission of such claims and any objections thereto, and the Debtor should acknowledge that any allowed administrative expense obligations will be promptly paid from the proceeds of the sale of the Property.

"A disclosure statement must contain 'adequate information,' . . . describing a confirmable plan." *In re Quigley Co.*, 377 B.R. 110, 115 (Bankr. S.D.N.Y. 2007). Adequate information is defined as:

> Information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical reasonable investor of the relevant class to make an informed judgment about the plan…

11 U.S.C. § 1125(a)(1); *see also Momentum Mfg. Corp. v. Employee Creditors Comm. (In re Momentum Mfg. Corp.)*, 25 F.3d 1132, 1136 (2d cir. 1994); *In re Adelphia Commc'ns Corp.*, 352B.R. 592, 596 (Bankr. S.D.N.Y. 2006).

The purpose of a disclosure statement is to provide creditors with information sufficient to make an informed determination as to whether to vote for a plan. *In re Duratech Indus.,* 241 B.R. 291, 298 (Bankr. E.D.N.Y. 1999) (holding the "statutory standard for approval of a

3

disclosure statement is that the disclosure statement must provide 'adequate information' so that the creditors can decide whether or not to approve the proposed plan treatment of their respective claims"). As such, the disclosure statement must provide sufficient information to apprise creditors of the risks and consequences of the proposed plan. *In re McLean Indus., Inc.,* 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987) ("substantial financial information with respect to the ramifications of any proposed plan will have to be provided to, and digested by, the creditors and other parties in interest in order to arrive at an informed decision concerning the acceptance or rejection of a proposed plan"). The disclosure statement must "contain simple and clear language delineating the consequences of the proposed plan on [creditors'] claims and the possible [Bankruptcy Code] alternatives ......*In re Copy Crafters Quickprint, Inc.,* 92 B.R. 973, 981 (Bankr. N.D.N.Y. 1988). In short, a proposed disclosure statement "must clearly and succinctly inform the average unsecured creditor what it is going to get, when it is going to get it, and what contingencies there are to getting its distribution." *In re Ferretti,* 128 B.R. 16,19 (Bankr. D.N.H. 1991).

The Receiver is concerned that the Disclosure Statement's infirmities and the inconsistencies in implementation of the Receiver Stipulation may result in the creditors and administrative expense obligees misunderstanding the impact and implications of the Plan and what steps that may be required to ensure their ability to be paid.

## CONCLUSION

The Receiver believes that the Disclosure Statement in its current form is inadequate and fails to meet the recognized requirements. Accordingly the Receiver urges that the Court direct the Debtor to make the revisions to the Plan and Disclosure Statement set forth herein prior to approving the Disclosure Statement.

4

Dated: February 20, 2015
      New York, NY

                                     BLANK ROME LLP

                                     By: */s/* Andrew B. Eckstein
                                            Andrew B. Eckstein
                                     The Chrysler Building
                                   405 Lexington Avenue
                                   New York, NY  10174
                                   Telephone:  (212) 885-5505
                                   Fax:  (212) 885-5001