UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                                                      Chapter 11

D.A.B GROUP LLC,                                             Case No. 14-12057 (SCC)


                                        Debtor.
-----------------------------------------------------------x

## MOTION FOR AN ORDER FURTHER EXTENDING THE DEBTOR'S EXCLUSIVE PERIOD TO SOLICIT ACCEPTANCES TO ITS PLAN OF REORGANIZATION PURSUANT TO 11 U.S.C. §1121(d)(1)

**TO THE HONORABLE SHELLEY C. CHAPMAN,**
**UNITED STATES BANKRUPTCY JUDGE:**

        The motion of D.A.B. Group LLC (the "Debtor"), by and through its counsel, Goldberg Weprin Finkel Goldstein LLP, for an order further extending the Debtor's exclusive period to solicit acceptances to its filed plan of reorganization, respectfully represents and shows this Court as follows:

### BACKGROUND

        1.        This case was commenced by the filing of a voluntary petition on July 14, 2014 and thereafter the Debtor has continued in possession of its property as a debtor-in-possession pursuant to 11 U.S.C. §§1107 and 1108.

        2.        The Debtor is a New York limited liability company which owns certain commercial real property at 139-141 Orchard Street, New York, NY (Block 415, Lots 66 and 67)(hereinafter, the "Property").  The Property is improved by a partially constructed hotel.

        3.        On or about October 7, 2014, the Debtor filed a Plan of Reorganization and accompanying Disclosure Statement in contemplation of a future sale of the Property, so as to provide a vehicle for accomplishing a sale transaction consistent with the provisions of Section 1146(a).

4.    By Order dated February 19, 2015, this Court approved the Debtor's sale of the Property to its stalking horse bidder, Arcade Orchard Street LLC.

5.    In light of the evolving sale, a Second Amended Plan was filed February 26, 2015 (ECF #110) and a Second Amended Disclosure Statement was filed on February 24, 2015 (ECF #107).

6.    After a hearing having been held on February 25, 2015, the Second Amended Disclosure Statement was approved with the consent of Objectors, and a scheduling Order was entered setting March 19, 2015 as the hearing on confirmation of the Second Amended Plan.

7.    To preserve the status quo while this process continues to unfold, the Debtor previously obtained an extension of its exclusive period to solicit acceptances thereto (the "Exclusive Period"), which otherwise would have expired on December 8, 2014, sixty days after the original plan was filed.  By Order dated January 16, 2015 (ECF #65), the exclusive period to solicit acceptances was extended through March 9, 2015.

8.    The Debtor believes that maintaining a structured process is necessary to maximize value of the Property.  Therefore, although the Debtor does not anticipate that any competing plans will be filed, out of an abundance of caution, the Debtor hereby moves to further extend the exclusive period in which the Debtor may solicit acceptances for an additional sixty days, through May 8, 2015, which will cover any unexpected adjournment of the scheduled confirmation hearing.

**STATUTORY BASIS THEREFOR**

9.      This motion is made pursuant to section 1121(d)(1) of the Bankruptcy Code extending the exclusive period during which only the Debtor may solicit acceptances or rejections to its Plan from March 9, 2015 to May 8, 2015.

10.      The determination of whether sufficient õcauseö exists to grant an extension rests with the sound discretion of the court and should be based upon the facts and circumstances of each individual case. In re Adelphia Communications Corp., 52 B.R. 578, 586 (Bankr. S.D.N.Y. 2006); In re Texaco Inc., 76 B.R. 322 (Bankr. S.D.N.Y. 1987); In re McLean Indus., Inc., 87 B.R. 830 (Bankr. S.D.N.Y. 1987).   While section 1121(d)(1) of the Bankruptcy Code requires the bankruptcy court to find õcauseö to extend a debtorøs exclusivity periods, it is clear from the legislative history of that section that the bankruptcy court is given broad flexibility in making such a determination so as to balance the competing interests of a debtor and its creditors. See H.R. Rep. No. 95-595, 95th Cong.; 2d Sess 221-222 (1978); In re Perkins, 71 B.R. 294 (W.D. Tenn. 1987) (õThe hallmark of Section [1121(d)] is flexibilityö).   In re Newark Airport/Hotel Ltd. Pøship., 156 B.R. 444, 451 (Bankr. D.N.J. 1993) (notice that Congress designed chapter 11 provision to enable a debtor to remain in control for some period of time, thereby making reorganization an attractive alternative to financially troubled companies).

11.      In determining whether cause exists to extend the Exclusive Period, the Court may consider a variety of factors including:

(a)     the size and complexity of the case;
(b)     the necessity for sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information;
(c)     the existence of good faith progress toward reorganization;
(d)     the fact that the debtor is paying its bills as they become due;
(e)     whether the debtor has demonstrated reasonable prospects for filing a viable plan;
(f)     whether the debtor has made progress in negotiations with its creditors;

    (g)      the amount of time which has elapsed in the case;

    (h)      whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and

    (i)      whether an unresolved contingency exists.

In re Adelphia, 352 B.R. at 587, In re McLean Indus., 87 B.R. 830 (Bankr. S.D.N.Y. 1987). However, not all of the Adelphia factors are relevant in every case and it is within the court's discretion to determine the relevancy and weight of each such factor. In re Hoffinger Indus., Inc., 292 B.R. 639, 644 (8th Cir. BAP 2003). Furthermore, although such factors are helpful, they serve only as a guide and not as required standards for courts to use when determining whether an extension of the exclusive periods should be granted in a particular case. In re R&G Properties, Inc., 2009 WL 269696 (Bankr. Vt. 2009).

12.     The Debtor respectfully submits that the Adelphia factors favor the Debtor's request for an extension of the exclusive right to solicit votes. As noted above, the bankruptcy case is progressing steadily, with the Plan having been timely filed, and a confirmation hearing scheduled for March 19, 2015.

13.     In view of the foregoing, the Debtor believes that sufficient cause exists for granting the requested extension of the exclusive right to solicit votes on its Plan.

**WHEREFORE,** the Debtor respectfully requests entry of an order consistent with the foregoing, together with such other and further relief as is just and proper.

Dated:    New York, New York
         March 9, 2015

                    Goldberg Weprin Finkel Goldstein LLP
                    *Attorneys for the Debtor*
                    1501 Broadway, 22nd Floor
                    New York, NY 10036
                    (212) 221-5700

                    By:    /s/ J. Ted Donovan, Esq.