**MORRISON COHEN LLP**
909 Third Avenue, 27th Floor
New York, New York 10029
(212) 735-8000
Y. David Scharf
Joseph T. Moldovan
Danielle Lesser
Robert K. Dakis
Brett Dockwell

*Counsel to Orchard Hotel, LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| D.A.B. GROUP LLC, | : | Case No.: 14-12057 (SCC) |
|  | : |  |
| Debtor | : |  |
|  | : |  |

**ORCHARD HOTEL, LLC'S OBJECTION TO DEBTOR'S**
**AMENDED PLAN OF REORGANIZATION**

Orchard Hotel, LLC ("Orchard"), by and through its undersigned counsel, hereby submits this objection to the Debtor's Second Amended Plan of Reorganization (the "Plan") filed by D.A.B. Group LLC (the "Debtor"), and respectfully states:

**PRELIMINARY STATEMENT**

For the vast majority of this case, Orchard and the Debtor have been able to constructively reach agreement on numerous gating issues, notwithstanding their significant disagreements regarding Orchard's entitlement to default interest. Indeed, the parties' working together led to the uncontested sale of the Property[1] to Arcade, and

---

[1] All terms that are not defined herein are defined in the Plan, and the Plan definition(s) apply to those terms with equal force and effect herein.

#5615038 \022022 \0004

ultimately to a Plan of reorganization that, if confirmed, will result in the estate saving significant amounts in transfer tax liability.

Notwithstanding the parties' best efforts to work together, and the benefit that confirmation of the Plan provides to all parties, the Debtor has chosen to use the Plan as a vehicle to hinder and delay Orchard's recovery of amounts that are clearly due and owing under the applicable loan documents, and not otherwise subject to any dispute, much less a bona fide dispute.

In particular, the Debtor for the first time in the Plan has announced that Orchard is not entitled to interest at the non-default rate because "all accrued interest is in dispute . . . ." Plan at 10. However, while the Debtor filed a blunderbuss objection to Orchard's right to default rate interest, there is no mention in the objection of any dispute as to Orchard's right to interest at the non-default rate. As such, the Debtor's attempt to use the Plan to advance a litigation agenda that is beyond even its own objection to Orchard's claim is not in good faith, and violates section 1129(a)(3) of the Code. Therefore, unless the Debtor changes the Plan to provide for payment of all undisputed amounts, including interest at the non-default rate, the Plan cannot be confirmed.

## OBJECTION TO PLAN

In order for a plan of reorganization to be confirmed, it must satisfy the criteria set forth in section 1129(a) of the Bankruptcy Code. *See* 11 U.S.C. § 1129(a) (providing that the court shall confirm a plan "only if all the following requirements are met . . ."). Section 1129(a)(3) of the Bankruptcy Code provides that a plan must be "proposed in

#5615038 \022022 \0004

2

good faith and not by any means forbidden by law." 11 U.S.C. § 1129(a)(3). While arising in another context, courts have consistently held that a debtor is not acting in good faith where the debtor's plan is a mere litigation tactic, as opposed to acting with a valid reorganization intent. *See In re Surfango, Inc.*, 2009 Bankr. LEXIS 4172 (Bankr. D.N.J. Dec. 18, 2009) (holding that in considering whether a plan satisfies section 1129(a)(3) two "relevant inquiries deserve focus: (1) whether the plan serves a valid bankruptcy purpose, e.g., by preserving a going concern or maximizing value, and (2) whether the plan is proposed to obtain a tactical litigation advantage" and denying confirmation of a plan for being proposed in bad faith where the plan was used as a tactic in a litigation between shareholders of the debtor); *see also*, *In re SGL Carbon Corp.*, 200 F.3d 154 (3d Cir. 1999) (dismissing case as filed in bad faith where bankruptcy filing was a litigation tactic used to frustrate efforts of parties litigating against the debtor). Stated succinctly, a plan of reorganization that either unnecessarily delays, or worse, silently eliminates, payment of undisputed sums to a senior secured creditor simply because of clever drafting is patently unconfirmable.

