GOLDBERG WEPRIN
FINKEL GOLDSTEIN LLP
1501 Broadway, 22nd Fl.
New York, New York 10036
(212) 221-5700
Kevin J. Nash, Esq.
*Counsel to the Debtors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | |
| D.A.B. Group LLC, | Case No. 14-12057 (SCC) |
| Debtor. | |
| In re: | |
| 77-79 Rivington Street Realty LLC, | Case No. 14-10339 (SCC) |
| Debtor. | |

## NOTICE OF PRESENTMENT OF ORDER
## RELATING TO INSTALLATION OF A CELLAR WALL

PLEASE TAKE NOTICE that the undersigned counsel for the Debtors intends to present to the Honorable Shelley C. Chapman, for signature on **March 23, 2015 at 2:00 p.m.** (ET), the attached order ("**Order**") relating to installation of a cellar wall.

PLEASE TAKE FURTHER NOTICE that objections to the Order must be in writing, filed with the Bankruptcy Court and shall be served upon: (a) the undersigned counsel to the Debtors; and (b) Halperin Battaglia Raicht LLP, 40 Wall Street, 37th Floor, New York, NY 10015, Attn: Donna H. Lieberman, Esq.; so as to be actually received **no later than March 23, 2015, at 11:00 a.m. (ET).**

Dated: New York, NY  
      March 13, 2015

GOLDBERG WEPRIN  
FINKEL GOLDSTEIN LLP  
*Attorneys for the Debtor*  
1501 Broadway, 22nd Fl.  
New York, New York 10036  
Tel: (212) 221-5700  
Fax: (212) 221-6532  
knash@gwfglaw.com

By:   /s/ Kevin J. Nash, Esq.

To:   All creditors of the Respective Debtors

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                          Chapter 11

D.A.B. GROUP LLC,                                               Case No. 14-12057 (SCC)

                            Debtor.
------------------------------------------------------------x
In re:                                                          Chapter 11

77-79 RIVINGTON STREET REALTY LLC,                              Case No. 14-10339 (SCC)

                            Debtor.
------------------------------------------------------------x

## ORDER GRANTING MOTION RELATING
## TO INSTALLATION OF A CELLAR WALL

Upon the motion of D.A.B. Group LLC, the Debtor herein; and upon the Agreement of Purchase and Sale, dated December ___, 2014 (the "Sale Contract") previously approved by Order dated February 19, 2015 (ECF #103); and good and sufficient notice of this Order having been given to the creditors of both the Debtor and its affiliate, 77-79 Rivington Street Realty LLC ("Rivington"); and no objections have been raised; and it is being represented by Arcade Orchard Street LLC that the proposed installation of the cellar wall will be done lawfully and in a manner that does not diminish the value of the adjacent property owned by Rivington; it is

ORDERED that following the closing of the sale transaction, Arcade Orchard Street LLC and its agents are authorized to proceed with installation of a cellar wall to separate the shared basement space in accordance with the attached diagram annexed hereto as Exhibit "A" (the "Cellar Wall"), with such construction to be done in accordance with applicable law; and it is further

ORDERED, that the Debtor, Rivington and their respective agents and assigns, shall cooperate with the lawful construction of the Cellar Wall and provide reasonable access to the adjoining property for the installation; and it is further

ORDERED, that this Court shall retain exclusive jurisdiction with respect to all matters or disputes arising from or relating to the implementation of this Order.

Dated: New York, New York
       March __, 2015

                                                        Hon. Shelley C. Chapman
                                                        United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                              Chapter 11

D.A.B. GROUP LLC,                                        Case No. 14-12057 (SCC)

                                           Debtor.
------------------------------------------------------------x
In re:                                                              Chapter 11

77-79 RIVINGTON STREET REALTY LLC,       Case No. 14-10339 (SCC)

                                           Debtor.
------------------------------------------------------------x

## MOTION RELATING TO INSTALLATION OF A CELLAR WALL

TO:  THE HONORABLE SHELLEY C. CHAPMAN,
     U.S. BANKRUPTCY JUDGE

        D.A.B. Group LLC (the "D.A.B. Debtor"), as and for its motion relating to installation of a cellar wall in connection with the anticipated acquisition of the property at 139-141 Orchard Street (the "Hotel Property") by Arcade Orchard Street LLC or its designee ("Arcade"), represents and shows as follows:

        1.    The D.A.B. Debtor is currently a party to a sales contract to sell the Hotel Property to Arcade for the sum of $33,000,000 pursuant to Agreement of Purchase and Sale, dated December ___, 2014 (the "Sale Contract").

        2.    The sale to Arcade was approved by the Bankruptcy Court pursuant to Order dated February 19, 2015 (ECF #103).

        3.    The sale of the Hotel Property is anticipated to close following confirmation of the D.A.B. Debtor's Second Amended Plan of Reorganization dated February 26, 2015 (ECF #110). The confirmation hearing is presently scheduled for March 19, 2015 at 11:00 a.m.

4. Under paragraph 14(l) of the Sale Contract, the D.A.B. Debtor agreed to use best efforts to facilitate cooperation with its affiliate 77-79 Rivington Street Realty LLC (the "Rivington Debtor") with respect to the installation of a cellar wall to separate a shared basement.

5. Currently, there is an open cellar space (below ground) relating to both the Hotel Property and the adjoining property owned by the Rivington Debtor at 77-79 Rivington Street. The Rivington property is subject to a mortgage lien held by BNH Rivington LLC.

6. Arcade has indicated that after the closing on the sale, it intends to construct a cellar wall, at its own expense, to close-off the basement in accordance with the attached diagram annexed hereto as Exhibit "A". The construction is necessary because after the sale, the two properties will be separately owned, and can no longer share a common cellar.

7. Pursuant to the Sale Contract, the installation by Arcade shall be in a manner that does not diminish the value of either property and otherwise complies with applicable law.

8. Although the Sales Contract was previously approved, the purpose of this motion is to give creditors and other parties in interest in both bankruptcy cases (i.e. D.A.B. and Rivington) the opportunity to be heard directly in connection with the proposed installation of the cellar wall.

9. It has been represented by Arcade that the proposed installation of a cellar wall will be done in a manner not to impose any undue burden to either bankruptcy estate.

10. Notice of this motion is being provided to the Office of the U.S. Trustee, Arcade, all creditors of both the D.A.B. Debtor and the Rivington Debtor, and all those who filed requests for notices from either the D.A.B. Debtor or the Rivington Debtor.

**WHEREFORE**, the D.A.B. Debtor respectfully prays for an Order permitting Arcade to proceed with installation of a cellar wall to separate the shared basement space in accordance with the Sale Contract, together with such other and further relief as this Court may deem just and proper.

Dated: New York, New York
March 13, 2015

>
> GOLDBERG WEPRIN
> FINKEL GOLDSTEIN LLP
> Attorneys for the D.A.B. and
> Rivington Debtors
> 1501 Broadway – 22nd Floor
> New York, New York 10036
> (212) 221-5700
>
> By: _____
>     Kevin J. Nash

x:\gwfg\new data\yen\word\dab group llc - zhabe.34146\motion for installation of cellar wall (3-12-15).docx

# EXHIBIT A

