# Exhibit 4

14-12057-scc    Doc 120-4    Filed 03/13/15    Entered 03/13/15 18:07:40    Exhibit 4
Pg 1 of 7

1

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF NEW YORK: CIVIL TERM: IAS PART 53
- - - - - - - - - - - - - - - - - - - - - x
ORCHARD HOTEL, LLC,
          Plaintiff,

                                           Index No.
                                           850044/11

     -against-

D.A.B. GROUP, LLC, ORCHARD CONSTRUCTION, LLC,
FLINTLOCK CONSTRUCTION SERVICES, LLC, JJK
MECHANICAL, INC., EDWARD MILLS & ASSOCIATES
ARCHITECTS, P.C., CASINO DEVELOPMENT GROUP,
INC., CITYWIDE CONSTRUCTION WORKS, INC., EMPIRE
TRANSIT MIX, INC., MARJAM SUPPLY CO., INC.,
ROTAVELE ELEVATOR, INC., SMK ASSOCIATES, INC.,
FJF ELECTRICAL CO., INC, CITY OF NEW YORK, NEW
YORK STATE DEPARTMENT OF TAXATION & FINANCE,
LEONARD B. JOHNSON, CITY OF NEW YORK
ENVIRONMENTAL CONTROL BOARD, BROOKLYN FEDERAL
SAVINGS BANK, STATE BANK OF TEXAS, and JOHN DOE
#1 through JOHN DOE #100, the last 100 names
being fictitious, their true identities unknown
to plaintiffs, and intended to be the tenants,
occupants, persons or corporations, if any,
having or claiming an interest in or lien upon
the premises described in the complaint,
          Defendants.
- - - - - - - - - - - - - - - - - - - - - x
                    July 31, 2012
                    60 Centre Street
                    New York, New York


B E F O R E:

      HON. CHARLES E. RAMOS,

                         Justice


A P P E A R A N C E S:

MORRISON COHEN LLP
Attorneys for Plaintiff
909 Third Avenue
New York, New York 10022
BY: Y. DAVID SCHARF, ESQ.

```
 1

 2   MORRISON COHEN LLP
     Attorneys for Defendant Orchard Construction
 3   909 Third Avenue
     New York, New York  10022
 4   BY:  BRETT D. DOCKWELL, ESQ.

 5

     FAVATA & WALLACE, LLP
 6   Attorneys for Defendant D.A.B. Group, LLC
     228 East 45th Street
 7   New York, New York  10017
     BY:  WILLIAM G. WALLACE, ESQ.

 8


 9   HOLLANDER & STRAUSS, LLP
     Attorneys for Defendant Flintlock Construction
10   40 Cutter Mill Road
     Great Neck, New York  11021
11   BY:  LARRY B. HOLLANDER, ESQ.


12
     INGRAM YUZEK GAINEN CARROLL & BERTOLOTTI, LLP
13   Attorneys for Defendant Edward Mills & Associates
     250 Park Avenue
14   New York, New York  10177
     BY:  TARA B. MULROONEY, ESQ.

15


16   SACCO & FILLAS, LLP
     Attorneys for Defendant SMK Associates
17   31-19 Newtown Avenue
     Astoria, New York  11102
18   BY; JOHN GLOUMIS, ESQ.

19
     O'REILLY, MARSH & CORTESELLI, P.C.
20   Attorneys for Brooklyn Federal Savings Bank
     222 Old Country Road
21   Mineola, New York  11501
     BY:  JAMES G. MARSH, ESQ.

22


23
                         LEE RUTHEN
24                       Official Court Reporter


25

26
```

10

1                    Proceedings
2   predecessor, who was -- who were brought in as defendants on
3   the counterclaims.  He was addressing it in the context of a
4   3211.
5           In essence, what the defenses are here, Judge, is
6   that the borrower reasonably relied on representations.  Not
7   just representations and not just oral representations,
8   there were writings.  Counsel refers to them by consultants
9   and others.
10          The primary one was Joanne Gallo, I.  Believe she
11  ended up -- she may have been a consultant at the time, she
12  ended up being an executive vice-president at the original
13  lender, and, in fact, has submitted an affidavit in
14  connection with this motion for summary judgment in essence
15  authenticating documents.  She doesn't address the issues of
16  the defendants' defenses.
17          There is an e-mail in the opposition papers.  The
18  e-mail is a writing, Judge, and the e-mail references the
19  term of the loan.
20          Now, the loan on the face of it turned out on March
21  2011, no question.
22          On February 28, 2011, your Honor, the loan was
23  performing, payments were being made on the interest,
24  payments were being made on the advances, construction was
25  very active.
26          Flintlock, the defendant in this case and

