# Exhibit 5

```
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  CIVIL TERM:  PART:  53
------------------------------------------X
ORCHARD HOTEL, LLC,

                        Plaintiff,
                                              INDEX NO.
          -against-                           850044/11

D.A.B. GROUP, LC; ORCHARD CONSTRUCTION,
LLC; FLINTLOCK CONSTRUCTION SERVICES,
LLC; JJ K MECHANICAL INC.; EDWARD MILLS &
ASSOCIATES, ARCHITECTS, P.C.; CASINO
DEVELOPMENT GROUP, INC.; CITYWIDE
CONSTRUCTION WORKS, INC.; EMPIRE
TRANSIT MIX, INC.; MARJAM SUPPLY CO., INC.;
ROTAVELE ELEVATOR, INC.; SMK ASSOCIATES, INC.,
FJF ELECTRICAL CO, INC.; CITY OF NEW YORK;
NEW YORK STATE DEPARTMENT OF TAXATION &
FINANCE; LEONARD B. JOHNSON; CITY OF
NEW YORK ENVIRONMENTAL CONTROL BOARD;
BROOKLYN FEDERAL SAVINGS BANK; STATE
BANK OF TEXAS and JOHN DOE #1 through JOHN
DOE #100, the last 100 names being fictitious,
their true identities unknown to plaintiffs,
and intended to be the tenants, occupants,
persons or corporations, if any, having
or claiming an interest in or lien upon the
premises described in the complaint,

                        Defendants.
------------------------------------------X

                              60 Centre Street
                              New York, New York 10007
                              July 9, 2013

B E F O R E:

THE HONORABLE CHARLES E. RAMOS,
                                    J U S T I C E




            (APPEARANCES ON FOLLOWING PAGE)
```

*Eric Allen*
*Official Court Reporter*

```
 1
 2    A P P E A R A N C E S:

 3    MORRISON COHEN, LLP
      Attorneys for Plaintiff
 4    909 Third Avenue
      New York, New York 10022
 5    BY:  Y. DAVID SCHARF, ESQ.
           DANIELLE C. LESSER, ESQ.
 6         BRETT D. DOCKWELL, ESQ.

 7


 8
      FAVATA & WALLACE, LLP
 9    Attorneys for Defendant D.A.B. Group
      229 Seventh Street - Suite 300
10    Garden City, New York 11530
      BY:  WILLIAM G. WALLACE, ESQ.
11

12

13    EVERETT N. NIMETZ, ESQ
      Attorney for Defendant D.A.B. Group
14    125-10 Queens Boulevard - Suite 311
      Kew Gardens, New York 11415
15

16

17    HOLLANDER & STRAUSS, LLP
      Attorneys for Defendant Flintlock Construction
18    40 Cutter Mill Road - Suite 203
      Great Neck, New York 11021
19    BY:  LARRY B. HOLLANDER, ESQ.

20
      O'REILLY, MARSH & CORTESELLI, P.C.
21    Attorneys for Defendants Brooklyn Federal Savings
      and State Bank of Texas
22    222 Old Country Road - 2nd Floor
      Mineola, New York 11501
23    BY:  WILLIAM B. HARVEY, ESQ.

24
                                          (continued)
25

26
```

```
 1
 2    A P P E A R A N C E S:

 3
      INGRAM, YUZEK, GAINEN, CARROLL & BERTOLOTTI, LLP
 4    Attorneys for Defendant Edward Mills & Assocaites
      250 Park Avenue
 5    New York, New York 10177
      BY:   TARA B. MULROONEY, ESQ.
 6

 7

 8

 9

10

11

12                       *     *     *

13

14

15

16

17

18                           .

19

20

21

22

23

24

25

26
```

