# Exhibit 9

NEW YORK STATE SUPREME COURT
COUNTY OF NEW YORK
-------------------------------------------------------------------X
ORCHARD HOTEL, LLC,

                     *Plaintiff,*

-against-

D.A.B. GROUP LLC, CAVA CONSTRUCTION
& DEVELOPMENT, INC., FLINTLOCK
CONSTRUCTION SERVICES LLC, JJK
MECHANICAL INC., EDWARD MILLS &
ASSOCIATES, ARCHITECTS PC, CASINO
DEVELOPMENT GROUP, INC., CITYWIDE
CONSTRUCTION WORKS INC., EMPIRE
TRANSIT MIX INC., MARJAM SUPPLY CO.,
INC., ROTAVELE ELEVATOR INC., SMK
ASSOCIATES INC., FJF ELECTRICAL CO. INC.,
CITY OF NEW YORK, NEW YORK STATE
DEPARTMENT OF TAXATION AND FINANCE,
and JOHN DOE #1 through JOHN DOE #100, the
last 100 names being fictitious and unknown to
plaintiff, the persons, or parties intended being the
tenants, occupants, persons or corporations, if any,
having or claiming an interest in or lien upon the
premises described in the complaint,

                     *Defendants,*

INDEX NO.: 850044/2011
Date Purchased: 7/1/11

Plaintiff designated New York County
as place of trial.

The basis of the venue is CPLR§507

**SUPPLEMENTAL
SUMMONS**

D.A.B. GROUP, LLC,

                     *Defendant/
Counterclaiming
Plaintiff,*

-against-

BROOKLYN FEDERAL SAVINGS BANK and
STATE BANK OF TEXAS

                     *Defendants on
the Counterclaims*
-------------------------------------------------------------------X
To the above named Counterclaim Defendant(s):

    **YOU ARE HEREBY SUMMONED** to answer the Counterclaims in this action and to
serve a copy of your answer, on the Counterclaiming Plaintiff's Attorneys within twenty (20) days

after the service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York); and in the case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

**Dated: Garden City, New York**
       **August 15, 2011**

                                    Yours, etc.,

                                    **FAVATA & WALLACE, LLP**
                                    *Attorneys for Defendant(s) / Counterclaiming Plaintiff*

BY: _____
                                    William G. Wallace, Esq.
                                    229 Seventh Street, Suite 300
                                    Garden City, New York 11530
                                    Tel.: (516) 742-9494

NEW YORK STATE SUPREME COURT
COUNTY OF NEW YORK
------------------------------------------------------------------X

ORCHARD HOTEL, LLC,

                        *Plaintiff,*          Index No. 850044/2011

    -*against*-

                                                         <u>**VERIFIED ANSWER**</u>
                                                        <u>**AND COUNTERCLAIMS**</u>

D.A.B. GROUP LLC, CAVA CONSTRUCTION
& DEVELOPMENT, INC., FLINTLOCK
CONSTRUCTION SERVICES LLC, JJK
MECHANICAL INC., EDWARD MILLS &
ASSOCIATES, ARCHITECTS PC, CASINO
DEVELOPMENT GROUP, INC., CITYWIDE
CONSTRUCTION WORKS INC., EMPIRE
TRANSIT MIX INC., MARJAM SUPPLY CO.,
INC., ROTAVELE ELEVATOR INC., SMK
ASSOCIATES INC., FJF ELECTRICAL CO. INC.,
CITY OF NEW YORK, NEW YORK STATE
DEPARTMENT OF TAXATION AND FINANCE,
and JOHN DOE #1 through JOHN DOE #100, the
last 100 names being fictitious and unknown to
plaintiff, the persons, or parties intended being the
tenants, occupants, persons or corporations, if any,
having or claiming an interest in or lien upon the
premises described in the complaint,

                        *Defendants,*


D.A.B. GROUP, LLC,

                        *Defendant/*
                        *Counterclaiming*
                        *Plaintiff,*

