# Exhibit 28

CONSULT YOUR LAWYER BEFORE SIGNING THIS INSTRUMENT - THIS INSTRUMENT SHOULD BE USED BY LAWYERS ONLY

# MORTGAGE NOTE

$2,250,000.00          White Plains, New York          June 7, 2005

    **FOR VALUE RECEIVED**, SHEBA REALTY CORP., a New York Corporation, with offices at 507 WEST 186TH STREET, #A4 , NEW YORK, NEW YORK 10033, (the "Borrower"),

    **promises to pay** to ASTORIA FEDERAL SAVINGS AND LOAN ASSOCIATION, a corporation formed and which exists under the laws of the United States, having its principal place of business at 2000 Marcus Avenue, Lake Success, New York 11042 (the "Lender")

    or order, at 2000 Marcus Avenue, Lake Success, New York 11042 or at such other places as may be designated in writing by the holder of this Note, the principal sum of **TWO MILLION TWO HUNDRED FIFTY THOUSAND ($2,250,000.00) AND 00/100 DOLLARS** with interest thereon to be computed as hereinafter provided, from the date hereof until the principal indebtedness is fully paid. The entire unpaid principal balance of the indebtedness, together with accrued interest due thereon, and any other sums remaining due and payable hereunder, shall be paid in full on July 1, 2015.

    Borrower agrees to make equal monthly installments of principal and interest, at the rate of 5.625% per annum, in the sum of $12,952.27 commencing August 1, 2005 and monthly thereafter until July 1, 2010.

    The monthly payment of principal and interest is based on a thirty (30) year amortization.

    Commencing July 1, 2010, Borrower agrees to pay interest on the then unpaid principal balance of the indebtedness at a rate equal to two and one-half (2.50%) percent over the five (5) year Fixed Rate Advance as determined by the Federal Home Loan Bank of New York (hereinafter "FHLB-NY") by making equal monthly installments of principal and interest until July 1, 2015. The adjusted monthly payment will be rounded to the nearest one eighth of one percent (0.125%). Notwithstanding the foregoing, the interest rate will never be lower than 5.625%. The Borrower shall not be required to pay any fee to the Lender for this additional term.

    The monthly payment of principal and interest will be based on the then remaining term of the thirty (30) year amortization. The interest rate will be fixed forty five (45) days prior to any change date. If the FHLB-NY Fixed Rate Advance Index is not available or no longer in use on any change date, Lender may choose a comparable Index.

    The entire unpaid balance of the indebtedness, together with any accrued interest due thereon shall be due and fully paid on July 1, 2015. There will be a balloon payment due July 1, 2015. In the event the unpaid principal balance of the indebtedness with interest thereon is not paid on the due date, Borrower will pay interest at the default rate hereinafter provided in this Note.

If this Note is executed and delivered on any day other than the first day of a calendar month, the borrower shall pay to the Lender interest on the principal indebtedness at the rate of 5.625% for the period from the date hereof through the end of the month in which this Note is executed. The borrower shall pay such amount to the Lender on the day of closing. Interest will be computed based upon the actual number of days elapsed over a 365 day year.

In the event any monthly payment due hereunder is not paid within fifteen (15) days after such payment first becomes due, there shall be added to such payment, as liquidated damages, and not as a penalty, a sum equal to five (5%) percent of the amount of such late payment. Any late fee that will be charged shall be calculated on the total monthly payment which includes principal, interest and escrows.

If any monthly payment hereunder or under the terms of the Consolidated Mortgage executed simultaneously herewith is not made within fifteen (15) days after the same first becomes due, or if there is a default in any of the other terms and conditions of this Note and Consolidated Mortgage executed simultaneously herewith, which default continues after any required notice to cure and such default has not been cured after any applicable grace period then and after the date of such default the Borrower shall pay interest at the default rate set forth below together with any prepayment penalty until Lender receives payment of the entire unpaid balance of the indebtedness, at the option of the Lender, at the highest of the default rates set forth below:

(a) Twenty (20%) percent per annum;
(b) Three (3%) percent above the highest prime rate published in the Wall Street Journal, but in no event less than 5.625%;
(c) The maximum interest allowable by law: or
(d) The actual loan interest rate.

