# Exhibit 46

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------x
ORCHARD HOTEL, LLC,

                Plaintiff,

-against-

D.A.B. GROUP, LLC; ORCHARD
CONSTRUCTION, LLC; FLINTLOCK
CONSTRUCTION SERVICES LLC; JJ K
MECHANICAL INC.; EDWARD MILLS &
ASSOCIATES, ARCHITECTS PC; CASINO
DEVELOPMENT GROUP, INC.; CITYWIDE
CONSTRUCTION WORKS INC.; EMPIRE
TRANSIT MIX INC.; MARJAM SUPPLY CO., INC.;
ROTAVELE ELEVATOR INC.; SMK ASSOCIATES
INC.; FJF ELECTRICAL CO. INC.; CITY OF NEW
YORK; NEW YORK STATE DEPARTMENT OF
TAXATION & FINANCE; LEONARD B.
JOHNSON; CITY OF NEW YORK
ENVIRONMENTAL CONTROL BOARD;
BROOKLYN FEDERAL SAVINGS BANK; STATE
BANK OF TEXAS and JOHN DOE #1 through JOHN
DOE #100, the last 100 names being fictitious, their
true identities unknown to plaintiffs, and intended to
be the tenants, occupants, persons or corporations, if
any, having or claiming an interest in or lien upon the
premises described in the complaint,

                Defendants.
------------------------------------------------------------------x

Index No. 850044/2011

**AFFIDAVIT IN SUPPORT OF ORDER TO SHOW CAUSE**

    HOWARD GOLDMAN, being duly sworn, deposes and says:

    1.    I am a partner at GoldmanHarris LLC, which has been retained as zoning counsel to Orchard Hotel, LLC ("Orchard Hotel"). I am familiar with the facts and circumstances set forth in this affidavit based on personal knowledge and my review of publicly filed documents. I make this affidavit in support of Orchard Hotel's application for an order restraining D.A.B. Group LLC ("D.A.B.") from allowing certain zoning entitlements (the "Entitlements") to expire and from interfering with the Temporary Receiver's efforts to extend the Entitlements, and

compelling D.A.B. to cause the execution of all appropriate documents in connection with an application for extension of the Entitlements.

2. As explained below, the expiration of the Entitlements could require substantial destruction or result in substantial diminution in value of the Mortgaged Property that is the subject of the instant foreclosure action.

**The Mortgaged Property and the Zoning Lot**

3. The Mortgaged Property is located at 139-141 Orchard Street, on the Lower East Side of Manhattan (Block 415, Lots 66 and 67). The site is currently improved by a 15-story partially constructed hotel building, with a completed superstructure, some mechanical risers installed, and some framing completed, but no facade or exterior walls.

4. The Mortgaged Property is part of a larger zoning lot that includes 77-79 Rivington Street (Block 415, Lots 61 and 62) and 81 Rivington Street (Block 415, Lot 63). The Mortgaged Property, together with 77-79 Rivington Street and 81 Rivington Street, are referred to herein as the "Zoning Lot."

5. The hotel structure that is part of the Mortgaged Property uses development rights transferred from 79 Rivington Street (Lot 62) and 81 Rivington Street (Lot 63).

**The Mortgaged Property's Vested Rights**

6. Until November 18, 2008, the Zoning Lot was zoned C6-1. On that date, the Zoning Lot was rezoned to its present zoning of C4-4A. As explained below, this rezoning significantly reduced the Zoning Lot's developable area.

7. On September 29, 2008, when the Zoning Lot was zoned C6-1, D.A.B. applied for building permits to construct the hotel. The hotel was proposed to have a total floor area of approximately 39,064 square feet and a height of 191 feet. The hotel, including the existing

#4223918 v1 \022022 \0004

building to remain on 79 Rivington Street (Lot 62), would result in a floor area ratio ("FAR") of 6.0.

8. The New York City Department of Buildings ("DOB") issued Permit No. 110251361-EW-OT (the "Foundation Permit") to permit excavation of the Premises and construction of the foundation for the hotel. Work under the Foundation Permit commenced on October 14, 2008. A true and correct copy of the permit entry available on DOB's online database evidencing issuance of the Foundation Permit is attached hereto as Exhibit 1.

