# Exhibit 47

FILED: NEW YORK COUNTY CLERK 05/01/2013
NYSCEF DOC. NO. 504
INDEX NO. 850044/2011
RECEIVED NYSCEF: 05/01/2013

2057-scc Doc 122-6 Filed 03/13/15 Entered 03/13/15 18:46:04 Exhibit
Pg 2 of 7

At a Part 53 of the Supreme Court of the State of New York, held in and for the County of New York at the Courthouse located at 60 Centre Street, New York, New York on the 29th day of April 2013.

PRESENT:

    HON. CHARLES E. RAMOS
          J.S.C.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------x
ORCHARD HOTEL, LLC,

              Plaintiff,
    -against-

D.A.B. GROUP, LLC; ORCHARD CONSTRUCTION,
LLC; FLINTLOCK CONSTRUCTION SERVICES
LLC; JJ K MECHANICAL INC.; EDWARD MILLS &
ASSOCIATES, ARCHITECTS PC; CASINO
DEVELOPMENT GROUP, INC.; CITYWIDE
CONSTRUCTION WORKS INC.; EMPIRE TRANSIT
MIX INC.; MARJAM SUPPLY CO., INC.; ROTAVELE
ELEVATOR INC.; SMK ASSOCIATES INC.; FJF
ELECTRICAL CO. INC.; CITY OF NEW YORK; NEW
YORK STATE DEPARTMENT OF TAXATION &
FINANCE; LEONARD B. JOHNSON; CITY OF NEW
YORK ENVIRONMENTAL CONTROL BOARD;
BROOKLYN FEDERAL SAVINGS BANK; STATE
BANK OF TEXAS and JOHN DOE #1 through JOHN
DOE #100, the last 100 names being fictitious, their true
identities unknown to plaintiffs, and intended to be the
tenants, occupants, persons or corporations, if any,
having or claiming an interest in or lien upon the
premises described in the complaint,

              Defendants.
-------------------------------------------------------------------x

MOTION SEQUENCE # 009

Index No. 850044/2011

**ORDER TO SHOW
CAUSE FOR LEAVE TO
RENEW PURSUANT TO
C.P.L.R. 2221(e)**

Motion Seq. No. 007

Upon the affirmation of Y. David Scharf dated April 25, 2013 and all exhibits thereto, the affidavit of Eugene C. Travers dated April 25, 2013 and the exhibit thereto, and the

#4488972 v2 \022022 \0004

accompanying memorandum of law, and all prior pleadings, papers and proceedings heretofore had herein, and sufficient cause having been shown;

**IT IS HEREBY ORDERED**, that D.A.B. Group LLC or its attorneys show cause before this Court at Part 53, Room 238 on the 9th day of May, 2013, at 11:00 a.m./p.m., or as soon thereafter as counsel can be heard, why the Court's determination of the December 21, 2012 Order to Show Cause of Orchard Hotel, LLC (Motion Sequence No. 7) should not be renewed pursuant to C.P.L.R. 2221(e) and an Order made and entered:

a) Restraining, enjoining and prohibiting D.A.B. Group LLC and its owners, managers, affiliates, attorneys and agents from allowing the expiration of the zoning entitlements or otherwise interfering with any attempts by the Temporary Receiver to extend the zoning entitlements relating to the Mortgaged Property;

b) Restraining, enjoining and prohibiting D.A.B. Group LLC and its owners, managers, affiliates, attorneys and agents from taking any position before the Board of Standards and Appeals that is inconsistent with March 12, 2013 application to extend the zoning entitlements relating to the Mortgaged Property; and

c) For such other and further relief as this Court may deem just and proper.

**IT IS FURTHER ORDERED**, that service of a copy of this Order so as to be received not later than April 30, 2013 upon Favata & Wallace LLP as counsel for D.A.B. Group LLC be deemed good and sufficient service; and

**IT IS FURTHER ORDERED**, that any papers in opposition to this motion shall be filed with this Court and served so as to be received by Orchard Hotel, LLC's counsel and all other parties not later than April 8, 2013.

#4488972 v2 \022022 \0004

2

Dated: New York, New York
April 22, 2013

**ORAL ARGUMENT DIRECTED**
/s/ J.S.C.



ENTER:

Hon. Charles E. Ramos
J.S.C.

