# Exhibit 48

FILED: NEW YORK COUNTY CLERK 06/24/2014
NYSCEF DOC. NO. 846
RECEIVED NYSCEF: 06/24/2014
INDEX NO. 850044/2011

14-12057-scc    Doc 122-7    Filed 03/13/15    Entered 03/13/15 18:46:04    Exhibit 48
Pg 2 of 18

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------X
ORCHARD HOTEL, LLC,

                Plaintiff,

-against-

D.A.B GROUP LLC, CAVA CONSTRUCTION
& DEVELOPMENT, INC., FLINTLOCK
CONSTRUCTION SERVICES LLC, JJ K
MECHANICAL INC., EDWARD MILLS &
ASSOCIATES, ARCHITECTS PC, CASINO
DEVELOPMENT GROUP, INC., CITYWIDE
CONSTRUCTION WORKS INC., EMPIRE
TRANSIT MIX INC., MARJAM SUPPLY CO.,
INC., ROTAVELE ELEVATOR INC., SMK
ASSOCIATES INC., FJF ELECTRICAL CO.
INC., CITY OF NEW YORK, NEW YORK
STATE DEPARTMENT OF TAXATION AND
FINANCE, and JOHN DOE #1 through JOHN
DOE #100, the last 100 names being fictitious
and unknown to plaintiff, the persons, or parties
intended being the tenants, occupants, persons or
corporations, if any, having or claiming an
interest in or lien upon the premises described in
the complaint,

                Defendants.
------------------------------------------------------------X

Index No. 850044/2011

**AFFIRMATION OF
RECEIVER
SIMON MILLER IN SUPPORT
OF ORDER TO SHOW CAUSE**

    **SIMON MILLER**, an attorney duly admitted to practice law in the State of New York, affirms the following under the penalties of perjury:

    1.    I am the Court-appointed Temporary Receiver for 139-141 Orchard Street, New York, New York (the "Mortgaged Property") in the above captioned mortgage foreclosure action. I respectfully submit this affirmation in support of my motion, brought on by Order to Show Cause, to (a) modify the July 18, 2011 order appointing me to authorize me to take all steps needed to protect the current building permits in place at the Mortgaged Property including, without limitation, proceeding with the construction and development of the Mortgaged Property

900202.07000/7404967v.1

including, providing a mechanism to fund such activity and, (b) authorize me to retain the law firm of Blank Rome, LLP to provide counsel to me in all matters pertaining to my duties, responsibilities and obligations as Temporary Receiver.

2.  This motion is necessitated by a recent change in circumstances that puts the value of the Mortgaged Property in substantial jeopardy and requires expeditious relief from this Court. Last week, I learned for the first time that, as of July 1, 2014, the DOB will be discontinuing the Stalled Sites program which had allowed me to maintain building permits based on the development and design plans in place at the time this proceeding commenced in 2011 even though construction was not proceeding. Moreover, it reduced the requirements for maintenance of the site during the pendency of this Action while construction is halted. DOB has informed the general contractor I retained to maintain the site of the Mortgaged Property and the building permits that once we no longer are part of the Stalled Sites program, our building permits will be revoked unless construction begins immediately. Moreover, staff at the DOB informed my contractor that we could begin receiving citations for fines in amounts upwards of $50,000 per day.

3.  In addition, if our building permits are revoked, we will need to reapply for new building permits but will be required to revise the design of the building to meet new, more onerous and more expensive building code regulations. Perhaps most significant, if the building permits are revoked, the eventual owner of the Mortgaged Property will lose the "grandfathered" zoning entitlements which were the basis for, amongst other things, the current height and density of the building's superstructure which would have to be partially demolished and would substantially limit the scope of the potential development. Absent the interim relief sought in

this motion, the consequence of these changes would, individually and collectively, dramatically reduce the value of the Mortgaged Property, thereby adversely affecting all parties in this Action.

