# Exhibit 49

# MorrisonCohen LLP

Y. David Scharf
Partner
(212) 735-8604
dscharf@morrisoncohen.com

June 20, 2014

**BY CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
D.A.B. Group LLC
154 Acres Road
Monroe, New York 10950

85 W. Hawthorne Ave.
Valley Stream, New York 11580

    Re:    NOTICE OF DEFAULT
                139-141 Orchard Street, New York, New York (the "Mortgaged Property")

Gentlemen:

    Reference is hereby made to that certain Consolidated Secured Promissory Note dated November 8, 2007 ("Project Loan Note"), by D.A.B. Group LLC ("Borrower") to Brooklyn Federal Savings Bank ("Lender"); Mortgage Consolidation, Extension, Modification and Security Agreement dated November 8, 2007 ("Project Loan Mortgage"), between Borrower, as Mortgagor, and Lender, as Mortgagee; Secured Building Loan Promissory Note dated August 21, 2008 ("Building Loan Note"), by Borrower to Lender; Building Loan Mortgage and Security Agreement dated August 21, 2008 ("Building Loan Mortgage"), from Borrower, as Mortgagor, to Lender, as Mortgagee; Building Loan Agreement dated August 21, 2008 ("Building Loan Agreement") between Borrower and Lender; and all guarantees and other documents executed in connection with the aforementioned documents (collectively, the "Loan Documents").[1]

    We are counsel to Orchard Hotel, LLC ("Mortgagee"), the assignee of all of Lender's right, title and interest under the Loan Documents.

    We have recently been informed that as of July 1, 2014, the New York City Department of Buildings will be withdrawing the building permits for the Mortgaged Property. The Stalled Sites Program, which had protected the permits even though construction was halted, formally ended on July 1, 2013, and we have been informed that projects that are not moving forward with construction as of July 1, 2014 will have their permits revoked. It is our understanding that the loss of the Mortgaged Property's building permits would require the existing structure to comply with the more-recent version of the Building Code, potentially imposing millions of dollars in additional costs. We also understand that loss of the building permits would seriously jeopardize the Mortgaged Property's zoning entitlements, potentially requiring substantial demolition of the existing structure.

---

[1] Capitalized terms used in this letter but not defined herein shall have the respective meanings provided in the Loan Documents.

#5171735 v1 \022022 \0004

D.A.B. Group LLC
June 20, 2014

Please be advised that "the actual or threatened alteration, improvement, demolition or removal of any of the Improvements without the prior consent of Mortgagee" is an Event of Default under the Section 20(k) of the Project Loan Mortgage and Section 3.24 of the Building Loan Mortgage.

Furthermore, Borrower's failure to adequately protect the Mortgaged Property is a material breach of Borrower's covenants under Section 10 of the Project Loan Mortgage and Section 1.12 of the Building Loan Mortgage and a material breach of the Personal Guarantees of Ben Zhavian dated November 2, 2007 and August 21, 2008.

Given the seriousness of this matter and Borrower's neglect of the Mortgaged Property, Mortgagee will be taking all appropriate action, in coordination with the Receiver where appropriate, to protect the Mortgaged Property from further harm.

All of Mortgagee's rights under the Loan Documents and applicable law, in equity or otherwise, are hereby reserved and may be enforced at any time. No delay on the part of the Mortgagee in exercising any of its respective rights, powers or remedies shall operate as a waiver thereof or otherwise prejudice any of such rights, powers and remedies. Mortgagee has not waived, and does not hereby waive, any default or Event of Default.

Sincerely yours,

Y. David Scharf

cc: Ben Zhavian
    William Wallace, Esq.

#5171735 v1 \022022 \0004