# Exhibit 53

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------x
ORCHARD HOTEL, LLC,

    Plaintiff,
    -against-                                            Index No. 850044/2011

D.A.B. GROUP, LLC; ORCHARD CONSTRUCTION,
LLC; FLINTLOCK CONSTRUCTION SERVICES LLC;
JJ K MECHANICAL INC.; EDWARD MILLS &                **AFFIDAVIT OF**
ASSOCIATES, ARCHITECTS PC; CASINO                       **JORDAN SOCARANSKY**
DEVELOPMENT GROUP, INC.; CITYWIDE
CONSTRUCTION WORKS INC.; EMPIRE TRANSIT
MIX INC.; MARJAM SUPPLY CO., INC.; ROTAVELE
ELEVATOR INC.; SMK ASSOCIATES INC.; FJF
ELECTRICAL CO. INC.; CITY OF NEW YORK; NEW
YORK STATE DEPARTMENT OF TAXATION &
FINANCE; LEONARD B. JOHNSON; CITY OF NEW
YORK ENVIRONMENTAL CONTROL BOARD;
BROOKLYN FEDERAL SAVINGS BANK; STATE
BANK OF TEXAS and JOHN DOE #1 through JOHN
DOE #100, the last 100 names being fictitious, their true
identities unknown to plaintiffs, and intended to be the
tenants, occupants, persons or corporations, if any, having
or claiming an interest in or lien upon the premises
described in the complaint,

    Defendants.
------------------------------------------------------------------x

    JORDAN SOCARANSKY, being duly sworn, deposes and says:

    1.    I am a Vice President of WCP Orchard, LLC, the managing member of Orchard Hotel, LLC ("Orchard"), the mortgagee of the real property owned by D.A.B. Group LLC ("DAB"). I submit this declaration in support of the Order to Show Cause seeking an order of contempt against Ben Zhavian ("Zhavian"). The facts set forth herein are based on my personal

#5273882 v2 \022022 \0004

1

knowledge and my review of the records and legal filings relating to 139-141 Orchard Street, New York, New York (the "Mortgaged Property").

2. Attached hereto as <u>Exhibit 1</u> is a true and correct copy of an order entered by this Court on December 11, 2013 (the "Restraining Order"), which, among other things, prohibits Zhavian from (i) communicating directly with Orchard's principals and attorneys, (ii) entering the Mortgaged Property outside the presence of the Court-appointed Receiver, Simon Miller, and (iii) instituting proceedings against Orchard's principals or attorneys in any religious tribunal.

3. Orchard sought the Restraining Order because of Zhavian's long history of harassment and attempted intimidation of Orchard's principals and attorneys.

4. On at least two occasions in 2013 Zhavian made threatening and offensive comments regarding one of Orchard's female attorneys, Danielle Lesser. Zhavian first made these threats during a conference call with me and my colleague Chad Goodman on September 30, 2013. These threats were alarming and highly disturbing.

5. Zhavian repeated these offensive comments about Lesser on a call with me on October 15, 2013.

6. In addition to threatening Lesser, Zhavian has threatened physical harm to Orchard's managers, attorneys and their families.

7. During the September 30, 2013 call with Goodman and me, Zhavian yelled "I'll get you . . . I'll get Morrison Cohen . . . All of you are going to be shot . . . You're all going to get what's coming to you." Zhavian repeated these threats several times during our conversation. These angry and desperate threats were not simply statements made in the heat of the moment.

8.     Zhavian repeated these threats to me on our call on October 15, 2013. In addition, Zhavian threatened me that "Your family will be the ones who get hurt."

9.     Zhavian had made similar threats of violence many times previously, including during a face-to-face meeting with Goodman and me in February 2013.

10.    These threats forced Orchard to seek the Restraining Order on or about November 12, 2013. The affirmations filed in support of that motion recounted Zhavian's long history of aggressive and reckless conduct during this litigation, including his repeated violent and graphic threats against Orchard's principals and attorneys. *See* Affidavit of Jordan Socaransky dated November 12, 2013 [Doc. 762]; Affidavit of Chad Goodman dated November 12 2013 [Doc. 761]; and Affirmation of Y. David Scharf dated November 12, 2013 and the exhibits thereto [Docs. 751-760].

11.    Even after the Restraining Order was imposed, Zhavian continued to call me and my colleagues, including Russel Bernard and Goodman. To the extent that these calls appeared to be in the nature of genuine settlement communications, I spoke with Zhavian.

12.    However, it eventually became clear that Zhavian was unwilling to meaningfully compromise, and his communications resumed their menacing character. These communications were a clear violation of the Restraining Order.

13.    Zhavian also defied the Restraining Order by attempting to communicate directly with Orchard's attorneys and to enter the Mortgaged Property unaccompanied by the Receiver. The contractor retained by the Receiver escorted Zhavian off of the Mortgaged Property.

14.    Attached hereto as <u>Exhibit 2</u> is a true and correct copy of a letter dated dated July 8, 2014 from Orchard's counsel notifying DAB's counsel of Zhavian's blatant breaches of the

#5273882 v2 \022022 \0004

3

Restraining Order. The letter warned that if Zhavian did not immediately cease his misconduct, Orchard would seek a contempt order from this Court.

15. Attached hereto as <u>Exhibit 3</u> is a true and correct copy of an email exchange between myself and Zhavian in response to the July 8, 2014 letter.

16. Rather than heeding the warning in the July 8, 2014 letter, Zhavian has continued his campaign of harassment and attempted intimidation in defiance of the Restraining Order.

17. On August 7, 2013, Zhavian issued a new Beth Din summons against Scharf. Zhavian forwarded the summons to Lesser for delivery to Scharf. Attached hereto as <u>Exhibit 4</u> is a true and correct copy of the summons, along with Lesser's reply to Zhavian.

18. Undeterred, on August 19, 2014, Zhavian issued a second summons to Scharf, a true and correct copy of which is attached hereto as <u>Exhibit 5</u>.

19. In light of the above-described events, Orchard respectfully requests an Order from this Court holding Zhavian in contempt and imposing appropriate sanctions, including fining Zhaving the maximum amount permitted by statute, to deter his further defiance of this Court's authority.

_____
Jordan Socaransky

Sworn to before me this

27th day of August 2014

_Margaret Ficano_
Notary Public

> MARGARET FICANO
> Notary Public
> Connecticut
> My Commission Expires Jul 31, 2015

#5273882 v2 \022022 \0004

4