UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                                                  Chapter 11

D.A.B. GROUP LLC,                                                         Case No. 14-12057 (SCC)

                                               Debtor.
------------------------------------------------------------x

## ORDER CONFIRMING DEBTOR'S SECOND AMENDED
## CHAPTER 11 PLAN OF REORGANIZATION

D.A.B. Group LLC (the "Debtor"), having filed its Second Amended Chapter 11 Plan of Reorganization dated February 26, 2015 (ECF #110), predicated upon the sale (the "Sale") of the Debtor's property at 139-141 Orchard Street, New York, NY and related assets (collectively the "Property") to Arcade Orchard Street LLC or its designee ("Arcade") pursuant to the parties' Agreement of Purchase and Sale (the "Sale Agreement") for the sum of $33 million and in furtherance of the earlier Order dated February 19, 2015 approving the Sale of the Property to Arcade (ECF #103) in contemplation of approval of the Plan (the "Sale Order"); and the Court having thereafter entered an Amended Order on March 3, 2015 (the "Scheduling Order") (ECF #112), *inter alia*, approving the Debtor's Disclosure Statement, and scheduling a hearing on confirmation of the Plan for March 19, 2015 (the "Confirmation Hearing"); and thereafter the Debtor having transmitted the Plan and Disclosure Statement to all creditors and other parties in interest in compliance with the Scheduling Order, as evidenced by the affidavit of service filed on March 16, 2015 (ECF #123); and the Objection to the Plan filed by Orchard Hotel LLC (ECF #115) having been withdrawn prior to the start of Confirmation Hearing; and upon consideration of the Certification of Balloting filed by J. Ted Donovan filed on March 16, 2015 (ECF #124); and upon the proffer made at the Confirmation Hearing in furtherance of the

Declaration of Kevin J. Nash, dated March 18, 2015 (ECF #125); and based upon the entirety of the record of the Confirmation Hearing:

### THE COURT HEREBY FINDS AND DETERMINES[1] that:

A.  Unanimous acceptances of the Plan by those holders of impaired claims in Class 3 (Mechanic's Liens) and Class 4 (General Unsecured Claims) who participated in the balloting have been duly received; and the solicitation and tabulation of acceptances has been accomplished in a proper and fair manner satisfactory to this Court.

B.  The Objection filed by Orchard Hotel LLC ("Orchard") has been withdrawn.

C.  The Debtor has complied with the applicable provisions of Chapter 11 of the Bankruptcy Code.

D.  The Debtor has proposed the Plan in good faith and not by any means forbidden by law.

E.  All payments made or promised to be made under the Plan have been disclosed to the Court, and are reasonable or, if such payments are to be fixed after confirmation of the Plan, will be subject to the approval of the Court.

F.  With respect to each class of claims or interests specified in the Plan, the Plan does not impair such class or, if impaired, such impaired class has accepted the Plan.

G.  With respect to claims or a class of priority claims of a kind specified in sections 507(a)(1) – (9) of the Bankruptcy Code, each holder of such claim or a claim of such class will receive, on account of such claim, cash on the effective date of the Plan equal to the

---

[1] This Confirmation Order constitutes the Court's findings of fact and conclusions of law under Fed. R. Civ. P. 52, as made applicable by Rules 9014 and 7052. Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact where appropriate.

2

allowed amount of such claim from unencumbered funds, if any, unless the holder of such claim has agreed otherwise.

   H. All fees payable under section 1930 of title 28, United States Code, have been or will be paid by the Debtor through the closing of the chapter 11 case.

**NOW THEREFORE, IT IS HEREBY ORDERED that:**

   1. The Plan is hereby approved and confirmed pursuant to Section 1129(a) of the Bankruptcy Code, replete with the clarification made on the record of the Confirmation Hearing that the Debtor's equity holders shall only be eligible for a return of surplus after the Debtor's other creditors holding allowed claims are paid in full.

   2. The sale of the Property to Arcade, as previously approved by the Sale Order, is hereby ratified and shall constitute a legal, valid and effective transfer of the Property that will vest Arcade with all right, title and interest in and to the Property, free and clear of liens, claims, taxes, notice of pendency, and all other non-permitted encumbrances, with the same to attach to the proceeds of the sale and the Escrow provided below consistent with in the Sale Order; provided, however, the mortgage held by Orchard may be assigned to Arcade's mortgage lender at closing without prejudice to the Debtor's pending claim objection to Orchard's secured claim.

