UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>D.A.B. Group LLC,<br><br>Debtor. | Chapter 11<br>Case No. 14-12057 (SCC) |

## ORDER APPOINTING MEDIATOR

By this Order, the Court authorizes the Honorable James L. Garrity, Jr., of the United States Bankruptcy Court for the Southern District of New York, to serve as a mediator (the "Mediator") in the above-captioned chapter 11 case of D.A.B. Group LLC (the "Debtor").

**WHEREAS**, on January 19, 2015, the Debtor filed its Objection (the "Objection") to Various Aspects of the Secured Claim of Orchard Hotel, LLC ("Orchard," and, together with the Debtor, the "Mediation Parties"); and

**WHEREAS**, on February 10, 2015, Orchard filed its Motion (the "Motion") for Limited Relief From the Automatic Stay to Permit State Court Appellate Proceedings to Proceed; and

**WHEREAS**, at the suggestion of the Court, the Mediation Parties have agreed to mediate the issues raised by the Objection and the Motion.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. Upon the entry of this Order, Judge James L. Garrity, Jr. shall be appointed as Mediator.

2. The Mediation Parties may (or at the direction of the Court shall) meet and confer with the Mediator to establish procedures and timing of the mediation.

3. Without limiting the applicability of Local Rule 9019-1, General Order M-452, or this Court's Procedures Governing Mediation of Matters and the Use of Early Neutral Evaluation and Mediation/Voluntary Arbitration in Bankruptcy Cases and Adversary

Proceedings, all (a) discussions among any of the Mediation Parties, including discussions with or in the presence of the Mediator, (b) mediation statements and any other documents or information provided to the Mediator or the Mediation Parties in the course of the mediation, and (c) correspondence, draft resolutions, offers, and counteroffers produced for or as a result of the mediation shall be strictly confidential and shall not be admissible for any purpose in any judicial or administrative proceeding, and no person or party participating in the mediation, whether a direct participant or member of a committee or group, including counsel for any Mediation Party or any other party, shall in any way disclose to any non-party or to any court, including, without limitation, in any pleading or other submission to any court, any such discussion, mediation statement, other document or information, correspondence, resolution, offer, or counteroffer that may be made or provided in connection with the mediation, unless otherwise available and not subject to a separate confidentiality agreement that would prevent its disclosure or as authorized by this Court.

4. To the extent that any Mediation Party is in possession of privileged or confidential information provided to such Mediation Party pursuant to the terms and conditions of a confidentiality agreement executed or order of this Court entered in connection with this chapter 11 case, such information may be disclosed to the Mediator, but shall otherwise remain privileged and confidential and shall not be disclosed to any other Mediation Party.

5. For the avoidance of doubt, to the extent that any part of this Order shall conflict with Local Rule 9019-1, General Order M-452, or this Court's Procedures Governing Mediation of Matters and the Use of Early Neutral Evaluation and Mediation/Voluntary

Arbitration in Bankruptcy Cases and Adversary Proceedings, the terms and provisions of this Order shall govern.

6. Notwithstanding the possible applicability of Rules 6004(h), 7062, or 9014 of the Federal Rules of Bankruptcy Procedure, this Order shall be in full force and effect upon its entry.

7. This Court shall retain jurisdiction with respect to all matters arising from or related to the enforcement of this Order.

Dated: New York, New York
April 15, 2015

/S/ Shelley C. Chapman
UNITED STATES BANKRUPTCY JUDGE