UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                              Chapter 11

D.A.B. GROUP LLC,                                    Case No. 14-12057 (SCC)

                              Debtor.
------------------------------------------------------------x

## NOTICE OF DEFAULT UNDER AGREEMENT OF PURCHASE AND SALE

PLEASE TAKE NOTICE that the annexed is a copy of the Notice of Default and Demand for Deposit with Reservation of All Rights served on Arcade Orchard Street LLC and its counsel on May 19, 2015.

Dated: New York, New York
       May 20, 2015

                                        GOLDBERG WEPRIN FINKEL
                                            GOLDSTEIN LLP
                                        *Attorneys for the Debtor*
                                        1501 Broadway – 22nd Floor
                                        New York, New York 10036
                                        Voice: (212) 221-5700
                                        Fax:    (212) 422-6836
                                        E-mail: KNash@gwfglaw.com


                                        By:    /s/ Kevin J. Nash, Esq.

# GOLDBERG WEPRIN FINKEL GOLDSTEIN LLP

ATTORNEYS AT LAW

ANDREW W. ALBSTEIN*
ARNOLD I. MAZEL
STEVEN R. UFFNER
HARVEY L. GOLDSTEIN
NEAL M. ROSENBLOOM
KEVIN J. NASH
IRIS A. ALBSTEIN
BARRY E. ZWEIGBAUM
DOUGLAS TAUS
ROBERT W. LO SCHIAVO*
ELIZABETH SMITH•▲¹
MATTHEW E. HEARLE
AUBREY E. RICCARDI*
STEPHEN BORDANARO
ANTHONY J. SCHLUR

J. TED DONOVAN
DORAN I. GOLUBTCHIK
ARTHUR A. HIRSCHLER
DANIEL J. SLATZ
GERALD BUKARY
GILLIAN B. KESSLER
JEFFREY S. BERKOWITZ*
ELI RAIDER
SERGIO J. TUERO•
CHRISTOPHER R. CLARKE
PREET S. BAGGA
MICHELLE McLEOD•
ANNEMARIE DESIMIO
BLAIR A. PARSONT°
STACY N. ANAGNOSTOPOULOS•
RAQUEL GOLDSTEIN
NEIL I. ALBSTEIN
MICHAEL B. PODOLSKY
JACQUELYN F. SCHWALB
MATHEW E. SHORSTEIN

Kevin J. Nash
Direct: (212) 301-6944
Facsimile: (212) 422-6836
KNash@GWFGLaw.com

22ND FLOOR
1501 BROADWAY
NEW YORK, N.Y. 10036
(212) 221-5700
TELECOPIER (212) 730-4518

BENJAMIN C. KIRSCHENBAUM
(OF COUNSEL)

EMANUEL GOLDBERG (1904-1988)
JACK WEPRIN (1930-1996)
BENJAMIN FINKEL (1905-1986)

* ALSO MEMBER OF NEW JERSEY BAR
• ALSO MEMBER OF TEXAS BAR
¹ ALSO MEMBER OF MASSACHUSETTS BAR
° ALSO ADMITTED IN CALIFORNIA
▲ MEMBER OF FLORIDA & DC & NY

May 19, 2015

<u>Via Federal Express</u>
Mr. Will Obeid
Arcade Capital LLC
200 Park Avenue South, Suite 1305
New York, NY 10003

Re:   D.A.B. Group, LLC
      Case No. 14-12057 (SCC)

   Notice of Default and Demand for Deposit with Reservation of All Rights

Dear Mr. Obeid:

   This letter will provide notice of default by Arcade Orchard Street LLC ("Arcade") under the terms of (i) the Agreement of Purchase and Sale dated as of December __, 2014 (the "APA"); (ii) the Order Approving the Sale of the Debtor's Real Property at 139-141 Orchard Street, New York, New York, Free and Clear of all Liens, Claims, Taxes, Notice of Pendency, and all other Non-Permitted Encumbrances dated February 19, 2015 (the "Sale Order"); and (iii) the Order Confirming the Debtor's Second Amended Chapter 11 Plan of Reorganization dated April 15, 2015 (the "Confirmation Order").

