# HALPERIN BATTAGLIA BENZIJA, LLP

*Donna H. Lieberman, Esq.*
*dlieberman@halperinlaw.net*

May 29, 2015

**VIA E-MAIL**

Kevin J. Nash, Esq.
Goldberg Weprin Finkel Goldstein LLP
1501 Broadway, 21st Floor
New York, NY 10036

Re:    Arcade Orchard Street LLC/D.A.B. Group LLC

Dear Kevin:

As you know, this firm is counsel to Arcade Orchard Street LLC ("Arcade"), the Purchaser under that certain Agreement of Purchase and Sale dated December 8, 2014 (the "APA"). All capitalized terms used but not defined herein have the meanings ascribed to them in the APA. We are in receipt of your letter, dated May 19, 2015 asserting, among other things, that Arcade is in default under the APA and that the Debtor is entitled to the Deposit.

You are hereby notified that Arcade does not consent to the release of the Deposit to the Debtor, as the Debtor was unable to convey good and marketable title to the Property as of the Closing Date.

On May 8, 2015, just days prior to the existing closing deadline of May 11, 2015, counsel to BNH Rivington, LLC, the secured noteholder in the case of 77-79 Rivington Street Realty LLC, sent a letter to Arcade and to you, among others, asserting that there had been no grant of air rights from 77-79 Rivington to the Debtor and that any such air rights were BNH Rivington's collateral. A copy of that letter is attached. Effectively, BNH Rivington is asserting that the Debtor does not own and cannot convey air rights already used in the construction of the hotel on the Property. As we are sure you know, the hotel's superstructure is fully built out and the building is topped off. If the claims set forth in the BNH letter are in any way legitimate, the implications are disastrous, as addressing the claims may require, among other things, the removal of a certain number of floors from the top of the building.

Arcade takes no position at this time concerning the merit, (or lack of merit), of BNH Rivington's position. However, BNH Rivington's assertion raises a significant title issue and means that the Debtor cannot deliver good and marketable title to the Property.

We note that Section 14.1 of the APA expressly states that "Purchaser's obligations to consummate the transactions described in [the] Agreement, and to take the actions required to be taken by Purchaser at the Closing, is subject to the satisfaction, at or prior to such Closing" of the twelve conditions

1

enumerated in Section 14.1(a)-(l) of the APA.  These conditions include, among others, (x) delivery by the Debtor of title to the Property capable of being insured by a title insurance company, subject only to the Permitted Exceptions and as otherwise provided in the APA, and (y) that all representations and warranties in Section 14 are true and correct in all material respects on the Closing Date.  In light of BNH Rivington's claim, it does not appear that the Debtor could on May 11, 2015 or can presently satisfy the conditions to Closing.

Arcade has previously advised the Debtor and the Secured Noteholder that it learned, well after the Court's approval of the sale, that its capital partner in this transaction, Western Heritable, had decided not to move forward with the transaction. Since learning of Western Heritable's decision, Arcade has been working diligently to secure additional capital to complete the transaction. Arcade therefore requested, prior to receipt of the BNH letter and the May 11, 2015 Closing deadline, that the Debtor and the Secured Noteholder consent to an extension of the Closing deadline.  However, the parties were unable to reach agreement about such an extension.

Arcade continues its efforts to secure new capital in connection with this transaction, and to engage in all reasonable efforts to preserve value and if necessary, mitigate damages.  We note that certain steps taken by the Debtor and/or the Receiver at the request of Arcade (the execution of affidavits so that the BSA approval process could move forward and Court authorization to physically separate the Property from the property of 77-79 Rivington) are actions that benefit the Property and any purchaser of the Property. Arcade has expended considerable funds to see this transaction through to Closing.

This letter is without prejudice to any and all of Arcade's rights and remedies with respect to this transaction, all of which are specifically preserved.

Sincerely yours,

Donna H. Lieberman

Donna H. Lieberman

Cc:  Joseph Moldovan, Esq.
     Andrew Eckstein, Esq.
     Alan D. Halperin, Esq.
     Jonathan Adelsberg, Esq.
     Mr. Will Obeid
     Mr. Ivaylo V. Ninov
     First American Title Insurance Company