HAROLD M. SOMER, ESQ.  
HAROLD M. SOMER, PC  
Attorney for Flintlock Construction Services, LLC  
1025 Old Country Road, Ste. 404  
Westbury, NY 11590  
(516) 248-8962  

Hearing Date: June 30, 2015 at 10:00am

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
_____

In re:

D.A.B. Group LLC

Debtors
_____

Chapter 11  
Case No. 14-12057-scc

**OBJECTION TO MOTION TO CONVERT**

HAROLD M. SOMER, an attorney duly licensed to practice law in the State of New York and admitted in the Southern District of New York, affirms the following to be true under penalty of perjury except as to those matters alleged to be upon information and belief which matters are believed to be true:

1. I am a member of the firm of Harold M. Somer, PC attorney for Flintlock Construction Services, LLC ("Flintlock"), a secured creditor.

2. Flintlock objects to the motion of Orchard Hotel LLC and Orchard Construction LLC (jointly "Orchard") to convert this case to one under Chapter 7.

3. Flintlock does not view the default on the sale as the Debtor's fault or responsibility nor does it believe the Debtor contributed to the failure to consummate the sale.

4. Our understanding is that the successful bidder, Arcade Orchard Street LLC, acknowledged its loss of financing as the cause of its inability to close.

5. First, in the event of a sale by a Chapter 7 trustee, the waiver of any transfer taxes pursuant to 11 U.S.C. §1146 will be lost and have to be paid at closing. This is not an insignificant sum of money.

6. The loss of the zoning permits would be more likely with a conversion reducing the value of the premises especially more so if the height has to be reduced.

7. Conversion of this case to Chapter 7 benefits noone other than possibly Orchard. In all likelihood any sale will realize funds only for it. There are other creditors whose interests need to be considered.

8. Upon information and belief, Orchard's claim, both pre- and post-petition, remains an issue to be litigated as the mediation failed to result in a resolution.

9. Furthermore, there remain other issues to litigate such as the down payment by the defaulted purchaser which may result in income to the debtor.

10. If Orchard is concerned about the Debtor's principal, then perhaps another individual such as the Receiver should be the designated party on behalf of the Debtor and act in the nature of an operating trustee. The Receiver has already been acting in a similar capacity.

11. The only way to preserve the asset for the benefit of the entire creditor body, including Orchard, is for a new sale to occur. In that regard, perhaps an auction with an upset price is appropriate together with a re-listing.

12. Orchard should be willing to fund the application to extend the zoning as same is in its best interests. If the Debtor is not proceeding in that direction then perhaps the Receiver will.

13. By reason of the foregoing, Orchard's motion should be denied.

Dated: Westbury, New York
      June 25, 2015

                                    HAROLD M. SOMER, PC
                                    Attorney for Flintlock Construction Services, LLC

                                      /S/ Harold M. Somer
                              By:_____
                                  HAROLD M. SOMER, ESQ.
                                  1025 Old Country Road, Ste. 404
                                  Westbury, NY 11590
                                  (516) 248-8962