Here, the Debtor's Plan is little more than a litigation tactic that attempts to gain additional leverage in the dispute between the Debtor and Orchard by withholding from payment amounts that are not presently disputed. Section 4.3 of the Plan discusses the timing of payments to Orchard. Pursuant to the Plan, on the Closing Date, the Debtor will "establish a reserve for all amounts in dispute" and pay to Orchard amounts not in dispute. However, the Plan then proceeds to define the amounts not in dispute as only the principal portion of the Orchard Mortgage Claim and the documented protective

#5615038 \022022 \0004

advances. The Debtor makes no provision for the payment of non-default rate interest on either the undisputed principal or the protective advances.[2]

Instead the Debtor claims, for the first time, that "all accrued interest is in dispute . . . ." Plan at 10. However, nowhere in the Debtor's blunderbuss objection to Orchard's claim is there any argument that Orchard's entitlement to interest at the non-default rate is subject to any question. The Claim Litigation involves only Orchard's entitlement to interest at the default rate and attorneys' fees. Indeed, the Plan itself notes that the Debtor's objection challenges "Orchard's entitlement to default interest and legal fees." *Id.* As such, the only pleading in this bankruptcy case that provides any challenge to Orchard's right to interest at the non-default rate is the Plan. This type of blatant bootstrapping of a Plan to advance new arguments against a claim that were not raised in the previously filed objection cannot be countenanced.

Orchard and the Debtor agree on very few things. However, the issues that the parties squarely agree on include: (i) Brooklyn Federal Savings Bank ("BFSB") advanced $13,460,973 to the Debtor, (ii) that the instruments governing the advances set the interest rate at 7.75%, and (iii) that the Debtor had not repaid Orchard, as the successor in interest to BFSB, as of the Petition Date. As such, there is no credible argument that interest at the non-default rate is in question, and the Plan cannot be used as the vehicle to create an objection where one has not otherwise been raised.

---

[2] As of the Petition Date, accrued interest on the principal amounts owing on both the building loan and project loan was, in total, $4,324,730.88. Additional interest has accrued on the protective advances, and those amounts can be provided to the Debtor at the appropriate time.

#5615038 \022022 \0004

4

To be clear, Orchard believes that the Plan is in the best interests of the estate and that confirmation of the Plan will increase recoveries to creditors. However, that fact alone does not justify confirmation of a Plan that would otherwise delete a senior secured creditor's right to timely payment of undisputed amounts.[3] As such, the Court should direct the Debtor to amend the Plan to provide for payment of all accrued interest at the non-default rate. In the absence of this amendment, the Plan is simply not confirmable.

The remainder of this page is intentionally blank.

---

[3] While not an issue for the Plan, Orchard as the senior secured creditor is also entitled to post-petition interest under section 506(b). There is little question that if the sale to Arcade closes, Orchard is oversecured regardless of whether it wins the Claim Litigation or not, and Orchard's previously filed proof of claim specifically reserves the right to amend the claim to seek post-petition interest if appropriate. Orchard intends to amend its proof of claim to include post-petition interest at the appropriate time.

#5615038 \022022 \0004

## CONCLUSION

WHEREFORE, Orchard respectfully requests that the Court direct the Debtor to revise the Plan to provide for payment of interest at the non-default rate, and award Orchard such other and further relief as the Court deems appropriate.

Dated: March 12, 2015
New York, N.Y.

                                            MORRISON COHEN LLP

                                            By: /s/ Joseph T. Moldovan
                                                  Joseph T. Moldovan
                                                  Robert K. Dakis
                                          909 Third Avenue
                                          New York, New York 10022
                                          Telephone:  (212) 735-8600
                                          Fax:  (212) 735-8708
                                          bankruptcy@morrisoncohen.com
                                          www.morrisoncohen.com

                                          *Counsel to Orchard Hotel, LLC*

#5615038 \022022 \0004