**LEE RUTHEN - OFFICIAL COURT REPORTER - (646)386-3103**

11

1                    Proceedings
2  cross-movant, was the general contractor, the subs were
3  actively working.  March 1, shortly thereafter, the plug is
4  pulled and it goes down the tubes.
5        Why is this important?  In August of 2010, a new
6  general contractor was brought in supplanting this Cava
7  general contractor.  That contract needed to be approved by
8  the lender, Brooklyn Federal, the plaintiff's predecessor.
9        They approved that contract.  That contract called
10 for a substantial completion date 430 days subsequent to
11 August of 2010.  That would have brought us into November of
12 2011.  The bank approved that contract, they approved that
13 contract, your Honor, and shortly thereafter there was a
14 usual -- I think there was a rebar problem with the
15 concrete.
16       There is an e-mail from Joanne Gallo to my client,
17 principal of the owner of the company, saying Ben, I know
18 there is a problem with the rebar, I hope it doesn't delay
19 the ultimate completion of the project in November.  She
20 could have only been referring to November of 2011, several
21 months after the so-called maturity date --
22       THE COURT:  That was completion of the project.
23 How does that help us in extending the term of the loan?
24       MR. WALLACE:  Because they never would have
25 approved a general contract on this loan if the general
26 contractor wasn't sure that it was going to get paid by

**LEE RUTHEN - OFFICIAL COURT REPORTER - (646)386-3103**

1           Proceedings
2  Brooklyn Federal and maybe the plaintiff is different than
3  the estoppel defense.
4           I think the cases -- there are cases cited in my
5  papers, your Honor, the cases show that's what estoppel is
6  all about.
7           We're looking for fair play and justice here,
8  Judge.  All we're looking for is a deposition.  Let's take
9  the deposition of Joanne Gallo, another man, Bruce Gordon,
10 who sent these e-mails, maybe Mr. Patel, who is an officer
11 of the participant bank.
12          That's all the defendant has been asking for since
13 day one of this case.  Let's get a fair share here.  They
14 pulled the plug on this project having in essence extended
15 that loan to November of 2011, and the project would have
16 been substantially material and complete in --
17          THE COURT:  Plaintiff, how do we explain to the
18 Appellate Division that the bank, your predecessor,
19 consented to the completion of the project in November 2011?
20          How is that consistent with the completion date of
21 March 2011?
22          MR. SCHARF:  You are directing that to me, your
23 Honor?
24          THE COURT:  Yes.
25          MR. SCHARF:  First of all, the communication that
26 is Mr. Wallace was addressing never happened in the matter

1                          Proceedings

2      justifiable reliance has the same elements in the estoppel

3      scenario, it must fall as a matter of law.

4              THE COURT:  What authority do you have for that

5      proposition?  I'm aware of no case that holds that.

6              MR. SCHARF:  That hold that the justifiable

7      reliance for estoppel and fraud is one and the same?

8              THE COURT:  Yes.

9              MR. SCHARF:  Let me take a peek, your Honor.

10             THE COURT:  To put it in a criminal context, it is

11     as if estoppel is a lesser degree of a crime.

12             MR. SCHARF:  It is a lesser included offense?

13             THE COURT:  I'm really disturbed -- you've sent

14     notices out for depositions, I take it.

15             MR. WALLACE:  With the answer for September, your

16     Honor.

17             MR. HOLLANDER:  Your Honor, I represent Flintlock.

18     We had sent out discovery demands at the beginning of this

19     case, and Mr. Scharf's client has moved for a protective

20     order in connection with that discovery under their argument

21     that, as a matter of law, any discovery documentation-wise,

22     depositions, is irrelevant based on their legal position.

23             So discovery demands are out there.

24             MR. SCHARF:  Just so you know, Judge Fried -- we

25     had a number of conferences, and Judge Fried had not

26     permitted the discovery that they are talking about to go