1
2  believe the decision, in sum or substance, says there
3  is no writing evidencing this purported extension --
4      THE COURT: When did you send that document to
5  them?
6      MR. WALLACE: Well, the document actually --
7      MS. LESSER: May 24th.
8      THE COURT: May 24th was a Friday before
9  Memorial Day weekend and they issued their decision on
10 the 28th, which is the next business day.
11     MR. WALLACE: They never saw it, Judge. It got
12 to the clerk and he -- counsel is here. I will just
13 tell you that what has been relayed to me is that the
14 clerk called up and said they are not going to look at
15 it. They are not going to look at evidence or a long
16 letter.
17     THE COURT: Normally, you would have to get
18 permission to submit something in addition to the --
19     MR. WALLACE: So we drafted a short letter
20 saying we want permission to renew this and, of course,
21 that was denied, too, because on what basis? The case
22 is over.
23     THE COURT: I think it's pretty clear from
24 reading the decision that whoever drafted it never saw
25 that letter.
26     MR. WALLACE: Absolutely.

*Eric Allen*
*Official Court Reporter*

1
2      Maybe we should have the plaintiff replead.
3  Sorry, D.A.B. replead.
4      MR. WALLACE: Defendant on the counterclaim.
5      THE COURT: Yes.
6      MR. SCHARF: They don't need to, Judge.
7      THE COURT: Before we jump to conclusions --
8      MR. WALLACE: In fact --
9      THE COURT: We have new facts not known, for
10 whatever reason -- and I don't want to get into that
11 now -- not known to the defendant when they drafted the
12 counterclaim. We are now dealing with a different set
13 of facts and a motion addressed to a counterclaim
14 drafted before the discovery. It makes no sense.
15     MR. SCHARF: Your Honor, if he were to make an
16 oral application --
17     THE COURT: If the defendant were to replead --
18 I'm trying to think what do we have here. Is it a
19 contract? Is it some kind of a fraud? Is it -- I
20 don't know what it is. I shouldn't have to draft that
21 claim. They should draft it.
22     MR. WALLACE: And you're right, your Honor. We
23 were in no position, as you know, when we got served
24 with the complaint and prepared an answer and
25 counterclaim, the first thing you do is ask the client:
26 I read these documents. Is there a writing extending

*Eric Allen*
*Official Court Reporter*

1
2   this agreement? He says they told me, they kept
3   telling me back to August of 2010 don't worry. Your
4   loan is extended. We only found out a month ago, six
5   weeks ago that it had been extended in writing.
6       THE COURT: I think the only logical thing to do
7   here is to grant reargument to the extent of denying
8   the motion under 3211 without prejudice and
9   permitting -- granting leave to the counterclaim
10  defendant to replead the counterclaim. Then we can
11  deal with a 3211 motion knowing precisely what they
12  pled. You are asking me to dismiss a claim that hasn't
13  been pled yet.
14      MR. SCHARF: No, your Honor. I am asking you --
15  let's deal with it from any theory. Let's just deal
16  with breach of contract. Please, just give me a couple
17  of minutes, Judge, because I know it's troubling you
18  and I am trying to address it.
19      THE COURT: Sure. You are putting me in a
20  position of being an advocate for the plaintiff and I
21  shouldn't. I don't know what their claim is now.
22      MR. SCHARF: They have stated what their claim
23  is. Mr. Wallace put it in his affidavit.
24      THE COURT: Good, then let him replead.
25      MR. SCHARF: Judge, no --
26      THE COURT: Yes.

*Eric Allen*
*Official Court Reporter*

THE COURT: Your motion under 3211 -- sorry. Your motion to renew is granted. To the extent that you are granted leave to replead, the underlying motion that dismissed the counterclaim is hereby vacated. Judge Fried's decision is withdrawn by me because now I am the judge.

You have leave to move again under 3211 once the defendant, D.A.B., has finally answered, and you are going to answer now, as well. Is it an answer or are you a third-party claimant?

MR. HOLLANDER: I am a defendant as a lienor.

But may I, just for the record, your Honor, clarify respectfully that when you were pointing and giving instructions, you were first referring to D.A.B.'s counsel and secondarily pointing to Orchard's counsel because it's not clear on the record that you were granting D.A.B..

(PLEASE CONTINUE ON FOLLOWING PAGE)

THE COURT: Oh, you're right. I thought we were