    -*against*-

BROOKLYN FEDERAL SAVINGS BANK and
STATE BANK OF TEXAS

                        *Defendants on*
                        *the Counterclaims*
------------------------------------------------------------------X

Defendant D.A.B. Group LLC ("DAB") by its attorneys FAVATA & WALLACE, LLP answers the Complaint herein and asserts affirmative defenses and counterclaims against the Plaintiff and against additional Defendants on the counterclaims as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraphs 1, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 20, 27, 28, 33, 43, 44, 52, 53, 56, 65, 66, 67, 68, 76, 77, 78, 79, 80, 86, 89 and 90.

2. Denies each and every allegation set forth in Paragraphs 19, 21, 22, 23, 25, 29 and 30 and refers this Court to the document referred to therein for the terms, conditions and construction of said document.

3. Denies each and every allegation set forth in Paragraphs 24, 34, 40, 45, 46, 47, 49, 50, 51, 61, 62, 63, 69, 75, 81, 82, 83, 84, 85 and 87.

4. Denies each and every allegation set forth in Paragraph 54 of the Complaint except admits that there is a prior action pending between the Plaintiff and this Defendant's principal for relief based on the identical documents as alleged herein and said prior action pending constitutes a bar to this action pursuant to CPLR Rule3211(a)(4) and further constitutes a bar to this action based on the legal doctrine of "election of remedies".

5. Denies each and every allegation set forth in Paragraphs 55, 57, 58, 59, 60, 70 and 71 and refers this Court to the document referred to therein for the

terms, conditions and construction thereof.

6. Denies each and every allegation set forth in Paragraph 88 of the Complaint except admits that there is a prior action pending between this Plaintiff and this answering Defendant's principal, which prior action pending constitutes a bar to this action pursuant to CPLR Rule3211(a)(4) and constitutes a further bar to this action based on the legal doctrine of "election of remedies".

## FIRST AFFIRMATIVE DEFENSE

7. There is another action pending between the same parties for the same causes of action in Supreme Court of The State of New York, County of Kings under Index No.: 15013/11 therefore this action is barred by CPLR Rule 3211(a)(4).

## SECOND AFFIRMATIVE DEFENSE

8. An action has been commenced in Supreme Court State of New York, County of Kings entitled *Orchard Hotel, LLC v. Ben Zhavian* under Index No.: 15013/11 (the "Kings County Action").

9. The Kings County Action was commenced on or about June 30, 2011 pursuant to CPLR§3213.

10. The Kings County Action seeks judgment on the identical project loan notes and building loan notes that are the subject of the within foreclosure action.

11. The Kings County Action seeks to impose personal liability on the Defendant therein by reason of the Defendant's purported personal guarantee of

the project loan notes and building loan notes.

12. The within action was commenced on or about July 1, 2011 subsequent to the Kings County Action.

13. By reason of the commencement of the Kings County Action seeking to impose liability on the note herein, the Plaintiff has elected a remedy and is thereby precluded from pursuing the within foreclosure action.

### THIRD AFFIRMATIVE DEFENSE

14. The first cause of action fails to state a cause of action.

### FOURTH AFFIRMATIVE DEFENSE

15. The second cause of action fails to state a cause of action.

### FIFTH AFFIRMATIVE ACTION

16. Upon information and belief, Plaintiff's assignor Brooklyn Federal Savings Bank failed to maintain proper reserves and capitalization to fund the DAB building loan.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE, FIRST COUNTERCLAIM AND OFFSET AGAINST PLAINTIFF ORCHARD HOTEL, LLC AND AS AND FOR A FIRST COUNTERCLAIM AGAINST ADDITIONAL DEFENDANTS ON THE COUNTERCLAIM BROOKLYN FEDERAL SAVINGS BANK AND STATE BANK OF TEXAS PURSUANT TO CPLR§3019(a) and (d), THIS ANSWERING DEFENDANT ALLEGES THE FOLLOWING:

17. At all times hereinafter mentioned Defendant D.A.B. Group, LLC ("DAB") was and still is a New York Limited Liability Company.