In no event shall the default interest rate be higher than the maximum interest rate allowed by applicable law.

Commencing immediately, the Borrower shall have the right to prepay the unpaid principal balance of the indebtedness in whole or in part with accrued interest thereon by paying a prepayment penalty equal to 5.00% in the first and sixth year on the amount prepaid; 4.00% in the second and seventh year on the amount prepaid; 3.00% in the third and eighth year on the amount prepaid; 2.00% in the fourth and ninth year on the amount prepaid; and 1.00% in the fifth and tenth year on the amount prepaid.

Notwithstanding any of the provisions contained herein, Borrower shall have the right to prepay the entire indebtedness without penalty in the months of April, May and June, 2010; and April, May and June, 2015. Borrower must give at least thirty (30) days prior written notice of their intention to prepay.

Notwithstanding any of the provisions contained herein, there will be no prepayment penalty or fee payable to the Lender if the prepayment is the result of the payment of insurance proceeds or condemnation awards.

It is hereby agreed that the unpaid principal balance of the indebtedness secured by this Note shall become due and payable, at the option of the Lender on the happening of any default beyond any applicable notice and right to cure under the terms of this Note, and Consolidated Mortgage executed simultaneously herewith and any other agreements which may secure the indebtedness. All of the

2

covenants, conditions and provisions of the Consolidated Mortgage and any other agreements securing the Consolidated Mortgage and Note are hereby made a part of this Note.

No failure on the part of the Lender to exercise, and no delay in exercising any right or remedy hereunder, shall operate as a waiver thereof; nor shall any single or partial exercise by the Lender of any right or remedy hereunder preclude any other or further exercise thereof, or the exercise of any other right or remedy that the Lender may have under this Note, the Consolidated Mortgage, applicable law, or otherwise. The receipt by the Lender of payments of interest or of any other sums due hereunder or under the Consolidated Mortgage, with knowledge on the part of the Lender of the existence of a default hereunder or under the Consolidated Mortgage, shall not be deemed a waiver of such default. No payment by the borrower or receipt by the Lender of less than the full amount of interest and principal and or other sums due hereunder or under the Consolidated Mortgage shall be deemed to be other than on account of all such interest and principal or other sums due and owing unless applied at the discretion of the Lender. The rights and remedies provided in this Note and the Consolidated Mortgage are cumulative and not exclusive and are in addition to all others that may be provided by other agreements, documents, and applicable law.

In enforcing its rights under this Note and under the Consolidated Mortgage and related documents, the Lender shall have the right and option to pursue its remedies with respect to this Note, or to enforce the provisions of the Consolidated Mortgage, or any combination thereof, either simultaneously or in such order as the Lender shall deem in its best interest.

If any one or more of the provisions, terms, covenants or conditions hereof is held invalid or unenforceable, in whole or in part, the remainder of the provisions, covenants and conditions and terms hereof shall, nevertheless, be deemed valid and effective.

In the event Borrower without the prior written consent of Lender, in each instance obtained, shall sell, assign, convey, or otherwise transfer the mortgaged property or any part thereof, or the right to control the operation of the property or any part thereof, except the control may be given to a managing agent so long as there is no transfer of title, or permit the property or any part thereof to be sold, assigned, conveyed, or transferred by a person other than the Lender, then the entire unpaid balance of the indebtedness shall, at the option of the Lender, be immediately due and payable. A sale, assignment, conveyance, or transfer or right to control the operation of the property within the meaning of this provision shall be deemed to include if Borrower is a corporation, the voluntary or involuntary sale, assignment conveyance or transfer of Borrower's stock by operation of law or otherwise or the creation or issuance of new stock by which an aggregate of more than 50% of Borrower's stock shall be vested in a party or parties who are not now shareholders. Provided that in determining whether to grant or withhold its consent under this provision, Lender, without limitation of its rights hereunder or otherwise, may not only consider the character and financial ability of the proposed purchaser, assignee, transferee or encumbrancer but may also condition its consent on a change in the terms of payment of the Note, including an increase in the rate of interest payable thereunder. Notwithstanding the provisions contained herein, it is understood and agreed that Lender may arbitrarily withhold its consent under this or any provision of this Note.