9. On November 19, 2008, DOB issued Permit No. 104870392-01-NB (the "New Building Permit," and together with the Foundation Permit, the "Permits") to permit construction of the hotel. A true and correct copy of the New Building Permit is attached hereto as Exhibit 2.

10. Thereafter, on November 19, 2008, the New York City Council voted to approve the East Village/Lower East Side Rezoning (ULURP No. C 080397(A) ZMM), which changed the zoning district to C4-4A. The hotel does not comply with the maximum FAR of 4.0 and the maximum building height of 80 feet under the C4-4A regulations.

11. If the Zoning Lot were subject to C4-4A zoning regulations, the hotel would lose approximately 13,024 square feet of floor area – from 39,064 square feet to 26,040 square feet. The hotel would also lose more than half of its height – from 191 feet to 80 feet. As noted above, the hotel's superstructure is already complete.

12. Because work on the foundation of the hotel was not completed as of the enactment of the rezoning, the Permits lapsed pursuant to Section 11-331 of the Zoning Resolution. DOB issued a Stop Work Order against the Premises on November 28, 2008.

#4223918 v1 \022022 \0004

3

13. On December 18, 2008, D.A.B. applied to the Board of Standards and Appeals ("BSA") for an extension of time to complete construction pursuant to Section 11-331 of the Zoning Resolution. The BSA approved the application on June 16, 2009, finding that the Permits were lawfully issued, that excavation was completed, and that substantial progress had been made on the hotel foundation. In granting its approval, the BSA extended D.A.B.'s time to complete the foundation for a term of six months from the date of the approval, to expire on December 16, 2009.

**The First Extension of Time to Complete Construction**

14. Following the BSA's approval, the hotel foundation was completed within six months and construction of the hotel continued. However, pursuant to Section 11-331 of the Zoning Resolution, only two years are allowed to complete construction and obtain a certificate of occupancy subsequent to a rezoning. That deadline was November 19, 2010.

15. On November 18, 2010, D.A.B. applied to the BSA for an extension of time to complete construction and obtain a certificate of occupancy pursuant to Section 11-332 of the Zoning Resolution. The BSA approved the application on March 15, 2011, finding that the Permits were lawfully issued, that substantial construction was completed, and that substantial expenditures were made since the issuance of the Permits. The BSA granted an extension for a term of two years from the date of the Board's approval, to expire on March 15, 2013. A true and correct copy of the approved extension resolution is attached hereto as Exhibit 3.

**The Request for Second Extension of Time to Complete Construction**

16. The BSA's extension of the time to complete construction and obtain a certificate of occupancy is set to expire on March 15, 2013. If the extension were to expire and the Zoning

#4223918 v1 \022022 \0004

4

Lot were subject to C4-4A zoning regulations, the hotel would lose more than one-third of its floor area and more than one-half of its height.

17. In accordance with Section 11-332 of the Zoning Resolution, the BSA may grant two, two-year extensions of time to complete construction previously authorized pursuant to Section 11-331 of the Zoning Resolution.

18. To apply for an extension of the time to complete construction of the hotel, an applicant must obtain the authorization of the fee owner of each parcel within the affected zoning lot. Attached hereto as Exhibit 4 is a draft application to extend the Entitlements.

19. Attached hereto as Exhibit 5 is a true and correct copy of an unexecuted Affidavit of Ownership and Authorization for D.A.B., as owner of the Mortgaged Property.

20. Attached hereto as Exhibit 6 is a true and correct copy of an unexecuted Affidavit of Ownership and Authorization for 77-79 Realty, as owner of 77-79 Rivington Street.

21. Attached hereto as Exhibit 7 is a true and correct copy of an unexecuted Affidavit of Ownership and Authorization for 81-83 Rivington Corporation, as owner of 81 Rivington Street.

22. Each of Exhibits 5, 6 and 7 must be executed in order to apply for an extension of time to complete construction of the hotel prior to the expiration of the current extension on March 15, 2013.

_H Gold_
Howard Goldman

Sworn to before me this
20th day of December, 2012

_[signature]_
Notary Public

*[Notary seal: EUGENE TRAVERS, NOTARY, NO. 02TR6266751, QUALIFIED IN NEW YORK COUNTY, COMM. EXP. 08/06/2016, STATE OF NEW YORK]*

#4223918 v1 \022022 \0004