Pursuant to Rule 130-1.1 Certification:

MORRISON COHEN LLP

By: /s/
Y. David Scharf
Danielle C. Lesser
Brett Dockwell
909 Third Avenue
New York, New York 10022
(212) 735-8600

*Attorneys for Orchard Hotel, LLC*

64483972 v2 \022022 \0004

3

NEW YORK STATE SUPREME COURT
COUNTY OF NEW YORK
-------------------------------------------------------------------x
ORCHARD HOTEL, LLC,

                Plaintiff,

-against-    Index No. 850044/2011

D.A.B. GROUP, LLC; ORCHARD CONSTRUCTION, LLC; FLINTLOCK CONSTRUCTION SERVICES LLC; JJ K MECHANICAL INC.; EDWARD MILLS & ASSOCIATES, ARCHITECTS PC; CASINO DEVELOPMENT GROUP, INC.; CITYWIDE CONSTRUCTION WORKS INC.; EMPIRE TRANSIT MIX INC.; MARJAM SUPPLY CO., INC.; ROTAVELE ELEVATOR INC.; SMK ASSOCIATES INC.; FJF ELECTRICAL CO. INC.; CITY OF NEW YORK; NEW YORK STATE DEPARTMENT OF TAXATION & FINANCE; LEONARD B. JOHNSON; CITY OF NEW YORK ENVIRONMENTAL CONTROL BOARD; BROOKLYN FEDERAL SAVINGS BANK; STATE BANK OF TEXAS and JOHN DOE #1 through JOHN DOE #100, the last 100 names being fictitious, their true identities unknown to plaintiffs, and intended to be the tenants, occupants, persons or corporations, if any, having or claiming an interest in or lien upon the premises described in the complaint,

**AFFIDAVIT OF
EUGENE C. TRAVERS**

Motion Seq. No. 007

                Defendants.
-------------------------------------------------------------------x

EUGENE C. TRAVERS, being duly sworn, deposes and says:

    1.    I am an associate at the law firm GoldmanHarris LLC, zoning counsel to Orchard Hotel, LLC ("Orchard Hotel"). I submit this affidavit in support of Orchard Hotel's motion, pursuant to CPLR 2221(a), for renewal of the determination of the Court on the December 21, 2012 motion of Orchard Hotel (Motion Seq. No. 7). The facts set forth herein are based on my personal knowledge.

#4504078 v3 \022022 \0004

1

2. On March 12, 2013, GoldmanHarris submitted an application to extend the zoning entitlements for 139-141 Orchard Street, New York, New York (the "Application") to the Board of Standards and Appeals (BSA). The BSA has not yet scheduled a hearing on the Application.

3. A true and correct copy of the Application, excluding the voluminous supporting exhibits, is attached hereto as Exhibit 1.

4. On April 17, 2013, I presented the Application to Manhattan Community Board 3 for its review and discussion.

5. At that meeting, Ben Zhavian addressed the Community Board. Mr. Zhavian identified himself as owner of the property at issue and stated that the Application was inaccurate because it stated that construction was expected to be completed in 2014.

6. However, Mr. Zhavian expressly authorized the filing of the Application by executing an Affidavit of Ownership and Authorization in which he affirmed that "the statement of facts in the annexed application are true." (Ex. 1 at 11). Mr. Zhavian executed the owner's affidavit before a Notary Public on January 15, 2013.

7. As noted in paragraph 17 of the accompanying Affirmation of Y. David Scharf, a draft of the Application was submitted to the Court in December 2012. That draft, like the final Application, stated that the applicant anticipates that construction will be completed in 2014. Thus, Mr. Zhavian knew or should have known of the estimated completion date when he executed the owner's affidavit on January 15.

8. Notwithstanding Mr. Zhavian's objections, which board members noted were outside the scope of their review, the Community Board voted not to oppose the Application.

2

The consensus among the board members was that the building has been substantially built and is a blight and an eyesore in its presently incomplete state.

9. Mr. Zhavian's continued objection to the Application could negatively impact the BSA approval process.

_____<br>Eugene C. Travers

Sworn to before me this
25th day of April, 2013

_____
Notary Public

NANCY CIPRIAN
NOTARY PUBLIC, State of New York
No. 01CI5025385
Qualified in Kings County
Commission Expires March 28, ~~200~~ 2014