**Background Facts**

4. The Mortgaged Property is a partially constructed multi-story commercial property that, as originally designed, was being developed by the owner, Defendant D.A.B. Group as a boutique hotel on the increasingly fashionable Lower East Side of Manhattan. Following defaults on its construction loan, this proceeding was commenced by Plaintiff Orchard Hotel, LLC, the current holder of the notes secured by the Mortgaged Property on July 15, 2011. At that time, the concrete superstructure of the Mortgaged Property and certain of the interior building systems had been completed but the site was and remains essentially an empty shell.

5. I was appointed pursuant to an Order of the Honorable Bernard Fried dated July 18, 2011, a true and correct copy of which is attached hereto as Exhibit 1 (the "Receivership Order"). The Receivership Order prohibits me from making any improvements or substantial repairs costing more than $1,000 without further order of the Court.

6. On September 28, 2011, Justice Fried entered a further Order, approving the retention of a general contractor and authorizing me to, among other actions, "[o]btain new building permits for the [Mortgaged Property] as sponsor [and] [a]ssist in getting the [Mortgaged Property] placed into the Department of Buildings Stalled Sites Program to preserve the permits and current approvals for up to four years." A true and correct copy of the September 28 Order is attached hereto as Exhibit 2.

7. Thereafter, a maintenance and site safety plan was prepared and following extensive efforts by my general contractor and its subcontractors at considerable expense in May, 2013, the Mortgaged Property was placed in the Department of Buildings Stalled Sites Program (the "Stalled Sites Program") and the building permits and current approvals were preserved.

3

8.  From a prior application I made, the Court may recall that, approximately eighteen months ago, I sought this Court's permission to make an application to the New York City Board of Standards and Appeals ("BSA") to extend the time within which the construction of the development project located at the Mortgaged Property had to be completed under the prior zoning laws in effect at the time the New York City Buildings Department (the "DOB") issued a permit for construction of the development project.

9.  Under Section 11-331 of the New York City Zoning Resolution, construction of the development of the Mortgaged Property, in its currently contemplated and partially constructed scope and form, would have had to be completed by March 15, 2013 in order to remain "grandfathered" under the zoning restrictions in place as of November 19, 2008, the date the DOB issued a permit for the construction of the hotel development contemplated for the Mortgaged Property rather than the more restrictive zoning which was in place in 2013 and today.

10. The BSA granted the application and the zoning restrictions in place as of November 19, 2008 were extended to August, 2015.

11. The legislation enacting the Stalled Sites Program was created by New York City in response to the 2008 recession when many NYC building development projects were stalled. The legislation provided, however, for the Stalled Sites Program to "sunset" in July, 2013. Nevertheless, I am informed by my general contractor that the DOB permitted those participants in the Stalled Sites program to maintain that status after that time.

12. Notwithstanding that, last week, I was informed that the DOB has determined that properties that has benefitted from "Stalled Sites" status must recommence construction as of July 1, 2014 or risk having their building permits revoked without notice. I have been in

4

communication with the head of the Stalled Sites program at the DOB who has confirmed the foregoing to me directly.

13. Having the building permit revoked would require the eventual owner of the Property to re-apply for building permits. However, new building permits would require substantial revisions of the current design plans to conform to the new, more onerous building code currently in place.

14. Similarly, revocation of the building permits would result in the current zoning restrictions going into effect and the owner of the Mortgaged Property losing the "grandfathered" zoning entitlements allowing development of the property to the extent allowed under the prior zoning. Under current zoning restrictions, the development could not be completed in the scope originally contemplated. Most dramatically, several of the upper floors of the already completed superstructure would need to be removed amongst other things.

15. All of the foregoing would certainly drastically alter the status quo and would dramatically increase the cost of development, reduce the development capacity and hence, reduce the value of the Mortgaged Property. I respectfully submit that such a reduction of the development capacity of the Mortgaged Property would harm all parties to the proceeding with no attendant benefit of which I am aware.