   3. The Debtor is hereby authorized to proceed with a closing on the sale of the Property to Arcade in accordance with the Sale Agreement. The Debtor and Arcade shall deliver and execute all documents required by the Sale Agreement at the closing. The closing shall occur in accordance with the Sale Agreement no later than ten days after this order becomes "final" (the "Closing"). To obtain an extension of the Closing, Arcade shall have to seek a Bankruptcy Court order on notice or obtain the unanimous consent of the Debtor and Orchard.

3

4. The following amounts shall be paid at Closing from the proceeds of sale:

(a) the sum of $13,460,973, being an amount equal to the unpaid principal balance of the mortgage claim held by Orchard;

(b) an amount equal to the documented and allowed protective advances made by Orchard prior to bankruptcy;

(c) an amount equal to the allowed unpaid real estate taxes, water and sewer charges and ECB judgments, plus amount(s) equal to allowed administration expense claims asserted by post-petition creditors which rendered services at the Property, to the extent that unencumbered funds are available;

(d) any other standard closing costs and expenses owed by the Debtor and Seller; and

(e) all accrued United States Trustee fees.

5. The balance of the net sale proceeds paid or received at Closing shall be held by the Debtor's counsel, as Disbursing Agent, and deposited into a separate interest bearing account in the name of the Debtor and for the benefit of the Debtor's bankruptcy estate (the "Escrow").

6. The Escrow shall remain in place pending further order(s) of the Bankruptcy Court and there shall be no payments from the Escrow without express Bankruptcy Court approval and entry of an Order approving such payments.

7. The delivery of a deed by the Debtor to Arcade at Closing shall be made in furtherance of and is contemplated by the Plan and thereby shall be exempt from the imposition and payment of any transfer, stamp or similar taxes to the fullest extent within the meaning of Section 1146(a) of the Bankruptcy Code, including any state or city recording tax, and the recording officers are directed to accept and record the deed without payment of such taxes.

8. This Order shall be binding upon all filing agents, filing officers, title agents, title companies, registrars of deeds, governmental departments, secretaries of state, and all other persons and entities who may be required to accept, file, register, or otherwise record or release any

4

``documents or instruments relating to the Property, liens, claims, taxes, notice of pendency, and all other non-permitted encumbrances, with the same attaching to the net proceeds of the Sale.

9. The Debtor and Arcade, or their respective representatives, are authorized to serve upon filing and recording officers appropriate notice to evidence and implement the foregoing exemption from the payment of recording taxes under Section 1146(a) of the Bankruptcy Code.

10. In accordance with the Sale Agreement, Arcade shall not be liable for the fees and/or expenses of any real estate broker, consultant, finder or like agent, including the Broker (as defined in the Sale Agreement).

11. This Court shall retain exclusive jurisdiction to implement and effectuate the provisions of the Plan and/or this Order or the Sale Order, and to resolve any issues or disputes arising in connection therewith.

12. The Plan shall be binding upon the Debtor and all creditors of the Debtor, whether or not the claim of such creditor is impaired under the Plan, and whether or not such creditor has accepted the Plan.

13. The failure to specifically include or refer to any particular article, section, or provision of the Plan or any related document in this Order, shall not diminish or impair the effectiveness of such article, section, or provision, it being the intent of the Court that the Plan and any related documents be confirmed and approved in their entirety.

14. If any or all of the provisions of this Order are hereafter reversed, modified or vacated by subsequent order of this Court or any other court, such reversal, modification or vacatur shall not affect the validity of any of the acts or obligations incurred or undertaken under or in connection with the Plan, the sale of the Property to Arcade, or the execution and delivery of any related documents prior to the receipt of written notice of the same.

15. This Order shall be deemed to constitute all approvals and consents required, if any, by the laws, rules or regulations of any state or other governmental authority, whether foreign or domestic, or judicial or administrative body, whether foreign or domestic, with respect to the implementation or consummation of the Plan.

16. Notwithstanding Bankruptcy Rule 3020(e), this Order shall be effective and enforceable immediately upon entry hereof.

17. The Debtor shall be responsible to pay all fees owed to the United States Trustee under 28 U.S.C. § 1930, together with any applicable interest thereon, until a final decree is entered in this case.

18. The Debtor shall file post-confirmation reports and move to close the case upon substantial consummation of the Plan.

19. To the extent that there is any inconsistency or contradiction between the Plan, any prior order of this Court in this case, and this Order, the terms of this Order shall control.

Dated: New York, NY
      April 15, 2015

/S/ Shelley C. Chapman
Hon. Shelley C. Chapman