   Under paragraph 4.1 of the APA, Arcade was required to close on the sale no later than ten (10) days after the Confirmation Order became final and non-appealable. As the Confirmation Order was entered on April 16, it became final on May 1, and the deadline for closing was May 11, 2015. Arcade has taken no steps to close the sale. Instead, by e-mail dated May 12, 2015, counsel for Arcade, Donna Lieberman, advised that Arcade would not close nor seek an extension. Based upon prior conversations we were informed that Arcade does not have the financial resources to close, despite written and oral assurances to the contrary made before the Bankruptcy Court and elsewhere.

In that regard, I note that in paragraph 3.3 Arcade specifically represented that it was not seeking financing, and that the closing was not in any way conditioned on or qualified by Arcade's ability to obtain financing or equity investing. Paragraph 3.3 further contains an express acknowledgement by Arcade that sufficient time had been provided to Arcade to complete due diligence, that due diligence was fully completed, and that Arcade was satisfied with the results of its due diligence.

The Debtors proceeded with the approval of the sale, and confirmation of its plan in reliance upon the representations that Arcade had the financial wherewithal to close the sale as cited in the affidavits filed by you and Ivaylo Ninov on February 9, 2015, wherein you specifically stated that "The owners of the buyer are financially able to and are prepared to pay the balance of the purchase price under the Sale Agreement in cash at Closing." Notably, nowhere in these affidavits or any other correspondence were any reservations or qualifications made.

Additionally, the Debtor also relied upon representations regarding your commitment and financial wherewithal to close when the Debtor authorized your filing of a pre-closing application to the New York City Board of Standards and Appeals seeking an extension of the BSA, in consenting to the Receiver's motion to compel 81-83 Rivington Corporation to execute documents in support of the BSA, and in moving the Bankruptcy Court to approve construction of the cellar wall. None of this would have occurred without repeated representations of you and your counsel that you intended to close.

In view of all of the foregoing, Arcade is in default of the APA, and by copy of this letter, the undersigned is making a demand upon the escrow agent to release the Deposit to me as counsel for the Debtor, together with all interest under the terms of Section 10 of the APA.

The Debtor also reserves the right to seek damages against you and Western Heritable Investment Company (U.S.) Ltd. outside of the APA based upon the false statements regarding financial wherewithal to close including domestic real estate assets of $50,000,000 or more.

Very truly yours,

Kevin J. Nash

Cc:  Alan D. Halperin, Esq. (Via Federal Express)
     Donna H. Lieberman, Esq. (Via Federal Express)
     First American Title Insurance Company (Via Federal Express)
     Mr. Ben Zhavian (Via E-mail)
     Joseph T. Moldovan, Esq. (Via E-mail)
     Mr. Ivaylo V. Ninov (Via regular mail)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:                                                            Chapter 11

D.A.B. GROUP LLC,                                                 Case No. 14-12057 (SCC)

                        Debtor.
-----------------------------------------------------------------x

## DECLARATION OF SERVICE

J. Ted Donovan declares under the penalties of perjury pursuant to 28 U.S.C. § 1746:

On May 19, 2015, I served the attached Notice of Default and Demand for Deposit with Reservation of All Rights by Federal Express on (i) Mr. Will Obeid, Arcade Capital LLC, 200 Park Avenue South, Suite 1305, New York, NY 10003; (ii) Alan D. Halperin and Donna H. Lieberman, Halperin Battaglia Raicht LLP, 40 Wall Street, 37th Floor, New York, NY 10005; and (iii) Stephen Farber, Esq., First American Title Insurance Company, 633 Third Avenue, New York, NY 10017.

On May 19, 2015, I served the attached Notice of Default and Demand for Deposit with Reservation of All Rights by regular mail on Mr. Ivaylo V. Ninov, Western Heritable Investment Company (US) Ltd., 589 5th Avenue, New York, NY 10017.

Dated: New York, New York
       May 20, 2015

                                                                  /s/ J. Ted Donovan
                                                                  J. Ted Donovan