18. Upon the information and belief, at all times hereinafter mentioned, Defendant Brooklyn Federal Savings Bank ("Brooklyn Federal") was and still is a federally chartered savings bank maintaining its principal place of business in the County of Kings, State of New York.

19. Upon information and belief, at all times hereinafter mentioned, Defendant State Bank of Texas ("State Bank") was and still is a bank organized and existing and chartered in the state of Texas.

20. Upon information and belief, all times hereinafter mentioned Defendant State Bank was doing business in the State of New York.

21. Upon information and belief, at all times hereinafter mentioned, Defendant State Bank was transacting business in the State of New York.

22. Upon information and belief, at all times hereinafter mentioned, Plaintiff Orchard Hotel, LLC ("Orchard Hotel") was and still is a New York Limited Liability Company.

23. The counterclaims asserted hereinafter are interposed against Plaintiff herein, Orchard Hotel and the additional Defendants on the counterclaims, Brooklyn Federal and State Bank pursuant to CPLR§3019(a) and (d).

24. Upon information and belief "The Project Loan" as defined in the complaint herein was a loan in which Plaintiff's assignor Brooklyn Federal was

the named lender.

25. Upon information and belief, The Project Loan as defined by the complaint herein was a loan in which State Bank was a participant lender but unnamed in the loan documents.

26. Upon information and belief, "The Building Loan" as defined by the complaint herein was a loan in which Brooklyn Federal was the named lender, and a participant in the loan.

27. Upon information and belief, The Building Loan was a loan in which State Bank was a participant lender but unnamed in the loan documents.

28. Plaintiff Orchard Hotel is the assignee of Brooklyn Federal with respect to The Project Loan and The Building Loan.

29. By virtue of State Bank's participation in each of the aforereferenced loans, Plaintiff Orchard Hotel is the assignee of State Bank.

30. The Project Loan and The Building Loan (hereinafter jointly referred to as "The Loan") initially provided for a loan maturity date of March 1, 2011.

31. Prior to March 1, 2011 Defendant DAB and additional Defendants on the counterclaim Brooklyn Federal and State Bank engaged in negotiations for an extension of The Loan maturity date beyond March 1, 2011.

32. In connection with the negotiations among the parties for an extension of The Loan maturity date Brooklyn Federal and State Bank explicitly approved a general contract between DAB and one Flintlock Construction Services, LLC

("Flintlock").

33. The aforesaid general contract between DAB and Flintlock expressly provided a construction completion date well beyond the purported March 1, 2011 loan maturity date.

34. In furtherance of their express approval of the general contract between DAB and Flintlock, Brooklyn Federal and State Bank drafted and required DAB and Flintlock to execute a certain "Affidavit and Estoppel Certificate" ("Estoppel Certificate") a copy of which is annexed to the complaint herein as Exhibit "D".

35. The aforesaid Estoppel Certificate provides, in pertinent part, that "lender and borrower hereby confirm, renew and extend the rights...").

36. Thereafter Brooklyn Federal repeatedly represented to DAB that the loan maturity date would be extended beyond March 1, 2011.

37. Thereafter, State Bank repeatedly represented to DAB that the loan maturity date would be extended beyond March 1, 2011.

38. The representations made by Brooklyn Federal and State Bank to DAB regarding their agreement to extend the maturity date were false when made.

39. The representations made by Brooklyn Federal and State Bank to DAB that the loan maturity date would be extended were known to Brooklyn Federal and State Bank to be false when made by them to DAB.

40. Both Brooklyn Federal and State Bank repeatedly requested that DAB execute a certain "Pre Negotiation Agreement" which Pre Negotiation Agreement

provided that DAB would waive any and all defenses it may have against Brooklyn Federal and State Bank.