3

Notwithstanding any of the provisions contained herein, any transfer by SHAPOUR SOHAYEGH to members of his immediate family and any trusts, estates, other entities controlled by SHAPOUR SOHAYEGH or by operation of law as a result of a death of any of the shareholders of the Borrower shall not result in a violation of the due on sale provision nor is the consent of the Lender required.

So long as the Borrower is not in default under the terms of this Consolidated Mortgage, the Note secured hereby or any other loan documents, Borrower shall have the right to transfer title to the Mortgaged Property to a bona fide purchaser for value, subject to and by purchaser assuming the existing mortgage on its present terms and conditions, so long as purchaser qualifies under Lender's underwriting guidelines in effect at the time of the assumption and which assumption is approved by the appropriate loan committee of the Lender. A mandatory fee of one (1%) percent of the then unpaid balance of the indebtedness shall be paid and Borrower shall pay all fees and disbursements for preparation of documents and recording fees.

The Borrower must notify the Lender in writing, at least thirty (30) days prior to the date of transfer, of its intention to transfer title and pay the one (1%) percent fee. Failure to give written notice to Lender as provided herein shall constitute a waiver of this provision.

In the event the Borrower incurs, permits or otherwise becomes obligated on any debt or financial obligation, either directly or indirectly or under any set of contingencies or places any subordinate mortgages, either (a) secured in part or in full by the Property or (b) unsecured and incurred, permitted or obtained on the basis of repayment from or actually repaid from funds derived from the operation of the Property, or the proceeds of which are to be used either directly or indirectly for the operation of the property, except in the ordinary course of business, prior to the time that all principal interest and other charges have been paid in full under this Note, and any other loan documents executed concurrently herewith, the Lender may, at Lender's option, declare all of the sums secured under this Note to be immediately due and payable.

Neither Borrower nor any of the shareholders of the Borrower (herein "Obligors") shall be liable for the payment of any sum or the performance of any monetary obligation pursuant to the Note, Consolidated Mortgage or any other loan document. In any action commenced to enforce the obligation of the Borrower to pay principal and interest or other monetary obligations under the Note, Consolidated Mortgage or any other loan document any judgment shall not be enforceable personally against the Obligors or the Obligors' assets, and the recourse of the Note Holder for the collection of such amounts shall be limited to actions against: (1) the Property described in the Consolidated Mortgage executed by Borrower to secure the Note; (2) the rents, profits, issues, products and income from the Property; and, (3) any other collateral held by the Note Holder as security for the Note.

The foregoing limitation on liability shall not impair or otherwise affect the validity or enforceability of (a) the debt evidenced by this Note or of any other obligations evidenced by the Loan Documents or (b) the liens, security interests, rights and remedies (including, without limitation, the remedies of foreclosure and/or sale) in favor of, or available to, the holder of this Note with respect to the Mortgaged Property or any other property, security, collateral and/or assets (including the proceeds thereof) encumbered, pledged

4

or assigned by the Borrower or any other security for the Loan. In addition, the foregoing limitation on liability shall not limit anyone's obligations or be applicable with respect to: (i) liability under any guaranty(ies) or indemnity(ies) delivered or afforded to the holder of this Note; or (ii) any fraud, material misrepresentation; or (iii) the application of any insurance or condemnation proceeds or other funds or payments other than strictly in accordance with the Loan Documents; or (iv) the misapplication of any security deposits, rents, sales proceeds, or other sums received after default under the Loan Documents which are not applied to expenses of operating the Mortgaged Property or paid to the holder of this Note or a duly appointed receiver of the Mortgaged Property; or (v) liability for Hazardous Substances (as defined in the Consolidated Mortgage) that may exist upon or be discharged from the Mortgaged Property.