16. In addition, my general contractor has now had several conversations with staff members at the DOB who advise that if the building permit is revoked, the DOB could issue various violations on the Mortgaged Property every day that the Mortgaged Property does not cure such violations, with fines ranging as high as $20,000 to $50,000 per day.

17. I have spoken with Plaintiff's counsel who advised me that Plaintiff supports my application in its entirety and has agreed to exercise its rights under the loan documents to

5

protect the value of the Mortgaged Property and, therefore, Plaintiff will fund the construction of the Mortgaged Property.

18. Separately, I have spoken to the owner of D.A.B. Group, LLC and his counsel as well as counsel for Defendants Flintlock Construction Services LLC and Edward Mills & Associates, Architects PC all of whom have confirmed that they consent to the relief I seek in this motion.

19. Accordingly, given the extreme and irreparable prejudice that would result from the revocation of the building permits at the Mortgaged Property, I respectfully request that, in order to preserve the value of the Mortgaged Property, the Court modify the Receivership Order and grant me expanded powers and authority to proceed with the construction and development of the Mortgaged Property and to retain construction and/or architectural consultants or such other qualified consultants as are necessary and appropriate in order to safeguard the Mortgaged Property and have the construction and development completed.

20. In addition, due to the anticipated expanded scope of this receivership, including, without limitation, pursuing the instant emergency application and proceeding with construction and potential redesign of the project, should the Court order the alternative relief sought, I respectfully request that I be permitted to retain Blank Rome LLP as my counsel to assist me in proceeding with the construction and development of the Mortgaged Property. Given the short timeframe within which construction will have to resume and the additional work to be performed, such as revising construction contracts and entering into necessary agreements with other sub-contractors and vendors in order to complete construction, I will need real estate counsel to assist me. In addition, it may be necessary to make applications to the court for

various relief and lawsuits that may need to be commenced in order to quickly and efficiently proceed to construction of the Mortgaged Property and thus I need litigation counsel to assist me.

21.     I am currently a partner at Blank Rome, LLP and as a litigation attorney who has regularly appeared before the Court, I would anticipate being able to perform certain of the legal work myself. However, as noted, much of the substance and extent of the legal work needed will require additional experience and resources. As a partner, I am familiar with the quality of the attorneys at Blank Rome, LLP and believe they possess the necessary skills to assist me with this receivership.

22.     Accordingly, I respectfully request that the Court permit me to retain Blank Rome LLP as counsel to assist me. In addition, I respectfully request that the Court order that Blank Rome shall be paid directly by the Plaintiff for services provided to me.

23.     No prior request for the relief sought herein has been made to this or any other Court.

WHEREFORE, for the reasons set forth herein, I respectfully request that this Court grant my application in its entirety.

Dated: New York, New York
June 24, 2014

_____
Simon Miller

900202.07000/7404967v.1

FILED: NEW YORK COUNTY CLERK 06/24/2014
NYSCEF DOC. NO. 847

14-12057-scc    Doc 122-7    Filed 03/13/15    Entered 03/13/15 18:46:04    Exhibit 48
                                      Pg 9 of 18

INDEX NO. 850044/2011
RECEIVED NYSCEF: 06/24/2014

# EXHIBIT 1

At an IAS Part ___ of the Supreme Court of
the State of New York, held at the
Courthouse, located at 60 Cahm St,
New York, New York on the 18 day of
July 2011.