41. The false representations made by Brooklyn Federal and State Bank to DAB that they were extending the maturity date of the loan were made for the purpose of inducing DAB to rely thereon.

42. By reason of the course of dealing between the parties prior thereto, DAB's reliance on the false representations of Brooklyn Federal and State Bank was justifiable.

43. Both Brooklyn Federal and State Bank repeatedly and falsely represented to DAB that they had applied for the requisite permission from the federal Office Of Thrift Supervision ("OTS") for permission to explicitly and in writing extend the maturity date of The Loan.

44. In fact, the representations and statements made by Brooklyn Federal and State Bank to DAB that they were requesting permission from OTS to extend the maturity were false when, in fact, Brooklyn Federal and State Bank were in the process of negotiating the sale and assignment and had already entered into a contract for the sale and assignment of The Loan to Plaintiff Orchard Hotel and had no intention of confirming, in writing, that The Loan maturity date was extended.

45. The false and fraudulent representations made by Brooklyn Federal and State Bank to DAB were made solely for the purpose of inducing DAB to rely

thereon and DAB did in fact rely thereon by, among other things, not pursuing a refinance of the loan or a sale of the building project.

46. DAB's reliance on the false and fraudulent representations made by Brooklyn Federal and State Bank was justifiable under the circumstances in that Brooklyn Federal had approved the general contract between DAB and Flintlock which contract provided for a construction completion date well after The Loan maturity date and in approving said contract Brooklyn Federal drafted and required the Estoppel Certificate which it states "lender and borrower hereby confirm renew and extend the rights...", be executed by DAB and Flintlock.

47. By reason of the foregoing, DAB's reliance on the false and fraudulent representations made by Brooklyn Federal and State Bank was justifiable under the circumstances.

48. In reliance on the foregoing false and fraudulent representations DAB delayed in seeking a refinance of the loan or sale of the building project.

49. By reason of the foregoing false and fraudulent representations made by Brooklyn Federal and State Bank, Plaintiff Orchard Hotel as assignee stands in the shoes of Brooklyn Federal and State Bank.

50. By reason of the foregoing DAB has been damaged in a sum not yet determined but believed to be in excess of fifty million dollars ($50,000,000.00).

## AS AND FOR A SECOND OFFSET AND COUNTERCLAIM AGAINST PLAINTIFF ORCHARD HOTEL AND SECOND

## COUNTERCLAIM AGAINST ADDITIONAL DEFENDANTS

## BROOKLYN FEDERAL AND STATE BANK

51. Defendant DAB repeats, reiterates and realleges each and every allegation set forth in the foregoing counterclaim as if those allegations were set forth herein at length.

52. During the term of The Building Loan, Brooklyn Federal failed and refused to make appropriate building loan advances.

53. During the term of The Building Loan Agreement Defendant Brooklyn Federal wrongfully and improperly delayed making loan advances without just cause and in breach of the terms of The Building Loan.

54. Brooklyn Federal, in failing and delaying loan advances, impaired DAB's ability to pay contractors and sub-contractors.

55. Brooklyn Federal's failure to and delay in making advances thereby resulted in judgments and liens against DAB.

56. State Bank, as a participant lender and joint venturer of Brooklyn Federal is responsible for the wrongful actions of Brooklyn Federal.

57. Brooklyn Federal's actions as alleged herein constitute a breach of contract pursuant to the loan documents.

58. Orchard Hotel as the assignee of Brooklyn Federal is liable at least to the extent of an offset herein.

59. By reason of Brooklyn Federal's breach of contract DAB has been

damaged in the sum not yet determined but believed to be in excess of fifty million dollars ($50,000,000.00).

## AS AND FOR A THIRD OFFSET AND COUNTERCLAIM AS AGAINST PLAINTIFF ORCHARD HOTEL AND COUNTERCLAIM AGAINST BROOKLYN FEDERAL AND STATE BANK

60. Defendant DAB repeats, reiterates and realleges each and every allegation set forth in the foregoing counterclaims as if those allegations were set forth herein at length.