Borrower shall in any event be and shall remain personally liable for each of the matters to which reference is made in the preceding paragraph and the holder of this Note may seek, obtain and enforce one or more money judgments in any appropriate proceeding(s) with respect thereto. The limitation on personal liability contained in this paragraph shall become automatically null and void and shall be of no further force or effect, and Borrower shall be and remain personally liable for payment of the principal and interest thereon, in the event that Borrower, or anyone acting on behalf of Borrower, shall (A) file a petition or answer seeking any relief of any kind under the bankruptcy laws of the United States, (B) assert in writing or in any legal proceedings of any kind that any provisions of any of the Loan Documents are in whole or in part unenforceable, invalid or not legally binding, or (C) fail fully to cooperate with the holder of this Note or a receiver in said holder's or such receiver's efforts to collect rents directly from tenants after a default under the Loan Documents.

It is specifically understood and agreed that the terms and conditions of this Exculpatory Clause do not apply to the terms and conditions of the Hazardous Material Guaranty and Indemnification Agreement and the Environmental Rider to the Mortgage each executed by the Borrower.

Time is of the essence as to all dates set forth herein, provided, however, that whenever any payment to be made under the Note shall be stated to be due on a Saturday, Sunday or a public holiday or the equivalent for banks generally in the State of New York, such payment may be made on the next succeeding business day, and such extension of time shall in such case be included in the computation of interest to be paid.

**IT IS EXPRESSLY AGREED,** that the said principal sum secured by this Note shall become due at the option of the holder thereof on the happening of any default or event by which, under the terms of the Consolidated Mortgage securing this Note, said principal sum may or shall become due and payable; also, that all of the covenants, conditions and agreements contained in said Consolidated Mortgage are hereby made a part of this instrument.

Presentment for payment, notice of dishonor, protest and notice of protest are hereby waived.

5

This Note is secured by a Consolidated Mortgage made by the Borrower to the Lender of even date herewith, on property situate in the County, City and State of New York, being known as: **79 WEST 124TH STREET, A/K/A 280-284 LENOX AVENUE, NEW YORK, NEW YORK 10027**.

This Note may not be changed or terminated orally, but only by an agreement in writing signed by the party against whom enforcement of any waiver, change, modification or discharge is sought.

This Note supersedes and replaces all prior Notes but does not cancel the prior indebtedness. The terms of this Note exclusively control and supersede all prior Notes.

IN THE PRESENCE OF:                    SHEBA REALTY CORP
_____                BY:_____
                                       SHAPOOR SOHAYEGH, PRESIDENT

STATE OF NEW YORK           )
COUNTY OF WESTCHESTER       ) ss.:

On the 7th day of June, 2005 before me, the undersigned, personally appeared SHAPOUR SOHAYEGH, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
NOTARY PUBLIC

ROBERTA M. MANGO
Notary Public, State of New York
Qualified in Westchester County
Registration No. 01MA6062131
Commission Expires July 30, 20 09

PAY TO THE ORDER OF:

_____

Without Recourse

Astoria Federal Savings and Loan Association

_____
Ira Yourman, Senior Vice President

7

## ENDORSEMENT OF MORTGAGE NOTE

This Endorsement of Mortgage Note is attached to and forms a part of that certain Mortgage Note (the "Note") in the original principal amount of $2,250,000.00, dated June 7, 2005, made by **SHEBA REALTY CORP.**, having an address at 507 West 186th Street, #A4, New York, New York 10033 (the "Borrower"), in favor of **ASTORIA FEDERAL SAVINGS AND LOAN ASSOCIATION** (the "Lender"). Lender hereby endorses the Note payable to the order of **A.D.H.Y. ADVISORS LLC**, without recourse or warranty.

Dated: June 23, 2010

**ASTORIA FEDERAL SAVINGS AND LOAN ASSOCIATION**

By: _____
Name: John King
Title:  First Assistant Vice President

{N0216832;2}                              – 17 –