NEW YORK STATE SUPREME COURT
COUNTY OF NEW YORK
-----------------------------------------------------------X
ORCHARD HOTEL, LLC,

      Plaintiff,

 -against-

D.A.B. GROUP LLC, CAVA CONSTRUCTION &
DEVELOPMENT, INC., FLINTLOCK
CONSTRUCTION SERVICES LLC, JJ K
MECHANICAL INC., EDWARD MILLS &
ASSOCIATES, ARCHITECTS PC, CASINO
DEVELOPMENT GROUP, INC., CITYWIDE
CONSTRUCTION WORKS INC., EMPIRE
TRANSIT MIX INC., MARJAM SUPPLY CO.,
INC., ROTAVELE ELEVATOR INC., SMK
ASSOCIATES INC., FJF ELECTRICAL CO. INC.,
CITY OF NEW YORK, NEW YORK STATE
DEPARTMENT OF TAXATION AND FINANCE,
and JOHN DOE #1 through JOHN DOE #100, the
last 100 names being fictitious and unknown to
plaintiff, the persons, or parties intended being the
tenants, occupants, persons or corporations, if any,
having or claiming an interest in or lien upon the
premises described in the complaint,

      Defendants.
-----------------------------------------------------------X

Index No. 850044/2011

ORDER APPOINTING
TEMPORARY RECEIVER IN
MORTGAGE FORECLOSURE
ACTION

 Upon the Summons and Complaint herein, filed on the __1__ day of July, 2011, and upon

reading and filing of the Affidavit of David Aviram sworn to on the 30th day of June, 2011,

together with exhibits annexed thereto, and the Affirmation of Y. David Scharf, sworn to on the

1st day of July, 2011, together with exhibits annexed thereto;

#3202359 v2 \022022 \0001

NOW, on motion of Morrison Cohen LLP, 909 Third Avenue, New York, New York 10022, attorneys for the Plaintiff, it is

ORDERED, that _Simon J. Miller, Esq._ of _Thompson Hine LLP_ New York, be and is hereby appointed, with the usual powers and directions, Temporary Receiver for the benefit of the Plaintiff described in Schedule A annexed having a tax lot designation of Block 415, Lots 66 an 67; and it is further,

ORDERED, that the Receiver is authorized to forthwith take charge and enter into possession of the property; and it is further,

ORDERED, that before entering upon his/her duties, said Temporary Receiver shall be sworn, to fairly and faithfully discharge the duties committed to him/her and shall execute to the People of the State of New York and file with the Clerk of this Court an undertaking in the penal sum of $ _1.2 million_, conditioned for the faithful discharge of his/her duties as such Temporary Receiver; and it is further, _posted by C.oA 7/22/2011_

ORDERED, that said Receiver be and is hereby authorized to institute and carry on all legal proceedings necessary for the protection of said premises or to recover possession of the whole, or any part thereof; and it is further,

ORDERED, that the Receiver may institute and prosecute suits for the collection of income, fees and/or other charges now due or hereafter to become due or fixed, and summary proceedings for the removal of any tenants or licensees or other persons therefrom; and it is further,

ORDERED, that anybody in possession of same shall turn over to said Temporary Receiver all orders, unexpired and expired leases, agreements, correspondence, notices and registration statements relating to the premises; and it is further,

(margin: HON. BERNARD J. FRIED)

#3202359 v2 \022022 \0001

Exhibit A    Exhibit B

ORDERED, that notwithstanding anything to the contrary contained in this order, the receiver shall not, without the further prior order of this Court, upon prior notice to plaintiff, make improvements or substantial repairs to the property at a cost in excess of $1,000.00; and it is further,

ORDERED, that said Temporary Receiver forthwith deposit all monies received by him/her at the time he/the receives same in his/her own name as Temporary Receiver in _Possession_ and no withdrawals shall be made therefrom except as directed by the Court or on a draft or check signed by the Temporary Receiver and countersigned by the surety on his/her undertaking; the Receiver shall furnish the Plaintiff's attorneys with monthly statements of the receipts and expenditures of the Receivership, together with a photocopy of the monthly statements received from said depository; and it is further,

ORDERED, that said Temporary Receiver be and is authorized to keep said premises insured against less by damage or fire; to pay the taxes, assessments, water rates, sewer rents, vault rents, salaries of employees, supplies and other charges; to comply with all the lawful requirements of any municipal department or other authority of the municipality in which the mortgaged premises are situated; and to procure such fire, plate glass, liability and other insurance as may be reasonably necessary; and it is further;