61. Brooklyn Federal and Orchard Hotel have grossly exaggerated the amount necessary to fully satisfy the loan by miscalculating interest and purported late charges due.

62. By reason of the exaggeration of the loan payoff amount, DAB was unable to satisfy the loan and / or obtain the necessary financing to refinance the loan, even though, based upon Brooklyn Federal's own appraisal, DAB had significant equity in the property exceeding twenty five million dollars ($25,000,000.00).

63. By virtue of its participation and joint venture in this loan State Bank is liable to DAB.

64. By reason of its own participation in the exaggeration of the loan payoff amount and by reason of its status as the assignee of Brooklyn Federal, Orchard Hotel is liable to DAB for the exaggerated loan payoff statements.

65. By reason of the foregoing, DAB has been damaged in the sum not yet determined but belief to be in excess of fifty million dollars ($50,000,000.00).

**WHEREFORE,** Defendant D.A.B. Group, LLC demands judgment dismissing the complaint in its entirety together with an award on each one of its counterclaims in a sum not yet determined but believed to be in excess of fifty million dollars ($50,000,000.00) together with attorney's fees, court costs, interest and such other and further relief as may be just proper and equitable under the circumstances.

Dated:  Garden City, New York
        August 15, 2011

                                        Yours etc.,

                                        FAVATA & WALLACE, LLP


                                        _____
                                        By: William G. Wallace, Esq.
                                            229 Seventh Street, Suite 300
                                            Garden City, New York 11530
                                            (516) 742-9494

## CORPORATE VERIFICATION

STATE OF NEW YORK )
                            ) ss.:
COUNTY OF Nassau )

      **BEN ZHAVIAN**, being duly sworn deposes and says that deponent is the Managing Member of **DAB GROUP, LLC,** the *Defendant* in the within action; deponent has read the foregoing *answer* and *counterclaims* and the contents thereof; the same is true to deponent's own knowledge except as to those matters therein stated to be alleged on information and belief and as to those matters deponent believes it to be true.

      The reason this verification is made by deponent and not by the *Defendant* is because the *Defendant* is a Limited Liability Company and deponent is an officer thereof, to wit its Managing Member.

_____
BEN ZHAVIAN
Managing Member

Sworn to before me this
day of 15th ~~July,~~ 2011
      August

_____
Notary Public

WILLIAM G. WALLACE
Notary Public State of New York
NO. 02WA4736498
Qualified in Naussau County
Commission Expires October 31, 20/3

Corporate Verification*

**NEW YORK STATE SUPREME COURT**  **Index No.: 850044/2011**
**COUNTY OF NEW YORK**

**ORCHARD HOTEL, LLC,**

                             **Plaintiff(s),**

    **-against-**

**D.A.B. GROUP LLC, et al.**

                             **Defendant(s).**

**SUPPLEMENTAL SUMMONS VERIFIED ANSWER COUNTERCLAIMS**

**FAVATA & WALLACE, LLP**
WILLIAM G. WALLACE, ESQ.
*Attorneys for Defendant/Counterclaiming Plaintiff*
Office and Post Office Address, Telephone
229 Seventh Street
Garden City, New York   11530
(516) 742-9494

NOTICE OF ENTRY

Sir: Please take notice that the within is a true copy of      duly entered in the office of the clerk of the within named court on
Dated:

Yours, etc.,
FAVATA & WALLACE, LLP
Attorneys for

229 Seventh Street
Garden City, New York 11530
(516) 742-9494

NOTICE OF SETTLEMENT

Sir: Please take notice that an order      of which the within is a true copy will be presented for settlement to the Hon.     , J.S.C.   one of the judges of the within named Court, at      .      On the              .m.
Dated:

Yours, etc.,
FAVATA & WALLACE,LLP
Attorneys for

229 Seventh Street
Garden City, New York 11530
(516) 742-9494

To:
Attorneys for