ORDERED, that the defendants be enjoined and restrained from collecting rents, license fees and other charges of said premises and from interfering in any manner with the property or its possession; and from transferring, removing or in any way disturbing any of the occupants or employees; and that all tenants, occupants, employees and licensees of the premises and other persons liable for the rents be and hereby are enjoined and restrained from paying any rent or

[HON. BERNARD J. FRIED]

#3202359 v2 \022022 \0001

license fee or other charges for such premises to defendants, their agents, servants or attorneys; and it is further,

ORDERED, that the Receiver is prohibited from incurring obligations in excess of the monies in his/her hands without further Order of this Court or written consent of the Plaintiff's attorney; and it is further,

ORDERED, that the Owner turn over to the Receiver all rents collected from and after this Order; and it is further,

ORDERED, that all persons now or hereafter in possession of said premises, or any part thereof and not holding such possession under valid and existing leases or tenancies, do forthwith surrender such possession to said Receiver, subject to emergency laws, if any; and it is

ORDERED, that said Receiver after paying the expenses of the management and care of the said premises as above provided retain the balance of the monies which may come into his/her hands until sale of the said premises under the judgment to be entered in this action and/or until further Order of this Court; and it is further,

ORDERED, that said Receiver, or any party hereto, may at any time, on proper notice to all parties who may have appeared in this action, apply to this Court for further or other instructions or powers necessary to enable said Receiver to properly fulfill his duties; and it is further,

ORDERED, that the appointee named herein shall comply with Section 35a of the Judiciary Law, Sections 6401-6404 of the CPLR, Section 1325 of the RPAPL and Rule 36 of the Chief Judge.

**NOTWITHSTANDING ANY OTHER PROVISION OF THIS ORDER TO THE CONTRARY, THE RECEIVER SHALL NOT APPOINT AN ATTORNEY, AGENT,**

#3202359 v2 \022022 \0001

APPRAISER, AUCTIONEER OR ACCOUNTANT WITHOUT PRIOR ORDER OF THIS COURT.

Dated: 7/18, 2011

ENTER

_____
J.S.C.

**HON. BERNARD J. FRIED**

#3202359 v2 \022022 \0001

FILED: NEW YORK COUNTY CLERK 06/24/2014
NYSCEF DOC. NO. 848

14-13057-scc    Doc 132-7    Filed 03/13/15    Entered 03/13/15 18:46:04    Exhibit 48
Pg 15 of 18

INDEX NO. 850044/2011
RECEIVED NYSCEF: 06/24/2014

# EXHIBIT 2

FILED: NEW YORK COUNTY CLERK 06/24/2014
NYSCEF DOC. NO. 848

14-13057-scc    Doc 132-7    Filed 03/13/15    Entered 03/13/15 18:46:04    Exhibit 48
Pg 15 of 18

INDEX NO. 850044/2011
RECEIVED NYSCEF: 06/24/2014

FILED: NEW YORK COUNTY CLERK 09/29/2011
NYSCEF DOC. NO. 166

INDEX NO. 850044/2011
RECEIVED NYSCEF: 09/29/2011

At IAS Part 60 of the Supreme Court of the State of New York, held at the Courthouse, located at 60 Centre Street, New York, New York on the 2𝟾 day of September, 2011.

NEW YORK STATE SUPREME COURT
COUNTY OF NEW YORK
-------------------------------------------------------X
ORCHARD HOTEL, LLC,

               Plaintiff,

  -against-

D.A.B. GROUP LLC, CAVA CONSTRUCTION &
DEVELOPMENT, INC., FLINTLOCK
CONSTRUCTION SERVICES LLC, JJ K
MECHANICAL INC., EDWARD MILLS &
ASSOCIATES, ARCHITECTS PC, CASINO
DEVELOPMENT GROUP, INC., CITYWIDE
CONSTRUCTION WORKS INC., EMPIRE
TRANSIT MIX INC., MARJAM SUPPLY CO.,
INC., ROTAVELE ELEVATOR INC., SMK
ASSOCIATES INC., FJF ELECTRICAL CO. INC.,
CITY OF NEW YORK, NEW YORK STATE
DEPARTMENT OF TAXATION AND FINANCE,
and JOHN DOE #1 through JOHN DOE #100, the
last 100 names being fictitious and unknown to
plaintiff, the persons, or parties intended being the
tenants, occupants, persons or corporations, if any,
having or claiming an interest in or lien upon the
premises described in the complaint,

               Defendants.
-------------------------------------------------------X

Index No. 850044/2011

ORDER APPROVING
RETENTION OF GENERAL
CONTRACTOR

WHEREAS, by letter dated August 19, 2011, Simon J. Miller, Esq., Temporary Receiver in this action, has requested Court approval to retain the general contracting firm of Richter+Ratner to assist the Temporary Receiver in maintaining the status quo of the construction project located at 139-141 Orchard Street, New York, New York (the "Premises"); and

#3472873 v2 \022022 \0004                       1

WHEREAS, the Temporary Receiver has apprised the Court of the need (i) to generally maintain the Premises, (ii) to generate and implement a comprehensive site safety plan for the Premises, including performing any work needed to secure the Premises from encroachment by third parties and to mitigate any potential physical hazards that could exist with an open construction site, and (iii) to retain a general contractor to act as the sponsor for the Department of Buildings building permits, which permits may expire unless the project is placed in the Department of Buildings Stalled Sites Program, and to address any violations at the Premises; and

WHEREAS, the Temporary Receiver has apprised the Court that he has reviewed the qualifications and prior experience of Richter+Ratner and has spoken to one of the principals of the firm, and the Temporary Receiver has determined that Richter+Ratner is qualified, has appropriate insurance coverage and capacity and is willing to take on this limited project;

IT IS HEREBY ORDERED that the Temporary Receiver may retain Richter+Ratner to perform the following scope of work at the Premises:

(a) Obtain new building permits for the Premises as sponsor;

(b) Assist in getting the Premises placed into the Department of Buildings Stalled Sites Program to preserve the permits and current approvals for up to four years;

(c) Subject to oversight by the Temporary Receiver, take appropriate action to comply with the requirements of the Stalled Sites Program;

(d) Develop and implement a site safety plan; and

(e) Provide necessary maintenance on the site;

AND IT IS FURTHER ORDERED that the fees of Richter+Ratner, and all costs reasonably incurred in carrying out the scope of work set forth above, shall be borne exclusively by Plaintiff Orchard Hotel LLC;

AND IT IS FURTHER ORDERED that all such fees and costs paid by Plaintiff Orchard Hotel LLC shall be added to the Borrower's Indebtedness and secured by (i) that certain Mortgage Consolidation, Extension, Modification and Security Agreement dated November 8, 2007, from D.A.B. Group LLC ("D.A.B. Group"), as Mortgagor, to Brooklyn Federal Savings Bank ("BFSB"), as Mortgagee, in the amount of $5.5 million and (ii) that certain Building Mortgage and Security Agreement dated August 21, 2008, from D.A.B. Group, as Mortgagor, to BFSB, as Mortgagee, in the amount $19.05 million (together, the "Mortgages");

AND IT IS FURTHER ORDERED that in the event that the Court subsequently determines that Defendant D.A.B. Group was not in default and that Plaintiff was not entitled to appointment of a receiver under the Mortgages, the Borrower reserves the right to petition the Court for relief from liability for fees and costs that would not have been incurred but for the appointment of the Temporary Receiver.

Dated: New York, New York
September 28, 2011

ENTER:

_____
J.S.C.
HON. BERNARD J. FRIED